# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Madhuri Trivedi**

        **Plaintiff,**

     v.

**(1)General Electric Company, (2)GE Healthcare, (3)Larry Culp in his individual and official capacity, (4)GE board of directors, AND**

(5)Michael Swinford; (6)Carl Conrath; (7)John Dineen; (8)David Mehring;(9) Nicole Boyle; (10)Adam Holton; (11)Michael Truman; (12)Ayesha Khan;(13) Jeffrey Immelt; (14)Timothy Kottak;(15) David Elario; (16)Robert Swieringa; (17)Susan Hockfield; (18) Diane Smith; (19)Dipti Patel; (20)Nathan Davis; (21)Gregory Stratton; (22)William Barbiaux; (23) Reema Poddar; and (25) Michael Harsh (collectively referred to as "GE Defendants" in their individual and official capacity)

**(26)Fragomen, Del Rey, Bernsen & Loewy, LLP** & (27)**Jenny Schrager**, Partner at Fragomen, Del Rey, Bernsen & Loewy, LLP in her individual and official capacity (Fragomen defendants)

**(28)Foley & Mansfield law firm** & (29)Seymour Mansfield, (30)Andrew Shedlock in their individual and official capacity

**(31)U.S. Department of Labor, and (32) Secretary Martin Walsh and**

Case No.:
 COMPLAINT AND REQUEST FOR INJUNCTION AND

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF
Jury trial demanded.
Date Action filed:

**1)**  Securities Exchange Act of 1934,15 U.S.C. 78j(b),Rule 17 C.F.R. 240.10b-5

**2)**  Whistleblower Retaliation under Dodd-Frank Act, 15 U.S.C. §78u-6(h);
    SEC Rule17 CFR § 240.21F-2
Violations of whistleblower protections under Sarbanes-Oxley Act ,8 U.S.C.    § 1514A, et seq. ,Pub. L. 107-204

**3)**  Disparate treatment, intentional discrimination and retaliation in violation of Title VII,

Violations of civil rights act of 1991.

( damages in cases of intentional discrimination ),42 U.S.C. 2000e et seq. ,Violations of Civil Rights Act of 1866, Section 1981(a),42 U.S.C. 1981 (Section 1981),

Sexual harassment,
Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 - 9 U.S.C. §§ 401-402

**4)**  Wrongful termination in violation of public policy

**5)**  Breach of the implied covenant of

1

**(33)**Daniel Koh**,** in their official & individual capacity

 **(34)OSHA, and – (35)**Anthony Rosa, **(36)** Frederick James, **(37)**Doug Parker, **(38)** Tamara Simpson, **(39)** Robert Kuss, **(40)**William Donovan, **(41)**Denise Keller, **(42)**Nathan Terwilliger, **(43)**William Trepanier in their official & individual capacity

 **(44)Office of the Administrative Law Judge,**
**And (45)ALJ Timothy McGrath** in official & individual capacity
 **(46)Administrative Review board, &(47)**TAMMY PUST**(48)**SUSAN HARTHILL**(49)**THOMAS H. BURRELL at DOL in their official & individual capacity

 **(50)Office of the Solicitor -SOL –and (51)FTCA employee  Stefan Babich , (52)Sarah Naji** in their official & individual capacity

 **(53)US district court of District of Massachusetts,** &**(54)**judges Patti B Saris, **(55)**M Page Kelley, **(56)**Judge Saylor in their official & individual capacity

 **(57)First circuit court of appeals, &judges -(58)**David J. Barron, **(59)**Bruce M. Selya, **(60)**Norman H. Stahl, **(61)** Kermit V. Lipez, **(62)** Jeffrey R. Howard, **(63)** O. Rogeriee Thompson, **(64)**William J. Kayatta, Jr., **(65)**Gustavo A. Gelpí, **(66)**Sandra Lynch  - in their official & individual capacity

                    **Defendants.**

good faith and fair dealing Breach of contract good faith, Breach of  fiduciary duty

6)  9 U.S.C. § 12, 9 U.S.C. § 10(a)(3) ,9 U.S.C.§ 10(a)(2) 9 U.S.C.§ 10(a)(1) and challenging arbitration award under common law

7)  The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) ;
29 CFR Subpart B - Claims Against the Government Under the Federal Tort Claims Act  29 CFR § 15.100 (a) against DOL

8)  Aiding & abetting fraud,Conspiracy Foley & Mansfield, Fragomen related malpractice claims - Breach of fiduciary, duty breach of the implied covenant of good faith and fair dealing ,breach of contract good faith, negligence

9)  5 U.S.C. § 702 under the Administrative Procedures Act ("APA")5 U. Code § 706

10) 31 U.S.C. §3729 et.seq. AND 31 U.S.C. § 3802 AND RELATED WHISTLEBLOWER REPRISAL ; 31 U.S.C. § 3730(h)(3) under ongoing fraud and ongoing violations

11) Claims for violations of constitutional rights pursuant to  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971) against DOL individuals named here

12) The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) ;
29 CFR Subpart B - Claims Against the Government Under the Federal Tort Claims Act  29 CFR § 15.100 (a) against USCOURTS

13) Claims for violations of constitutional rights pursuant to  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971) against USCOURTS individuals named here

## Cases

3:15-cv-02356-JCS Document 132 SEC ................................................................. 72
*Alexander v. United States*, 721 F.3d 418, 425 (7th Cir. 2013) ........................... 86
Anderson v. State, 88 Hawai'i 241, 247-48, 965 P.2d 783, 789-90 (Ct. App. 1998) ........................... 84
Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................. 55
Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ........................................... 55
*Britton v. Melvin*, 21-cv-1032-JBM, at *2 (C.D. Ill. Nov. 2, 2021) ...................... 87
*Britton v. Melvin*, 21-cv-1032-JBM, at *3 (C.D. Ill. Nov. 2, 2021) ...................... 87
Brunswick Corp. v. Riegel Textile Corp., 752 F.2d 261, 271 (7th Cir. 1984) ............ 85
*Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir.2009) ................. 59
*Cooney v. Casady*, 652 F. Supp. 2d 948, 954 (N.D. Ill. 2009) ................................ 85
CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014) ................................................ 85
Curtis v. Firth, 123 Idaho 598, 850 P.2d 749, 754 (Idaho 1993) ........................... 84
*Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) ........................................... 86
Estate of Kelly v. Falin, 127 Wn.2d 31, 896 P.2d 1245 (1995) .............................. 90
Ex Parte Virginia, 100 U.S. 339 (1880) .............................................................. 89
Falcon v. Leger, 62 Mass. App. Ct. 352, 364, 816 N.E.2d 1010, 1018–19 (2004) .......................... 60
*Federal trade commission v. Jim walter corp.,* 651 f.2d 251, 256-57 (5th cir. Unit a july 1981) ....... 37
*Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85-86 (Ill. 2003) .................................... 85
Forsythe Int'l, S.A. v. Gibbs Oil Company of Texas , 915 F.2d 1017, 1023 (5th Cir. 1990) ............. 65
Goldberg v. Rush Univ. Med. Ctr., 929 F. Supp. 2d 807, 815–16 ,826, 827 (N.D. Ill.  2013) ............ 59
Harrington v. Aggregate Indus., 668 F.3d 25, 31 (1st Cir. 2012) ........................... 60
Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81, (1982). ........................... 60
*Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir. 2001) ..................................... 86
Heard v. Sheahan, 253 F.3d 316, 319 (7th Cir.2001) ........................................... 84
Heardv. Sheahan,253 F.3d316,317 (7thCir. 2001) ............................................. 85
*Hollander v. Brown, 457 F.3d 688, 691 n. 1 (7th Cir.2006)* ............................... 59
In re: Evanston Nw. Healthcare Corp. Antitrust Litig., No. 07 C 04446, 2016 WL 4720014, at *7
   (N.D. Ill. Sept. 9, 2016) ............................................................................. 85
*Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 935 (7th Cir.2012) ................... 59
Jones v. SouthPeak Interactive Corp., 777 F.3d 658 (4th Cir. 2015) .................... 103
Karvelas v. Tuft Shared Servs., Inc., No. 20-1616, 2020 WL 7587147 (1st Cir. July 24, 2020) ....... 61
Kness v. Truck Trailer Equip. Co., 81 Wn.2d 251, 501 P.2d 285 (1972) ................. 90
Kovacs v. United States, 614 F.3d 666, 676 (7th Cir.2010) .................................. 85
Levine v. Lawrence, No. 03-CV-1694(DRH ETB), 2005 WL 1412143, (E.D.N.Y. June 15, 2005) .. 89
Limone v. U.S. 579 F.3d 79 (1st Cir. 2009) ................................................... 75, 91
*Loza v. Josephson*, No. 16-8111, 2018 WL 4095097, at *3 (N.D. Ill. Aug. 28, 2018) ................. 87
*M.H.D. v. Westminster Schools,* 172 F.3d 797, 804-05 (11th Cir. 1999) ................ 86
Mann v. Heckler & Koch Def., Inc., 630 F.3d 338, 343 (4th Cir.2010) ................... 60
Maturi v. McLaughlin Research Corp., 413 F.3d 166, 172 (1st Cir.2005) ............... 60
Meyer, 510 U. S., at 477 .................................................................................. 39
Mireles v. Waco, 502 U.S. 9, 10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) ............ 89
*Molina-Garcia v. Fardon*, No. 18-2322, at *3 (7th Cir. Mar. 5, 2019) ................... 86
*Move, Inc. v. Citigroup Global Markets, Inc* .................................................... 66
Pachowitz v. Milwaukee & Suburban Transport Corp., 56 Wis. 2d 383, 202 N.W.2d 268 (1972) 79,
   93
Page v. United States, 234 U.S. App. D.C. 332, 729 F.2d 818, 821-22 (D.C. Cir. App. 1984) ......... 84

*Page v. United States,* 729 F.2d 818, 821-22 (D.C. Cir. 1984)..................................................... 86
*Payton v. Williams*, No. 14-cv-2566, at *14 (N.D. Ill. Dec. 1, 2017) ........................................ 84
Prout v. Vladeck, 319 F.Supp.3d 741, 746 (S.D.N.Y. 2018) ..................................................... 71
Prout v. Vladeck, 371 F. Supp. 3d 150. 156,157, 159 (S.D.N.Y. 2019) ................................... 50
*Rapf v. Suffolk County,* 755 F.2d 282, 292 (2d Cir. 1985) ....................................................... 86
*Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 18 (1st Cir. 2004)............................................... 41
*Sable v. General Motors Corp.,* 90 F.3d 171, 176 (6th Cir. 1996) ............................................ 86
*Sanduch v. Muroski,* 684 F.2d 252, 254 (3d Cir. 1982) ............................................................ 86
*Savory v. Lyons,* 469 F.3d 667, 672-73 (7th Cir. 2006) ............................................................ 87
Sheppard v. 265 Essex St. Operating Co., LLC, 299 F. Supp. 3d 278, 281, 282, 283, 284(D. Mass. 2018) .......................................................................................................................................... 60
Sylvester v. Parexel Int'l, Inc., ARB No. 07–123, 2011 WL 2165854, (ARB May 25, 2011)........... 55
Tiberi v. Cigna Corp., 89 F.3d 1423, 1430 (10th Cir.1996)........................................................ 85
United States ex rel. Campie v. Gilead Scis., Inc., 862 F.3d 890, 902 (9th Cir. 2017)................. 57
United States ex rel. Karvelas v. Tufts Shared Servs., Inc., 433 F. Supp. 3d 174 (D. Mass 2019) .... 61
United States ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 1000 (2d Cir. 1995)..................... 60
*United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015) .............................................. 86
Ward v. Zeugner, 64 Wn.2d 570, 392 P.2d 811 (1964) ........................................................... 90

**Statutes**
15 U.S.C. 7245 ................................................................................................................. 69
28 U.S.C. § 2680(h)........................................................................................................... 72
28 U.S.C. §§ 1346(b).............................................................................................. 1, 72, 85
29 CFR § 15.101(b)........................................................................................................... 30
29 CFR § 15.101(e)........................................................................................................... 30
29 CFR § 18.201 (e) Opportunity to be heard.................................................................... 97
29 CFR Subpart B - Claims Against the Government Under the Federal Tort Claims Act ................. 1
31 U.S.C. § 3730(h) (2) ........................................................................................ 56, 79, 93
42 U.S.C. § 1985 (2).......................................................................................................... 80
FED. R. CIV. P. 8(a) ........................................................................................................... 71
Fiol v. Doellstedt, 58 Cal. Rptr. 2d 308, 312 (Cal. Ct. App. 1996)............................................ 71
Javitch v. First Montauk Fin. Corp. 279 F. Supp. 2d 931, 941 (N.D. Ohio 2003)............................. 71
Linde v. Arab Bank, PLC, 384 F. Supp. 2d 571, 579–80 (E.D.N.Y. 2005)................................. 71
M.G.L. c. 12 § 5J(2) .......................................................................................................... 58
Mass. Gen. Laws ch. 12, § 5C(3) ...................................................................................... 58
Massachusetts Tort Claims Act ("MTCA"), M.G.L. c. 258, § 1 et seq.................................... 88
*Neilson*, 290 F. Supp. 2d at 1135 ...................................................................................... 71
Saunders v. Superior Ct., 33 Cal. Rptr. 2d 438, 446 (Cal. Ct. App. 1994) ............................. 71
Wis. Stat. § 893.57 Intentional torts.................................................................................. 88
Wisconsin statute 895.045.......................................................................................... 76, 90

Other Authorities
Restatement (Second) of Torts § 286 (1965) .................................................................... 151

**Rules**
Fed. R. Civ. P. 9(b)........................................................................................................... 57

**Regulations**
17 CFR § 205 ......................................................................................................... 48, 129

# COMPLAINT AND REQUEST FOR INJUNCTION

1. Re: congressional inquiry, grand jury criminal investigation, impeachment of judges

FromMadhuri Trivedi <orangeinc@protonmail.com>
ToCarter, Greg (HELP Committee)<Greg_Carter@help.senate.gov>, william.cohan@yahoo.com, peter.baker@nytimes.com, tony.tassell@ft.com, john.plender@ft.comCCBackfield, Katlin McKelvie (HELP Committee)<Katlin_Backfield@help.senate.gov>, Tsilker, Yelena (HELP Committee)<Yelena_Tsilker@help.senate.gov>, Rush, Carly (HELP Committee)<Carly_Rush@help.senate.gov>, Bath, Nick (HELP Committee)<Nick_Bath@help.senate.gov>, ryan_pettit@murray.senate.gov, mindi_linquist@murray.senate.gov, ben_merkel@murray.senate.gov
DateSunday, December 11th, 2022 at 6:14 AMSunday, December 11th, 2022 at 6:14 AM

**My reminder**
**- congressional inquiry, grand jury criminal investigation, impeachment of judges**

How come senator Murray be third in line for president..as I read ..and still my matter is hanging...where she is a HELP committee chair...
------- Original Message -------
On Friday, December 2nd, 2022 at 9:53 AM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:
Hello -  Ryan Pettit, Mindi and Ben - please print this email and have senator Murray READ it..thanks..
I had a conference call yesterday with Carly Rush and Greg Carter..And I learnt from them that senator Murray won't be chair and thus this team won't be working on my matter.. But there is still one month left…and take a first step..even THOUSAND miles journey BEGINS with first small step…
**I didn't know that senator Murray – chair woman and team transfer and she was running for reelection..I didn't pay any attention to this..otherwise I would have contacted earlier.**

2. Email to judge Saylor, Levy about objecting visiting magistrate judge and transfer to SDNY ;..as Trivedi awaiting reply from court..It is illegal to  abuse me..all these judges should be arrested and put in JAIL ..

Chief Judge Saylor was copied into all the 20 plus emails sent to judicial conference since March 2022 – about magistrate judge Kelley's reappointment and entire case relatedcorruption and he didn't act..failure to ACT while I was being abused by judges sued in this lawsuit..Now to continue abuse me judge Saylor assigned the case to magistrate judge Karen Wolf. This is illegal. All judges should be in JAIL. My 10 emails to transfer case to SDNY was ignored..while judge Saylor assigned it to visiting judge. **I should have a fair court to litigate my claims..not this way. Please keep the case in SDNY..it is a LEGAL VENUE. Copy of this lawsuit will be delivered to US attorney's office at United states department of justice (government was earlier not served related to QUITAM though I had QUITAM claims – so this time government can recoup money lost in GE fraud )..so far judges have done is "obstruction of justice" which is criminal offense. I recently spoke with lawfirm partner who said I can still file QUITAM**

**FromMadhuri Trivedi <orangeinc@protonmail.com>**

**ToRichard Nici<Richard_Nici@mad.uscourts.gov>, Madhuri Trivedi<orangeinc@protonmail.com>, Dennis_saylor@mad.uscourts.gov, Jon_Levy@med.uscourts.gov, william.cohan@yahoo.com, Christina McDonagh<Christina_McDonagh@mad.uscourts.gov>, Charity_Pelletier@med.uscourts.gov, Brendan_Garvin@mad.uscourts.gov, peter.baker@nytimes.com, Katie Simon**<Katie_Simon@ao.uscourts.gov>, Sheryl_walter@ao.uscourts.gov, David_Sellers@ao.uscourts.gov, David_Best@ao.uscourts.gov, Lee_Bennett@ao.uscourts.gov, Michael_Henry@ao.uscourts.gov, Stephen_Vetter@ao.uscourts.gov, john.plender@ft.com
DateFriday, December 2nd, 2022 at 5:55 PMFriday, December 2nd, 2022 at 5:55 PM

## Re: Transfer to SDNY -1:22-cv-11746-PBS

recently written to congress who have an OPEN file about this fight - to IMPEACH my judges..congress can impeach judges...

Sent with Proton Mail secure email.

------- Original Message -------

On Friday, December 2nd, 2022 at 5:37 PM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:

**Federal judges have life time appointment – so to reduce corruption and so they not worry about reappointment or career like my magistrate judge Kelley. Assigning this case to a visiting magistrate judge –is totally not acceptable where she address corruption, tort other claims against life time appointed – federal – district & appellate judges… this is mind boggling...
But I am also not staying at this first circuit or at Massachusetts courts**

Sent with Proton Mail secure email.

------- Original Message -------

On Friday, December 2nd, 2022 at 5:08 PM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:

This is VERY last email I am sending to this court..to stop abusing me - transfer this case...If not then I have to act accordingly. And if I allow this court and judge(s) to abuse me - then It is me - who allowed... I didn't put judge Saylor as defendant. So now he is also doing this..and on top of adding pain - assigned highly corrupt case to a visiting magistrate judge..who came from a law firm and would look at her career – like Judge Kelley was looking at her reappointment..

Sent with Proton Mail secure email.

------- Original Message -------

On Thursday, December 1st, 2022 at 3:43 PM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:

TYPO -corrected..

If Maine district judge appointed by president is presiding, because Massachusetts district judge can't because of conflict– and then assigning to magistrate judge from Massachusetts ??? – but because Massachusetts judge is not avialble - so assigning it to Maine magistrate judge ..is beyond explanation and understanding.

Sent with Proton Mail secure email.

------- Original Message -------

On Thursday, December 1st, 2022 at 12:08 PM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:

**Richard,**

**my email about transfer to SDNY and also not bringing up that from day 1 – in writing – I have conveyed  transfer out of first circuit was the only option. On top of that how come the Nov. 18 – order say that**

"Due to the unavailability of all of the magistrate judges in the District of Massachusetts, this Court certifies the need for assistance from a visiting magistrate judge, the Honorable Karen

Frink Wolf, of the United States District Court for the District of Maine, to perform judicial duties in the above-captioned case."….

If Maine district judge appointed by president is presiding, because Massachusetts judge can't – then assigning to magistrate judge from Massachusetts – is beyond explanation and understanding. Kindly reply…

Sent with Proton Mail secure email.
**OSHA director has left DOL..…corruption also has END...**

I spoke with one law firm's senior partner last week – she said that I still can file quitam lawsuit and I still have valid quitam claims even though I filed lawsuits… fraud is ONGOING and even GE attorneys have filed in court for rule 60 motion in June 2022 that Trivedi's ongoing cybersecurity fraud claims are part of analyzing quitam claims etc....it is filed under seal and only attorney can file it..if GE would not have spied on me and stole attorney Andrew Beato ( by reaching out to his partner to represent GE and that's why Andrew Beato left)..than he would have filed quitam and it would have been settled already…


------- Original Message -------
On Wednesday, November 30th, 2022 at 2:49 AM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:
==Chief judgeSaylor was copied in these 20 plus email as chief judge – and he didn't act..failure to ACT while I was being abused by judges sued in this lawsuit..he would have RECUSED himself from this case because of failure act that led to this lawsuit against judges..==
==This whole INSANITY AND ABUSE MUST END>>>please don't torture me..==
------- Original Message -------
On Tuesday, November 29th, 2022 at 10:28 PM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:
If you read the CAPTION of the case –
**US district court of District of Massachusetts,** and judges Patti B Saris, M Page Kelley in their official & individual capacity..
So How come this case even stay under the **District of Massachusetts and anyone of this district be allowed to get involved...as well as first circuit..because it is clear cut not allowed. Caption of case also says -First circuit court of appeals, and judges…**
==**Kindly transfer it asap..so this ABUSE , illegal and unhuman treatment of Madhuri ends.. and it is legal way to handle this case.**==

Sent with Proton Mail secure email.
------- Original Message -------
On Tuesday, November 29th, 2022 at 9:52 PM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:

Chief Judge Saylor was copied into all the 20 plus emails sent to judicial conference since March 2022 – about magistrate judge Kelley's reappointment and entire case related mess.. so he is no stranger.. Abuse by judges will stop only when the case is transferred back..it was transferred in hurry  by SDNY…read the order please..so to end ongoing abuse at this circuit – please transfer it.

Sent with Proton Mail secure email.

------- Original Message -------
On Tuesday, November 29th, 2022 at 10:18 AM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:

**Hello Hon Judge Saylor and Levy,**
**Since the first circuit court of appeals and the first circuit court of appeals judges are also defendants; how can this case stay at first circuit at district of Maine…because of conflict of interest, appearan**ce of bias and prejudice…federal statutes including but not limited to 28 U.S.C.  § 455.. I had talked about this from the beginning with Richard at MAD.
First circuit executive Susan Goldberg and her office has told me that I ask Maine court for transfer to SDNY.  Kindly transfer this to SDNY that is under second circuit. That is ONLY way to get fair justice..

**In Hindi there is a POEM – and it has meaning**
                              **My murderer is my munsif (JUDGE)**
                              **Will he decide / RULE  in my favour?**
          ***********************************************************END of email
3.  First circuit judges also didn't recuse nor transferred case to SDNY. Totally illegal.

FromMadhuri Trivedi <orangeinc@protonmail.com>
ToWillaim_kayatta@ca1.uscourts.gov, david_barron@ca1.uscourts.gov, bruce_selya@ca1.uscourts.gov, norman_stahl@ca1.uscourts.gov, Kermit_lipez@ca1.uscourts.gov, jeffrey_howard@ca1.uscourts.gov, Sandra_lynch@ca1.uscourts.gov, Gustavo_Gelpi@ca1.uscourts.gov, Susan Goldberg<Susan_Goldberg@ca1.uscourts.gov>, Florence_Pagano@ca1.uscourts.gov
November 27th, 2022 at 11:56 AM
I spoke with one law firm's senior partner last week – she said that I still can file quitam lawsuit and I still have valid quitam claims even though I filed lawsuits… fraud is ONGOING and even GE attorneys have filed in court for rule 60 motion in June 2022 that Trivedi's ongoing cybersecurity fraud claims are part of analyzing quitam claims etc....it is filed under seal and only attorney can file it..if GE would not have spied on me and stole attorney Andrew Beato ( by reaching out to his partner to represent GE and that's why Andrew Beato left)..than he would have filed quitam and it would have been settled already…but GOD wanted me to go through this..whatever.
So I have VALID TORT, corruption claims as stated in lawsuit against first circuit and first circuit judges, lower court judges. This is SYSTEMIC CORRUPTION> All judges should be IMPEACHED and retire

Susan, District of Massachusetts clerks and administrative staff worked on assigning case to Maine judge..

Kindly file a paper in this case – informing judge Walker that first circuit and all first circuit judges – as they being defendants…because of conflict of interest, appearance of bias and prejudice…federal statutes including but not limited to 28 U.S.C. § 455 - have recused themselves…then I can file my own paperwork..but first this needs to be happening..please don't avoid your legal responsibility – first circuit and first circuit judges cannot and must not retain any involvement whatsoever in this case..

Please reply and set up phone call..

Sent with Proton Mail secure email.

------- Original Message -------
On Wednesday, November 23rd, 2022 at 2:41 AM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:
Actual transfer of the entire case out of this c*rru*t first circuit...
Sent with Proton Mail secure email.
------- Original Message -------
On Wednesday, November 23rd, 2022 at 12:29 AM, Madhuri Trivedi <orangeinc@protonmail.com> wrote:
Hi Susan, Florence,
As I spoke..since first circuit judges are defendants..this case..can't stay at first circuit…It needs to be transferred back to SDNY – which comes under second circuit….and first circuit judges MUST RECUSE themselves as circuit court judges from this case…so kindly do the paperwork…district of Massachusetts court has done that…and case has been assigned to district of Maine judge..Now move it out of first circuit.  ****END of email to first circuit


        4.  Department of justice defends FTCA claims against agency..
      Since last 10 plus days I am working to make my lawsuit short instead of 600 pages that I filed earlier.
        5.  Currently there are two class action lawsuits against GE at SDNY..
My lawsuit is in some part related to both of these lawsuits – as I worked for GE healthcare as a **lead engineer for services division. Case assigned to Judge Furman is for long term service contract – securities fraud..**and case assigned to judge Failla is for **cybersecurity** issues. So this cases should be assigned to either of these two judges.
(1)Sjunde AP-Fonden, et al., v. General Electric Company, et al. -  1:17-cv-08457-JMF  --Hon. Jesse M. Furman

(2) In re GE/CBPS DATA BREACH LITIGATION (1:20-cv-02903-KPF) District Court, S.D. New York  - Judge Katherine Polk Failla

        6.  I had sued GE in district of Massachusetts earlier – because GE was HQ there (principal place of business – not because facts arising leading to this lawsuit happened in Boston).

      I filed lawsuit in SDNY because -First, I have filed claim for securities fraud in this SDNY lawsuit... Count 1 for securities fraud against GE - Securities Exchange Act of 1934,15 U.S.C. 78j(b),Rule 17 C.F.R. 240.10b-5

✓ Under Securities Exchange Act of 1934,15 U.S.C. 78j(b),Rule 17 C.F.R. 240.10b-5   - The Exchange Act's venue provision establishes nationwide service of process..

✓ Under 28 U.S.C. §1391, venue against a corporation will lie in any judicial district in which it is incorporated, licensed to do business or is doing business. [GE is incorporated in SDNY district, licensed to do business or is doing business.] thus VENUE SDNY because defendant GE … GE is considered at home for venue purpose ------------where it is incorporated.. GE is incorporated in NEWYORK. Here GE, GE healthcare defendants considered to reside at SDNY court venue purpose.

✓ As per 28 U.S. Code § 1391. Venue generally (b)Venue in General. A civil action may be brought in— (1) a judicial district in which any defendant resides, Since GE and GE healthcare are defendants and reside related to their offices, business, operation and jurisdiction of US district of  SDNY court as per 28 U.S. Code § 1391 (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced

✓ Continuous, Systematic Contacts for court is permissible when the defendant's  activity in the district is continuous and systematic-- Defendants' GE healthcare and GE board of directors are considered to have continuous and systematic contact with this district court

    7.   Even GE attorney wrote in order to show cause  – why this action should not be transferred to Wisconsin or Boston – at district of columbia lawsuit 1:19-cv-01479-TJK – ECF 15.(but I got scared – remembered FBI Special agent in charge's advice and voluntarily dismissed it) **GE attorney wrote**
"a plaintiff's choice of forum is entitled to at least some weight." Sec. & Exch. Comm'n v. Savoy Indus., Inc., 587 F.2d 1149, 1154 (D.C. Cir. 1978).
**The GE Defendants agree that this Court is an appropriate venue for other** reasons, including that Trivedi's First Amended Complaint attempts to allege violations of federal securities laws in connection with GE's public filings See 15 U.S.C. § 78aa (establishing venue for alleged violations of the Securities Exchange Act in "any such district . . . wherein the defendant is found or is an inhabitant or transacts business"); see also Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., Inc., 196 F. Supp. 2d 21, 35 (D.D.C. 2002) (**"[T]he presumption in favor of a plaintiff's choice of form is even stronger in cases arising under the federal securities laws. . . . [in light of the Exchange Act's] liberal venue provision.").**

The Exchange Act's venue provision establishes nationwide service of process and, because Trivedi's other assertions arise from the same set of operative facts concerning the GE Defendants, this gives the Court pendent jurisdiction over her remaining putative claims. E.g., Poling v. Farrah, 131 F. Supp. 2d 191, 194 (D.D.C. 2001).

    Trivedi complaint SDNY page 59 - I was not concerned about GE's motion to dismiss when I voluntarily dismissed District of Columbia lawsuit (GE's and Judge Kelley's corrupt and silly argument ) – but because- when I met special agent in charge - David Johnson- - at FBI lobby in 2017- And I told him that I am going to Washington DC to meet USCIS / DHS top brass or someone in that capacity to discuss my lawsuit- he said to stay away from that PLACE. Ignoring what he said about staying away– I filed lawsuit in District of Columbia on May 2019- thinking that my claims

were for greater good of society- of importance and judges will pay attention. But soon I realized that David Johnson's sentence to stay away from that political place –must have deep meaning –may be beyond I could literally see and/or comprehend ; and I was concerned ;so I dismissed it. That lawsuit was not dismissed on MERITS-

8. " I was employed full time at GE healthcare in Milwaukee, WI. I worked as a consultant only for a short period of time in 2010 at GE, Boston…it was not a fulltime job( after that I was employed at GE healthcare in Wisconsin fulltime). So I was employed by GE Healthcare at Wisconsin . I was terminated in Wisconsin – arbitration also happened at hotel room in Wisconsin.

9. Plaintiff Madhuri Trivedi("Plaintiff"), for causes of action against all defendants in this Complaint for Damages as follows:

10. GE put profits over people by misleading investors about the functioning of remote connectivity platform –preinstalled on 99% of medical devices GE made... But public companies and their executives must provide accurate and complete information when they make disclosures to investors. If not then they must be held accountable. And for not joining GE's fraud scheme, hardworking Madhuri was terminated – with pretext of "NOT a team player".. This whole egregiousness MUST end with Trivedi getting all the relief and making Trivedi whole again.

**1   The Significant Flaws in GEHC remote connectivity platform ,Cause the Product To Violate Multiple Federal Information Processing Standards ..the FIPS 200 Standard incorporates the SP 800-53 revision 3 recommendations into its mandatory requirements for federal contractors. As GE well knows, federal agencies, and any state agencies that rely on FIPS, cannot purchase systems that are not FIPS-compliant.**

**GE violations**
**Standard AC-3 ("Access Control Enforcement")** requires that: "The information system enforces approved authorizations for logical access to the system." In violation of this standard, **the InsiteEXC allowe**d users to gain access to key system functions without authorization by failing to verify the user's "role" (i.e., authorized purpose for being in the system) before granting access to key control functions.

Standard IA-5 ("Authenticator Management") requires the system to take a variety of steps to ensure that passwords or other confirmation to submit commands to the system. IA-5 further requires that the system takes steps to prevent the disclosure of these authenticators to unauthorized users. In violation of this standard, the GE allows unauthorized access to a system wide hardcoded password and also fails to require adequate authentication before allowing access to sensitive systemareas.

Standard SC-8 ("Transmission Integrity") requires that: "The information system protects the integrity of transmitted information."

Standard SC-9 ("Transmission Confidentiality") requires that: "The information system protects the confidentiality of transmitted information." In

Standard SI-10 ("Information Input Validation") requires that: "The information system checks the validity of information inputs." This rule is designed to ensure that the system properly processes data inputs as information and not as a command. In other words, the system should draw a line between its command functions and its data-entry functions

## 2    GE has committed wire fraud and mail fraud, also destruction of documents

Trivedi met with CTO Tim Kottak met in-person. Tim told Trivedi that such large amount of quality issues, 600 critical defects are unacceptable and illegal ..In next few days Tim Kottak arranged a meeting to address defects. After Tim's meeting GEHC deleted all 600 defects without fixing single one of them( changed status of defects in database from open to close).. Anticipatory Obstruction of Justice:  under the S**arbanes-Oxley 18 U.S.C. 1519; which is a criminal statute..OSHA and DOL failed to look at that..and your GE attorneys should also be in JAIL..**

## 3    GE remote connectivity section, from sec.gov 10-K filing

11. BELOW SECTION till 2022 in SEC 10-K filing with securities & exchange commission; **--------------------------SEC.gov website; searching GE's public filing with SEC**

**Filing 10-K - For year 2007 ,2008,2009,2010,2011,2012,2013,2014,2015,2016, 2017 mentions INSITEEXC as follow**

**Item 7 operations..SIGNIFICANT TRENDS & DEVELOPMENTS MD&A Healthcare SEGMENT - Our product services include remote diagnostic and repair services for medical equipment manufactured by GE and by others, as well as computerized data management and customer productivity services. OR Healthcare systems also offers product services that include remote diagnostic and repair services for medical equipment manufactured by GE and by others.**

## 4    Trivedi's SEC.gov whistleblower and GE fraud complaint & SEC FOIA acknowledgement that investigation is still ACTIVE and ONGOING

12. Plaintiff Trivedi incorporates by reference SEC letter below, as though fully set forth herein, as well as facts currently unknown in this complaint

## 5    Despite WRITING to first circuit on June 20, 2022 that Trivedi's complaint related to GE healthcare's securities fraud filed with sec.gov – and SEC.gov FOIA confirmed that there is still an active and ongoing investigation…on August 8, 2022…First circuit denied petition for rehearing and petition for re hearing en banc.

My GE healthcare complaint about REMOTE CONNECTIVITY to sec.gov related investigation still active and ongoing

**PORTION OF SEC FOIA response**



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

Stop 9613                                                                         May 9, 2022

*Via electronic mail*
orangeinc@protonmail.com

Ms. Madhuri Trivedi

      Re:    Appeal, Freedom of Information Act Request No.████████designated on
           appeal as No. ███████████S

Dear Ms. Trivedi:

      This responds to your Freedom of Information Act (FOIA) appeal of the FOIA Officer's
denial of your January 31, 2022 FOIA request for all documentation pertaining to any open or
closed investigations or grievances filed against GE Healthcare and all records and logs from
SEC audits, investigations, evaluations, assessments, No Action letters, and consumer
complaints concerning GE Healthcare.  During the processing of your request, you narrowed the
date range of the requested documents to 2017 to the present.

      In considering your appeal, I have determined that the FOIA Office's decision to neither
confirm nor deny the existence of complaints or grievances filed against GE Healthcare was
inappropriate.  It was also inappropriate for the FOIA Office to neither confirm nor deny the
existence of any records or logs from SEC audits, evaluations, assessments, or No Action letters
concerning GE Healthcare.  I am, therefore, remanding this matter, in part, to the FOIA Office
for further consideration and to search for these requested records.  To the extent there are
complaints submitted by you, the FOIA Office will be able to release them to you, subject to the
applicability of FOIA exemptions to withhold third-party identifying information, if you are able
to verify your identity.  To the extent there are complaints about GE Healthcare submitted by
others or other records or logs from SEC audits, evaluations or assessment of GE Healthcare, the
FOIA Office will review these to determine whether they can be released to you.

      I have also determined that the FOIA Officer correctly asserted Exemption 7(A).[3]  There
is a two-step test to determine whether information is protected under Exemption 7(A), whether:
(1) a law enforcement proceeding is pending or prospective, and (2) release of information about
it could reasonably be expected to cause some articulable harm.[4]  We have confirmed with
Division of Enforcement staff that the investigation from which you seek records is still active
and ongoing.[5]

13

Further, under Exemption 7(A), an agency may withhold records if they come within categories of records whose disclosure would generally interfere with enforcement proceedings.[6]

_____

[2] *Lewis v. Dep't of Justice*, 733 F. Supp. 2d 97, 112 (D.D.C. 2010); *see also Antonelli v. FBI*, 721 F.2d 615, 617 (7th Cir. 1983); *Burke v. Dep't of Justice*, No. 96-1739, 1999 WL 1032814, at *5 (D.D.C. Sep. 30, 1999).

[3] Exemption 7(A) authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information … could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

[4] *See, e.g., NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978) (holding that the government must show how records "would interfere with a pending enforcement proceeding"); *Juarez v. Dep't of Justice*, 518 F.3d 54, 58-59 (D.C. Cir. 2008) (explaining that government must show that its ongoing law enforcement proceeding could be harmed by premature release of evidence or information).

[5] *See OKC Corp. v. Williams*, 489 F. Supp. 576 (N.D. Tex. 1980) (SEC is not required to disclose requested materials directly tied to a pending investigation); *Nat'l Pub. Radio v. Bell*, 431 F. Supp. 509, 514-15 (D.D.C. 1977) (Congress intended that Exemption 7(A) would apply to impede any necessary investigation prior to court proceedings); *Robbins Tire*, 437 U.S. at 232 (Congress intended that Exemption 7(A) would apply "whenever the Government's case in court … would be harmed by the premature release of evidence or

We have confirmed with Division of Enforcement staff that the documents you seek come within categories whose disclosure could be reasonably expected to cause harm to the ongoing and active enforcement proceedings because, among other things, individuals and entities of interest in the underlying investigation could fabricate evidence, influence witness testimony and/or destroy or alter certain documents.[7] Public release of the records sought could also hinder the ongoing investigation by revealing cooperating witnesses and exposing the scope of the underlying investigation.[8]

I have also considered whether partial disclosure of the withheld information is possible, but have determined that it is not because such a disclosure would not be consistent with the purposes of Exemption 7(A).[9]

For the Commission
by delegated authority,

# SECURITIES AND EXCHANGE COMMISSION (SEC) ENFORCEMENT ACTION –COMPLAINT RELATED TO GE HEALTHCARE

## SEC File # ▮▮▮▮▮▮▮▮1/GE Healthcare

From: ▮▮▮▮▮▮▮▮▮▮▮▮▮@sec.gov>
02/13/2019 (3 months ago)
**To**: Madhuri Trivedi

Dear Madhuri Trivedi:

We are taking your complaint very seriously, and have referred it to the appropriate people within the SEC.

14

Please understand that the SEC generally conducts its investigations on a confidential basis and neither confirms nor denies the existence of an investigation unless we bring charges against someone involved.  We do this to protect the integrity and effectiveness of our investigative process and to preserve the privacy of the individuals and entities involved.  As a result, we will not be able to provide you with any future updates on the status of your complaint or of any pending SEC investigation.

I've attached a flyer that describes our policy as it will apply to your complaint.  Please contact me if you have other questions. Sincerely,


## 6   SEC.gov cybersecurity rulemaking & Trivedi's comment

EXHIBIT 3

https://www.sec.gov/comments/s7-09-22/s70922-20127840-289033.pdf

## 7   In securities fraud cases, courts have observed that inadequacy of internal [] controls "are probative of scienter [defendant's intent to deceive, manipulate, or defraud] Basic Inc. v. Levinson, 485 U.S. 224, 231–32 (1988)

. . . and can add to the strength of a case based on other allegations." Crowell v. Ionics, Inc., 343 F. Supp. 2d 1, 12, 20 (D. Mass. 2004) (citations omitted). Significant deficiencies in internal controls, at least when combined with other substantial issues, would constitute a circumstance likely to be "viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."

## 8   GE public alert in 2018 Cybersecurity vulnerability

13. Frank Abagnale, the infamous impostor from Catch Me If You Can, said "Every breach, without exception, happens because somebody in that company did something they

weren't supposed to do or somebody failed to do something they were supposed to do—didn't fix its

tech, it didn't update patches, so the hackers got millions of pieces of data."

Plaintiff  Madhuri who didn't work for the government nor had union protections,

blowing whistle given that it could impact her career;  ===with all this consequences She boldly and

courageously STOOD up for doing what she believed was legal for her to do , not to join GE fraud

scheme, cyber security vulnerabilities , product defects, violations ---TOOK high risk road and

suffered backslash, retaliation.

14. Trivedi's position is corroborated by Scott Erven, an independent cybersecurity

15

Researcher. Finally GE and Department of homeland security(DHS) CISA.gov  issued ICERT

ALERT in February/March 2018 for cybersecurity vulnerabilities related to many types of GE

medical devices. (Case 1:19-cv-11862-PBS Document 51-3 Filed 10/10/19 Page 1 -16)

https://www.cisa.gov/uscert/ics/advisories/ICSMA-18-037-02

**AFFECTED PRODUCTS**

The following GE Healthcare products are affected:

- Optima 520, which are medical imaging systems, all versions,
- Optima 540, which are medical imaging systems, all versions,
- Optima 640, which are medical imaging systems, all versions,
- Optima 680, which are medical imaging systems, all versions,
- Discovery NM530c, which is a nuclear medical imaging system, versions prior to Version 1.003,
- Discovery NM750b, which is a dedicated breast imaging system, versions prior to Version 2.003,
- Discovery XR656 and Discovery XR656 Plus, which are digital radiographic imaging systems, all versions,
- Revolution XQ/i, which is a medical imaging system, all versions,
- THUNIS-800+, which is a stationary diagnostic radiographic and fluoroscopic X-ray system, all versions,
- Centricity PACS Server, which is used to support a medical imaging archiving and communication system, all versions,
- Centricity PACS RA1000, which is used for diagnostic image analysis, all versions,
- Centricity PACS-IW, which is an integrated web-based system for medical imaging, all versions including Version 3.7.3.7 and Version 3.7.3.8,
- Centricity DMS, which is a data management software, all versions,
- Discovery VH / Millenium VG, which are nuclear medical imaging systems, all versions,
- eNTEGRA 2.0/2.5 Processing and Review Workstation, which is a nuclear medicine workstation for displaying, archiving, and communicating medical imaging, all versions,
- CADstream, which is a medical imaging software, all versions,
- Optima MR360, which is a medical imaging system, all versions,
- GEMNet License server (EchoServer), all versions,
- Image Vault 3.x medical imaging software, all versions,
- Infinia / Infinia with Hawkeye 4 / 1, which are medical imaging systems, all versions,
- Millenium MG / Millenium NC / Millenium MyoSIGHT, which are nuclear medical imaging systems, all versions,
- Precision MP/i, which is a medical imaging system, all versions, and
- Xeleris 1.0 / 1.1 / 2.1 / 3.0 / 3.1, which are medical imaging workstations, all versions.

16

**IMPACT**

Successful exploitation of this vulnerability may allow a remote attacker to bypass authentication and gain access to the affected devices.

Impact to individual organizations depends on many factors that are unique to each organization. NCCIC recommends that organizations evaluate the impact of this vulnerability based on their operational environment and specific clinical usage.

**VULNERABILITY CHARACTERIZATION**

**VULNERABILITY OVERVIEW**

IMPROPER AUTHENTICATION CWE-287

For the affected products, a CVSS v3 base score of 9.8 has been calculated; the CVSS vector string is (AV:N/AC:L/PR:N/UI:N/S:U/C:H/I:H/A:H)

**VULNERABILITY DETAILS**

==**EXPLOITABILITY**==

==This vulnerability could be exploited remotely.==

**EXISTENCE OF EXPLOIT**

Vulnerability information about the affected products is publicly available.

**DIFFICULTY**

An attacker with a low skill level would be able to exploit this vulnerability.

**END of CIS.gov alert…………………………………………………..**

15. Scott Erven reported these cyber vulnerabilities to GE in 2014.

16. Plaintiff Trivedi started bringing up severity and sense of urgency/liability/ to fix address/stop integrating and shipping medical devices with InsiteEXC to GE from 2011.

17. Insider threat mitigation didn't exist..as Bill Baribux –GE architect testified (*ECF  51-3 Page 100 - 125* ) InsiteEXC  failed all security tests on day ONE in year 2008

;so they moved it from public facing to inside GE network but GE has 300,000 employees and  as

Scott Erven proved that InsiteEXC was vulnerable from hospital/outside GE network as well.

18. From my phone conversation with Scott on Feb 22nd  2019 he was also wondering that how come GE not address it/(no fix, patch or recall) despite having lots of press around it for 4

years and many security researchers knew about it and wrote. After Scottt report in 2014 ;

vulnerabilities were unpatched even though it was wide open to be hacked and manipulated

19. (Somehow all of a sudden GE released a patch in Feb/March 2018.)This is just a tip of an icerburg –vulnerability Scott reported ;was few of 465 total critical defects.

20. GE knowingly conspired, deceived, fraudulently sold medical device products and services to customers, investors and government by not publicly disclosing defects, cybersecurity

vulnerabilities, also serious hackable –for years for sake of generating revenue, money while putting

public health and safety at risk and mercy/hands of hackers. GE made numerous press releases,

17

released you tube video, product brochures for surgery, ultrasound and all kind of medical devices

with misleading, false information.

21. On January 03 and Jan 05,2019; J P Morgan wall street analyst covering GE Mr. Stephen Tusa contacted GE ,CEO- Larry Culp and sent them my 2017 email to Mr. Flannery and

board of directors - (ECF 51-3 Page 19 -24 ) along with my email. But GE didn't reply to Mr. Tusa

nor to me ever.

22. On January 24, 2019 , Trivedi sent, this same, email to Larry Culp and Ge board of director , GE general counsel Mike Holston along with JPM analyst Steve Tusa. And as stated above,

just one month after these emails, GE removed REMOTE CONNECTIVITY section from sec.gov

10-K filings.

23. On the day Trivedi was terminated by GE, GE architect Bill Barbiuax told Trivedi that "you did the RIGHT thing, but GE is BIG. Nothing will happen to GE.  Bill and GE sending a message" MIGHT is RIGHT" Also by sending a message to all current and future employee that if "you speak up against GE for any/all wrongdoing GE is DOING; We RETALIATE like what we Did to Madhuri Trivedi."  Then GE created "FILE TO FIRE" – generate paper trails to frame her to show her firing.( Few attorneys told Trivedi that "GE did was File to FIRE)

I was deprived from my rights to litigate these claims earlier along with several

other reasons IMPORTANT REASON as due to withdrawal of my H1B; lawyers earlier DIDNT

provide proper legal advice .

## 9   <mark>GE fraud related</mark>

24. Connectivity –lucrative money making service contracts ( which generates annual **recurring revenue for GEHC( in terms of upto $8 billion per year) instead of ONETIME sale of medical device) was better than critical defects-bugs-security vulnerabilities-design nonconformance –all of these put public health, safety, security and privacy of their data at risk and exposure. Poorly protected & patched , Internet Network connected with No proper and adequate detection & alerting, Vulnerabilities of devices are RECIPE of DISASTER in hospital, & health system .**
**When Plaintiff mentioned  that "why we are still shipping defective Insite2 product" ; David Mehring mentioned that during a group meeting that "Connectivity is better than Insite2 product" (means at least medical device will have connectivity).**

25. Whistleblower Trivedi had reason to believe that by telling authorities about a **cybersecurity problem, or a company's failure to disclose one, they would be reporting a**

**securities-law violation. Atc**

26. The company's "scheme to defraud its customers by knowingly selling defective and potentially dangerous remote control product on most of all their medical devices". GE fraudulently induced, to buy its defective product through both misstatements and material omissions. Each of us has the right to expect any medical equipment used for our medical care to be safe and effective, but we are all placed at great risk when medical equipment companies violate our trust and knowingly sell equipment that is defective," the evidence shows GE's callous disregard for the fact that these defective product(s)—which they consciously, aggressively sold after knowing existence defects—could mean life or death for unsuspecting patients, loss/theft of their protected health information(PHI), wrong diagnosis of life threatening disease or not having timely diagnosis due to cyber security vulnerabilities/defects. This case is not just about recouping money for taxpayers—**it is an indictment of a company that placed a higher premium on profits than public health and safety."- Public policy violation as well.**

### 9.1    "InsiteEXC" "Insite2"

27. At GE Healthcare, remote service and connectivity medical device "InsiteEXC" / "Insite2" was remotely communicating and controlling 100,000 medical devices. Medical devices were **ultrasound, MRI, surgery , Lunar, radiology servers** and more. (Most of the GE medical devices were SOLD with INSITE EXC PREINSTALLED; InsiteEXC was part of service contract offerings.

28. There were defects in terms of 465-2000 total bugs and 465 defects(ECF 51-3 Page 57–64 ) **in category of critical design non conformances in PRODUCTION (means already in USE at hospitals);** unresolved for several years and medical  Device  Insite Exc was launched in 2004.

# SPR Trends

| Count of id | | Classification ▾ | | |
|---|---|---|---|---|
| Year ▾ | State ▾ | Defect-Design NC | Improvement Opportunity | Grand Total |
| ⊟2004 | Assigned | 2 | 2 | 4 |
| | New | 4 | 4 | 8 |
| ⊟2005 | Assigned | 5 | 8 | 13 |
| | New | 6 | 4 | 10 |
| | Resolved | 1 | 1 | 2 |
| ⊟2006 | Assigned | 45 | 14 | 59 |
| | New | 32 | 9 | 41 |
| | Resolved | 27 | 7 | 34 |
| ⊟2007 | Assigned | 27 | 5 | 32 |
| | New | 258 | 52 | 310 |
| | Resolved | 18 | 8 | 26 |
| ⊟2008 | Assigned | 9 | 1 | 10 |
| | New | 6 | 1 | 7 |
| | Resolved | | 1 | 1 |
| ⊟2009 | Assigned | | 1 | 1 |
| | New | 5 | 2 | 7 |
| ⊟2010 | New | 12 | 2 | 14 |
| ⊟2011 | Assigned | 3 | | 3 |
| | New | 5 | 2 | 7 |
| Grand Total | | 465 | 124 | 589 |

**Changes in 3Q:**
- 15 SPRs closed
- Reviewed and "dispostioned with justification" 12 Unacceptable Risk sprs imported incorrectly from DDTS

5.2 release

**Open Issues:**
- 465 Design Non-Conformances
- 124 Improvement Opportunity
- Will be closed with justification when RSvP program retires Questra back-office

29. It lacked security features, audit trails, activity logging and security reporting.. (i) the design and technology of Insite EXC  were flawed as they were plagued with 465 critical defects unresolved for several years including  severely deteriorating performance  ---including but limited to that online engineers could not do remote connection to check, fix medical device( remote connection was a SELLING POINT for this product and all service contracts for insite EXC were signed based on remote connectivity; (ii) GE didn't publicly disclosed this issues; (iii) the Company lacked adequate management controls to report/fix/address these issues; and (iv) as a result of the foregoing, GE's public statements were materially false and/or misleading and/or lacked a reasonable basis. It is also fraudulent inducement.

30. GE performed sham quality tests and "willfully concealed the existence, frequency
31. and severity of the products' defects," with "grossly inadequate testing procedures". Tech leads/seniors were skipping quality steps, testing needed.
32. For knowingly selling defective, life threatening medical devices used by Department of Defense, Veterans Hospitals; medicare, Medicaid ; state government programs, other public government programs.

33. GE SEC filings 10-K state that "Our products are subject to regulation by numerous *government agencies, including the U.S. Food and Drug Administration (U.S. FDA), as well as various laws that apply to claims submitted under Medicare, Medicaid or other government funded healthcare programs.*

34. For bringing this fraud and defects to management's attention and NOT willing to participate in their fraudulent scheme. Madhuri- I was harassed, received abusive treatment and

wrongly accused of insubordination . She was also ostracized and marginalized by management.

Since then I have been suffering terrorizing acts due to GE and their influence at all level

35. EXHIBIT ECF 51-3 Page 126 – 133;- for many GE devices, they are making claims that it has HIPPA /HITECH robust, security, audit trails, reporting which is false.

36. While doing public release—intentionally hide information from shareholders and SEC as per section 302 and 402  public release, inside and outside-company sales, marketing and

customer brochures with/for various medical devices such as surgery arm, cardio etc. Sales

information online for medical devices and public press release----and elsewhere where GE omitted

and misstated /failed to disclose any InsiteEXC issues/facts/truth --instead bolstered it ..

37. the company is required to disclose all "material information" –information that an investor would consider important in the evaluation of an investment decision.

38. Laws prohibit deceptive practices for use, benefits of company business, revenue, profit...Failing to disclose material information concerning its usage, operation, maintenance

not as advertised, sold and mentioned in contract agreement; with intentional inducement ..failed to

willfully disclose and actively concealed defects for upto years( last 5-7 years where hundreds of

critical defects). Fraudulent Concealment by GE.

**9.2    These INSITE EXC service contracts play a significant role in GE healthcare annual revenue**

39. GE was negligent, lacked sense of urgency to correct this conduct or to report it to stakeholders; because doing so would have adversely affected the large profit from service contracts' revenue and

fraudulent inducement from sales of GE healthcare medical devices . This would have adversely

affected company image in eyes of investors, and many other repercussions; would have significantly

reduced or eliminated bonus compensation and other stock based compensation for GE executives to

ensure that its officers would earn compensation related to economic performance, that stock options and other stock-based compensation would be maximized …..and also GE would have impact on public private purchase of medical devices and service contracts. Further disclosure of this fraudulent defective medical devices/remote service would have significantly reduced GE's revenue and reputation . . ., and a wide range of related conduct all based on fraudulent data and the failure to report this material information of medical devices fraud and related cybersecurity RISK and VULNERABILITIES.

### 9.3 As Trivedi got such a PANIC call where customer mentioned to TRIVEDI that MRI COIL temperature that medical device sends back to GE server–it was corrupted, inaccurate, faulty( this problem was consistent for more than six months to year)

40. Another example InsiteEXC sends health and diagnostics information from medical devices
back to GE server. And on number of occasions; GE customers and online engineers contacted Trivedi directly as no one from front line support team was resolving their issues. As Trivedi got such a PANIC call where customer mentioned to TRIVEDI that MRI COIL temperature that medical device sends back to GE server–it was corrupted, inaccurate, faulty( this problem was consistent for more than six months to year) because that data is somewhere getting corrupted; 4 degree Celsius is showing 40 degree Celsius and vice versa. He was concerned as this could affect GE to address issues on MRI machine from SERVICE point of view. Trivedi mentioned this MRI customer call to her reporting manager David Mehring and instead of addressing this David started continually harassing Trivedi and asking her to improve relationship skills

### 9.4 Insite Exc application in production was vulnerable for online attacks and there were security issues.

41. Madhuri reported ( as frustrated internal customers and online engineers came to Madhuri , asking her help and opening support tickets) June 2012 that Insite Exc code needs to build with newer version with security update to address memory/online attack issue.. "Enable memory protection to help mitigate online attacks" which was required to be unchecked in settings in order to establish/install remote connectivity. (EXHIBIT 6 ). Interesting is that given GE has enormous amount of money and resources; as shown in EXHIBIT 6 it used out of date ACTIVE X controls.
42. At GE; ActiveX controls were built without SECURITY update . ActiveX control were required to be built using  VC++ 2005 or higher and it was June 2012—It shows GE used old, out of date, STONEAGED cybersecurity components.

### 9.5    Once Madhuri realized amount of defects and performance/maintenance issues

43. Insite Exc was having which was violation of FDA rule, quality code, HIPPA and HITECH

violations and risk to public health and safety –patient data; it was a fraud and conspiracy to continue

release/ integrate those Insite Exc agents on products like Surgery OEC for example (where Madhuri

was doing testing). Given it is regulated environment and Madhuri was concerned to continue work

on Insite Exc surgery integration in a reckless way manager/lead wanted. Madhuri informed

managers  Dave Mehring/ Dave Saliis that she would consider working on another project and this is

not proper. This happened in March 2012.

44. GE had consistently reported/misled public and customers that InsiteEXCquality, HIPPA, HITECH, robust cyber security (EXHIBT 17 and insite brochure, various medical device

manuals) while intentionally concealing that InsiteEXC is NOT in compliance FDA's 21 CFR §

820.90 - Nonconforming product, product non conformances, defects and cybersecurity

vulnerabilities, aging platform that was falling apart and Scott Erven's report.

### 10  Litany of GE's cybersecurity vulnerabilities;NIST.gov and CISA.gov cybersecurity vulnerabilities public disclosure occurred on June 2022 related to INSITE EXC

45. some of GE cybersecurity links---spanning all the way till 2022
No judge, no court would allow GE to get away from what they have done to ME/Madhuri--there is no defense for that.. **Latest in June 2022 - why to arrest all at this moment**
1)   A vulnerability classified as problematic has been found in GE Voluson S8. Affected is the file /uscgi-bin/users.cgi of the Service Browser. The manipulation leads to improper authentication and elevated access possibilities. It is possible to launch the attack on the local host.
https://nvd.nist.gov/vuln/detail/CVE-2020-36548
2)  A vulnerability was found in GE Voluson S8. It has been rated as critical. This issue affects the Service Browser which introduces hard-coded credentials. Attacking locally is a requirement. It is recommended to change the configuration settings.
https://nvd.nist.gov/vuln/detail/CVE-2020-36547
**CVE Dictionary Entry:** CVE-2020-36548**NVD Published Date:**06/17/2022
**NVD Last Modified:**06/30/2022

46. Other relevant cisa.gov alerts
**Advisory (ICSMA-18-037-02) GE Medical Devices Vulnerability** Original release date: March 13, 2018
https://us-cert.cisa.gov/ics/advisories/ICSMA-18-037-02

2. **ICS Medical Advisory (ICSMA-19-190-01)** GE Aestiva and Aespire Anesthesia (Update A)release date: July 09, 2019 |
https://us-cert.cisa.gov/ics/advisories/icsma-19-190-01

3. **ICS Advisory (ICSMA-20-023-01) GE CARESCAPE,** ApexPro, and Clinical Information Center systems release date: January 23, 2020

https://us-cert.cisa.gov/ics/advisories/icsma-20-023-01
4. **ICS Medical Advisory (ICSMA-20-343-01) GE Healthcare Imaging** and Ultrasound Products Original release date: December 08, 2020
https://us-cert.cisa.gov/ics/advisories/icsma-20-343-01

5. **ICS Medical Advisory (ICSMA-20-049-02)** GE Ultrasound products Original release date: February 18, 2020
https://us-cert.cisa.gov/ics/advisories/icsma-20-049-02

6. **ICS Advisory** (ICSMA-18-128-01) Silex Technology SX-500/SD-320AN or GE Healthcare MobileLink (Update B) release date: May 08, 2018

7. ICS Advisory (ICSA-18-275-02) GE Communicator release date: October 02, 20181
https://us-cert.cisa.gov/ics/advisories/ICSA-18-275-02

1) https://www.zdnet.com/article/mdhex-vulnerabilities-impact-ge-patient-vital-signs-monitoring-devices/
2) https://www.zdnet.com/index.php/category/2381/index.php/article/account-with-default-creds-found-in-100-ge-medical-device-models/
3) https://www.forbes.com/sites/thomasbrewster/2015/07/10/vulnerable-breasts/#62a219406b5a
4) https://www.zdnet.com/article/vulnerabilities-found-in-ge-anesthesia-machines/
5) https://www.modernhealthcare.com/cybersecurity/cybersecurity-flaw-discovered-100-ge-medical-devices
6) https://us-cert.cisa.gov/ics/advisories/ICSMA-18-037-02
7) https://us-cert.cisa.gov/ics/advisories/icsma-20-343-01
8) https://www.healthcareitnews.com/news/cisa-says-security-vulnerability-found-ge-imaging-and-ultrasound-devices
9) https://techcrunch.com/2020/12/08/researchers-say-hardcoded-passwords-in-ge-medical-imaging-devices-could-put-patient-data-at-risk
10) https://www.cyberscoop.com/ge-healthcare-dhs-alert/
11) https://www.medtechintelligence.com/news_article/fda-announces-cybersecurity-vulnerabilities-in-certain-ge-healthcare-systems/
12) https://healthitsecurity.com/news/feds-alert-to-critical-vulnerabilities-in-ge-patient-monitoring-products
13) https://khn.org/morning-breakout/security-flaws-found-in-ge-medical-devices/
14) https://www.medtechdive.com/news/fda-cyber-vulnerabilities-PTC-Axeda-medical-device-software-/620075/
15) https://threatpost.com/critical-unpatched-bug-ge-radiological-devices/162012/
16) https://www.techradar.com/news/ge-healthcare-patient-monitors-are-hit-by-potentially-easy-to-exploit-security-flaw

17) https://www.csoonline.com/article/3600164/publicly-known-support-credentials-expose-ge-healthcare-imaging-devices-to-hacking.html
18) https://cybersecuritymarket.com/fda-informs-health-care-providers-facilities-and-patients-about-potential-cybersecurity-vulnerabilities-for-certain-ge-healthcare-clinical-information-central-stations-and-telemetry-servers/
19) https://control.com/news/cisa-discovers-vulnerabilities-in-ge-healthcare-radiological-devices/
20) https://www.biospace.com/article/releases/fda-informs-health-care-providers-facilities-and-patients-about-potential-cybersecurity-vulnerabilities-for-certain-ge-healthcare-clinical-information-central-stations-and-telemetry-servers/
21) https://www.zdnet.com/article/vulnerabilities-found-in-ge-anesthesia-machines/

## 11  SDNY class actions against GE

### 11.1  Sjunde AP-Fonden, et al., v. General Electric Company, et al. -  1:17-cv-08457-JMF  - -Hon. Jesse M. Furman denied GE's MTD; holding GE CFO's culpable participant in the alleged fraud by GE

47. Judge Furman ruled January 2021 that-- ECF 206; GE motion to dismiss denied
Bornstein [GE CFO] was, in some meaningful sense, a culpable participant in the alleged fraud by GE.finds that Plaintiffs' allegations with respect to Bornstein suffice even under the heightened        standard. Indeed, the Court has already found that Plaintiffs adequately plead Bornstein's scienter as to both remaining factoring primary violations..("Allegations sufficient to plead scienter for the        purposes of primary liability pursuant to Section 10(b)'necessarily satisfy' the culpable participation pleading requirement for Section 20(a) claims."  Therefore, Defendants' motion to dismiss these surviving Section 20(a) claims against Bornstein is denied."
**************************************************

48. So in Trivedi's case – culpable participation element is present, for claims against DEFENDANTS. And during trial, discovery – more light will come on these fraud and corruption.

### 11.2  In re GE/CBPS DATA BREACH LITIGATION (1:20-cv-02903-KPF) District Court, S.D. New York

49. On February 21, 2022 GE reached a settlement for this class action lawsuit. Atleast one judge was doing her job.
Judge Katherine Polk Failla's order denying GE's motion to dismiss –dated August 4, 2021. **In this ruling--- "at risk " ,"future injury" has been shown enough to prove injury and** thus ARTICLE III standing...  [This applies to Trivedi's FTCA claims against  USCOURTS defendants from 2016 to 2022- defendants knew that Trivedi was/is "at risk" of ongoing as well as future injury regarding her career, her own safety and life as a whistleblower, as well as immigration, life of her family member being at risk]

50. GE's stone-aged style approach and attention to cybersecurity --this was what they did in my
case... As suffering retaliation for raising serious cybersecurity issues has put me into bad situation by GE.Because even these device and patient data being "at risk" and "future injury" ; given that most of vulnerabilities were 9.8 out of 10 –highly exploitable.

25

**11.3  In my Trivedi v. GE lawsuit - I have mentioned about above SEC settlement in ECF 150 and ECF 150-1 . ECF 150 page 4 When GE got wells notice from SEC in October 2020 –**

https://www.reuters.com/article/us-ge-sec-idUSKBN28J345

"The inquiry, which initially focused on long-term service agreements for maintenance of power plants, jet engines and other industrial equipment, was later expanded to include GE's review of its insurance business. "

 Remember my claims also states that GE's on going fraud for medical devices

and related service contracts – and I Madhuri worked as a lead engineer for GEHC's global service division -where GE not having division wise financial disclosure and service contracts' cost and future cost for service /parts can be adjusted –for overall cost—aka manipulated in finance for earning, cash flows, showing future revenue- cost figures –these are considered as variables which is used by GE tweak/manipulate for their own advantage given GE's opaque finances.

**12  Trivedi -I READ =James Grant's book chapter – "hotlight on GE"..way back in 90s he saw things -- for 58 years GE's credit rating was not changed....that's the point**

| GENERAL ELECTRIC CO.—TIME MARCHES ON SELECTED HISTORICAL DATA AND RATIOS (IN $ MILLIONS, EXCEPT PER-SHARE DATA) | 1932 | 1957 | 1974 | 1982 | 1989 |
|---|---|---|---|---|---|
| Net sales | $147.2 | $4,335.7 | $13,598.9 | $26,500.0 | $54,574.0 |
| EBIT[1] | 14.7 | 521.7 | 1,180.8 | 3,097.0 | 12,210.0 |
| Net income | 14.4 | 247.9 | 608.1 | 1,817.0 | 3,939.0 |
| Earnings per share | $0.41 | $2.85 | $3.34 | $8.00 | $4.36 |
| Total assets | 405.1 | 2,346.6 | 9,369.1 | 21,615.0 | 128,344.0 |
| Long-term debt | 2.0[2] | 300.0[3] | 1,195.2[4] | 3,099.0 | 16,110.0 |
| Total equity | 345.4 | 1,216.6 | 3,704.3 | 10,198.0 | 20,890.0 |
| EBIT margin | 10.0% | 12.0% | 8.7% | 11.7% | 22.4% |
| Net income margin | 9.8% | 5.7% | 4.5% | 6.9% | 7.2% |
| Long-term debt/assets | 0.5% | 12.8% | 12.8% | 14.3% | 12.6% |
| Long-term debt/equity | 0.6% | 24.7% | 32.3% | 30.4% | 77.1% |
| Current ratio | 2.3x | 1.9x | 1.3x | 1.3x | 0.8x[5] |
| EBIT/interest | 46.8x | 46.5x | 6.6x | 9.0x | 1.9x |
| Return on assets | 3.6% | 10.6% | 6.5% | 8.4% | 3.1% |
| Return on equity | 4.2% | 20.4% | 16.4% | 17.8% | 18.9% |
| Net income of GECC as % of parent | — | 3.2% | 7.0% | 11.3% | 20.7%[6] |

[1] Earnings before income and taxes; includes all income sources.
[2] GE gold debenture 3½s, due 1942; Aaa-rated, 40-year-bonds.
[3] GE debenture 3½s, due 1976; Aaa-rated, 20-year bonds.
[4] Five issues, including $300 million of GE 8½s, due 2004; Aaa-rated, 30-year bonds.
[5] Current assets include only those time sales, loans and rental receivables of GEFS that mature in 1990. Including all GEFS receivables, current ratio is 1.2x.
[6] No doubt, GECC has grown in relative importance over the past several years, but the parent company no longer separately discloses its net income.

source: James Grant. Minding Mr. Market. Times Books. Random House. 1993. page 361.

GE has been debt financed for decades...done financial engineering, fraud and manipulation... Under Jack Welch, GE Capital delivered double-digit earnings gains, year in & out, regardless of what was going on. To his credit, Jeff Immelt reined in free-wheeling culture at **GE..that's the problem….and that's the contributing factor for Trivedi's** termination….GE's fraudulent mindset…and that applies to medical device fraud GE healthcare was doing- and Trivedi didn't join GE's fraud scheme.

### 13  Background & GE

51. Plaintiff has bachelor in electronics and telecommunication engineering with

distinction grade from India, Post graduate diploma in business administration(PGDBA) from India, Masters in Computer Information science from Cleveland state university, Ohio; and has done graduate certificate course( equivalent to Masters level but not a degree) in Systems design and management from Massachusetts institute of technology, Cambridge, MA. She has prior to joining GE worked in multiple domains including in enterprise solutions, biotech, enterprise security and healthcare IT;for big corporation as well as do or die entrepreneurial startups.

52. Plaintiff joined GE healthcare in Waukesha, Wisconsin in 2011 as a Lead engineer-fulltime GE employee.

.prior to that I worked for GE intelligent platforms in 2010..GE interviewed me in 2009 and next day offered job on phone as a fulltime GE employee. After few weeks VP of engineering Reema Poddar mentioned that as GE has taken from government TARP(Troubled asset relief program) money; hence GE can't do my H1-hence would bring me on board first as a consultant-employed through Adecco-noramtec consulting(have them to H1B) and then after 2-3 months will do H1…I believed in their scheme and agreed. (At GE Intelligent Platforms in Boston; as part of a two engineer team reporting to Chief Technology Officer of GE Transportation Steve Edner, Plaintiff did Application development /support for remotely monitoring GE assets. This solution generated multi million in revenues for GE Intelligent platforms).

At GE healthcare in Waukesha, WI –as I alleged in my complaint
"Insite exc" was falling apart--with 465 critical defects –and GE retaliated, framed me for not joining GE healthcare's fraudulent scheme for SIGNING OFF on Test plans that Insite EXC is working fine (so GE healthcare can release it for SURGEY MOBILE ARM OEC 9900) and other medical devices—I declined and I wrote to managers that GE is not following quality procedures, it has security defects, vulnerabilities , GE's massive mountain size EGO was hurt plus I was an IMMIGRANT WOMAN WHOSE IMMIGRATION WAS IN GE's HAND –exposing GE and it's managers about such wrongdoing –Despite such a desperate cry, calls, emails and including but not limited to threats by GE's internal divisions to SUE GE- as GE was not fulfilling it's service contract obligation –GE signs with hospital and doctors when they buy GE healthcare medical devices---I am aware of email sent to general manager David Elario  by GE division ( for example X Ray, Surgery divisions) that they would Sue Global service Technology –GST( I worked at GST division who provided SERVICE technology and support to GE medical devices)..

GE healthcare and it's management were NOT at ALL SERIOUS to replace Insite EXC (replacing it totally with new remote service and control platform..)—…NORE GE healthcare was working on either fixing Insite EXC critical defects, cybersecurity vulnerabilities, performance, quality and more. ZERO sense of doing it Immediately or as soon as POSSIBLE>

INSTEAD GE under new initiative by Jeff Immelt was working on developing JUST ONE PLATFORM THAT WORKS FOR ALL GE DIVISIONS- at Waukesha, WI – we were

working with GE intelligent platforms in FOXBOURO, Boston< MA , GE Energy, GE digital in Detroit, GE transportation in Pennsylvania and bunch of other division who on daily basis wrote bad, GE internal divisions' infighting, insulting email to each other, fought daily –diverted blame on each other—and wanted to get all or as much as financial funding from GE corporate and also CREDIT, recognition, politics and appreciation etc for developing new platforms –so wanted to show other GE division as stupid and incompetent…and again it was same Immigration attorney handling my immigration case in Waukesha < WI Jenny Schrager (**ECF** 51-3 Page 138)  , (**ECF** 51-3 Page 150 ) ---ONE REMOTE SERVICE PLATFORM that FITS all GE assets such as GE energy,GE intelligent platforms, GE transportation, GE healthcare medical devices—was not going anywhere for more than two years PRIOR to me joining GE Healthcare and also while I was at GE –it was number of issues and was stagnant --- Reema Poddar and others from GE Boston were driving this one REMOTE platform FITS all GE assets ---new initiative --SO GE healthcare thought that along the line after unknown number of years , at one point of time –hopefully we will replace "Insite EXC" when this new BIG platform that works for all GE ASSETS will be developed.

   During Trivedi's First project insite exc integration; Trivedi uncovered cyber securities issues, quality issues and defects , fraud ---GE manager moved second half my duration at GEHC but at that time –customers, support group would still call me/email for insite exc support as no one was helping them and they couldn't do their job –including MRI—I mentioned that to manger in one on one and manager continued retaliation…second project had lots of infighting , disfunction and chaos…GE was failing and when lead systems designer were not able to do technical job they diverted his blame to me..sachin kendale -naresh wrote code that took 20-40 minute on screen to load 1000 devices---second project I was assigned to FIX BUGS/defects –there were more than 250-300 open defects and design issues on second project that Trivedi was assigned to test and FIX…While I was doing testing again it opened can of worms for which technically incompetent GEHC Greg Stratton, Nate Davis, Sachin Kendale, Naresh , some staff in India was responsible along with other GE energy, GE transportation, GE digital..Gregg statton was LSD and he was responsible for replacing Insite where he couldn't---In code review also I found out was he was doing wrong so he was exposed.(these emails are part of arbitration record.).he would fight daily on phone with other GE managers, write abusive emails—Trivedi was sitting right next to him..when sitting next to him due his such hostile behavior ; Trivedi was disturbed..and right round the time of sikh temple shooting in MILWAUKEE ( Gregg Statton had valid gun license and he routinely when for HUNTING DEERS etc); as (mentioned in Mediations statement and letter by immigration attorney to CEO GE) that Gregg Stratton pointed fingers to me "shaping gun" ---**due to all this I moved my desk temporarily away from Greg as it was unproductive, hospital and imtimidatin..GE manger** made big issue of how it will look and soon put me on PIP…at this same time I was asking senior management that my manager is retaliation because of my first project insite exc related , raising security concerns ..and I should be given a another reporting manager and management kept denying while aggressively integrating and releasing insite exc..

GEHC revenue is $17 billion total..out of that $5 billion is from services division where I was a lead engineer. Out of that $7.3 billion revenue is in USA… so USA revenue is 41% of GE healthcare's total revenue.**No wonder – why people tried to cover up…**

### 13.1  High Stakes for Billions of Devices
**Below event I did as a volunteer at vlab- several known companies pitched at vlab when they were new/smaller such as google( to give idea about vlab) Security: I volunteered at vlab. Since GE harassed me and messed up with me because GE was** recklessly putting medical devices on internet. And recklessly putting technically incompetent people on -IOT platform

53. My father died on Feb 22, 2017(India time) & Feb 21(USA time) in India time/ in forest when he went for pilgrimage. He was traveling in a BUS not by foot though..

54. On Feb 21 2017 in USA, I had organized in a team IOT security high stake of **billions of devices event as shown below at 6 pm PST (event was fully packed.).**

55. As GE and Jeff Immelt connecting all kind of GE assets on internet ;VLAB group **wanted to raise this concern before it is too late as hearing my STORY..So we did this event..**

56. At the networking session an hour prior to this event –there was a GE digital manager from San Ramon who was attending this event(she bought ticket).  I was standing in a group and she came and had little chit chat with group.**-----------------------------------**
**As event started my family called me from India and informed me that my father has died--I didn't put my phone on silence and it was fully packed DARK auditorium...panels were introduced..and as phone was ringing--someone from back raw(it was a guy's voice ) said that "he is gone".....these sentence makes me so restless. so someone knew that my father is dying and is dead in india while event for exposing GE was ongoing...I left the event , talked with my family on phone and went to home crying ........so this same date of IoT event and my father's death is mind boggling.**

## IoT Security: High Stakes for Billions of Devices
### February 21, 2017 6:00 p.m. to 8:30 p.m. https://vlab.org/events/iot-security-high-stake-billions-devices/

The speed of Internet of Things (IoT) adoption is creating opportunities for startups developing IoT security solutions. Many industries such as healthcare, energy, automotive, and consumer products are being transformed using insights gained from the real-time data that IoT provides. As new online devices continue to be added at exponential rates, the frequency of sophisticated cyber attacks targeting consumers, businesses, and public services is also increasing.

57. After my father's death I kind of lost healthcare mojo...and my startup was in healthcare...
58. After my father's death I stopped volunteering at vlab as it gave me bad memory--

### 13.2  GE declined government arbitrator; who told that he will RULE in Plaintiff's FAVOUR if selected.

59. Peter Davis- a chief arbitrator/legal counsel at Wisconsin Employment relations commission. peterg.davis@wisconsin.gov .He mentioned to me on phone that if he is selected as an arbitrator for my case with GE, he will make sure to fix my immigration and he will rule in my favor. He told me this on Dec 2013 that I is willing to talk about this to anyone...GE attorney declined via email (**EXHIBIT 13**) to have him as arbitrator (GE argued that if Peter is selected then arbitration documents would have become public documents as he was a PUBLIC ARBITRATOR hence GE is declining).

**13.3** **In Arbitrator's award [1] (EXHIBIT B in ECF 28 - Case 1:19-cv-11862-PBS Document 74-2 )in district of Massachusetts lawsuit declaration by Bruce Falby ; on page 50 arbitrator Peter MEYERS mentioned that Trivedi hasn't given testimony herself about hostile environment ( based on this statement by corrupt arbitrator – entire award in favor of GE must be vacated)(and all judges also MUST be jailed for dismissing Trivedi's claims and taking judicial notice of arbitrator award)**

The competent and credible evidence in the record does not support the Claimant's allegations that she was subjected to a hostile work environment. There is no testimony, even from the Claimant herself, that establishes that the Claimant experienced any treatment that may be deemed hostile, discriminatory, harassing, or otherwise inappropriate because of her gender and/or national origin. I find that the Claimant therefore has failed to establish the most fundamental element of her claim of a hostile work environment, and that claim therefore must be denied in its entirety.

**Deposition of Bill B and Madhuri ; where Madhuri testified about hostile work environment. Arbitrator didn't entered Bill B deposition into arbitration hearing as EVIDENCE. Arbitrator didn't entered Trivedi deposition into arbitration hearing as EVIDENCE**

60. In Bill B deposition she alleged and examined Bill B that she suffered hostile work environment, gender based. Following excerpts **EXHIBIT 10.4** AND Because despite Trivedi testified multiple times in her testimonies **EXHIBIT 10.5** about hostile environment she suffered including but not limited to even at hearing; same for being a woman, based on her gender ..

**Because I have stated even several times in motions at MAD court; EXCERPTS OF DEPOSITIONS where I did testified that I was subject to hostile environment and gender based**

I emailed GE CEO Jeff Immelt, GEHC CEO John Dineen(later John became CEO of GE), and GEHC services CEO Mike Swinford ; that "Trivedi was subject to Hostile and unprofessional treatment by co workers-manager"

---

[1] NOTE:-When Trivedi left hearing due to arbitrator's hostility and all on second day ; GE and entered Ex Parte evidence into hearing..I never threw PIP at David Mehring; it is one of the many lies/perjuries GE and GE managers and GE attorney has done.

I request that court ask/ORDER GE to submit TRUE review about who said that I was not getting along—and why and when ;specifics-their level of interaction with me ..instead of throwing that I was not getting along.

**13.4  Below press release shows that GE CEO Larry Culp HIMSELF has admitted that GE has infighting problems and problem of its products' quality…**

**Press release:---**
https://www.cnbc.com/2019/05/22/reuters-america-update-2-ge-needs-to-end-infighting-fix-quality-tighten-management-ceo.html

UPDATE 2-GE needs to end infighting, fix quality, tighten management -CEO
Published Wed, May 22 2019 2:49 PM EDT Reuters    Alwyn Scott
(Recasts with comments about fixing GE's internal problems)
May 22 (Reuters) - General Electric Co, once seen as the epitome of corporate greatness, is trying to end infighting between its divisions, tighten up management and fix quality problems in its products, Chief Executive Officer Larry Culp said on Wednesday.

**Plaintiff  Trivedi alleges here in this complaint that these two factors play important role in GE getting rid of her while Madhuri was doing her job. There was no issue of my poor skills –the issue was my insite exc speaking up , GE's failure on second project to develop product within all GE divisions---Larry culp himself recently said that GE has to improve quality and stop infighting.**
        GE argument that Trivedi had POOR soft skills is not anything but PRETEXT and bullying that management did ; GE falsely generated some emails and selectively solicited inputs from few GEHC employees(these employees themselves where involved in Insite EXC fraud and were failing TECHNICALLY either to FIX INSITE EXC OR to DEVELOP new platform that would replace INSITE EXC) who would say Trivedi had soft skill issues ..GEHC management never solicited/took into consideration/account feedback from DAVE SALLIS, JOE PURCELL, BARRY, MOHEDDINE and several other managers, technical leads who were happy with Trivedi's technical as well as SOFT SKILLS.

**13.5  FDA FOIA response has communication from Quitam division attorney at DOJ San Francisco…Page 15 … FOIA gave only email DOJ attorney sent to FDA and NOT what FDA responded..US attorney said ONLY FDA investigates QUITAM and then they bring charges – attorney office do not have investigative resources nor they ever do that..**
EXHIBIT 10.3  FDA general counsel email , March 2015- "Typically we do not share any info involving an open investigation. Is this matter different?"
**From:** Smith, James – OCC james.smith@fda.hhs.gov**Sent:** Thursday, February 18, 2016 8:56 AM
**To:** Myers, Charles F
**Subject:** Question ref: complaints about a GE software interfacing program
Charles—
The US Attorneys Office in San Francisco contacted me yesterday asking about whether there had been an FDA investigation into allegations of safety issues with the GE Insite Exc, which appears to me, from the GE Healthcare website information, to be some sort of software which allows a GE tech to remote into ultrasound displays to help troubleshoot issues with those devices. The allegations come from someone who contacted the USAO and asked them to investigate GE Healthcare for health care fraud based on the purported problems with the GE Insite Exc.

### 14  Dipti Patel –-For packet analyzer test – had developed a test that would compare the test SOAP packet with a screenshot of standard SOAP packet – instead of actual SOAP packet. GEHC was using this to Release connectivity on 100s of 1000s of medical devices…and Dipti and entire GEHC team signed RELEASE papers – even after my emails..

From email –"For network monitor and packet capture test..Existing GoldSeal files are just screen capture and not a packet capture.This template will be compared against the SOAP packet tester generates….."

Also Dipti was earlier system designer - I just checked now Dipti  is

Sr Program Manager, Ultrasound Digital Ecosystems at GE Healthcare..

To allow this is also a CRIME.

### 15  PARTIES

61. Madhuri Trivedi is a plaintiff. Madhuri worked for GE as a lead engineer, fulltime at Waukesha, Wisconsin. I was terminated in Wisconsin – arbitration also happened at hotel room in Wisconsin.

62. And most of the issues arising – leading to this lawsuit , securities fraud -happened in Wisconsin… also the alleged unlawful employment practice(s) and the events that give rise to my claims took place. Foxbourogh, MA

63. Prior to that she worked at GE intelligent platforms at Foxbourogh, MA – as a consultant ( not ful time) briefly.

64. Defendant General Electric is a corporation incorporated in New York, currently Headquartered in Boston and during Plaintiff's employment was HQ in Connecticut.

65. Larry Culp, CEO of GE, GE board of directors, GE general counsel Mike Holston

66. former CEO Jeff Immelt, John Flannery

67. Mike Swinford, former CEO of GEHC services knew this matter even before I was illegally terminated.. Mr. Swinford and GEHC CTO Mike Harsh came to my arbitration hearing.

68. GE boards of directors.. Robert did inquiry and GE stonewalled ,didn't do anything an on top of that GE complained to arbitrator that I have contracted GE board of director and arbitrator became more hostile after learning this. ---------- Forwarded message ---------- **EXHIBIT 10.12**

69. I contacted Susan Hockfield via emails that I sent her to her MIT email address and her assistant acknowledged  she read and after responded mentioning that "she is too high as a director to get involved in an individual matter of mine "; Even though I was MIT alum. But she chose not to take any action and didn't fulfill her fiduciary and other duty obligation.

70. Jenny Schrager, Partner at Fragomen, Del Rey, Bernsen & Loewy, LLP and her lawfirm.

71. Carl conrath was a senior engineering manager, involved through out from

33

hiring to firing me, hence he is party in this case

72. Foley & manfield was a lawfirm hired and paid to send GE letter, look into quitam and provide legal advice including immigration for my matter, they are party in this case.

73. John Dineen –Former CEO of GE and Former CEO of GEHC,Mike Hash, former CTO of GEHC, David Mehring, engineering manager GEHC, Dave was Trivedi's reporting manager.Nicole Boyle, Program manager GEHC, Adam Holton, senior HR manager GEHC, Mike Truman,  HR manager GEHC, Ayesha Khan, HR manager GEHC.Tim Kottak, CTO of GEHC services, David Elario, General Manager of GEHC services ,Robert J. Swieringa, , Former Board of director of GE, Susan Hockfield, Former director of GE, Diane Smith, HR manager GEHC,Dipti Patel, Project lead, GEHC, Nate Davis, Architect, GEHC, Greg Stratton, Lead system Integrator ,GEHC, Bill Barbiuax, architect, GEHC, Ward Bowman, Engineering manager, GE intelligent platforms, for GE Boston and Reema Poddar, Senior leader of GE intelligent platforms-GE Boston.

74. FTCA Claims against USCOURTS – AND DOL - US federal agency as an entity.
75. BIVENS - against -Individual federal employees – district judge Patti Saris, Mark G. Mastroianni , magistrate judge Page M Kelley, first circuit judges David J. Barron, Bruce M. Selya, Norman H. Stahl, Kermit V. Lipez,  Jeffrey R. Howard,  O. Rogeriee Thompson, William J. Kayatta, Jr., Gustavo A. Gelpí, Sandra Lynch  - in their official & individual capacity..Starting from federal judge Donato in my department of homeland security – since 2016--- as he knew that GE was doing fraud through my filing..he made my life and case miserable by finding alwayer – as he didn't like my filings..and since GE was desperately spying on me – and not me have win the lawsuit – there was ZERO chance that I would have got any lawyer to represent me- especially when I mentioned to alwyers billions in lobbyng, whitehosue etc..none of the lawyer thought that they can win this case against corruption..so my FTCA claims since 2016…how come my claims are untimely..when federal judge- USCOURTS employee since 2016 was involved and knew/aware of GE fraud.

76. As per 29 CFR § 15.101(b), Trivedi is the injured person. And as per 29 CFR § 15.101(e) claims involve acts or omissions of USCOURTS and DOL employees.

77. Trivedi suffered / has been suffering injuries due to wrongful acts of USCOURTS and DOL employees.

78. BIVENS claims - against -Individual federal employees – DOL Secretary Martin **Walsh, chief of staff Daniel Koh,** in their official & individual capacity ,**OSHA and – Anthony** Rosa, Frederick James, Doug Parker, Tamara Simpson, Robert Kuss, Willaim Donovan, Denise Keller, Nathan Terwilliger, William Trepanier in their official & individual capacity --- Office of the Administrative Law Judges And ALJ – Timothy McGrath in official & individual capacity. Solicitor office SOL –and FTCA employee  Stefan Babich , Sarah Naji in their  official & individual capacity, Administrative Review board, and TAMMY L. PUST, SUSAN HARTHILL, THOMAS H. BURRELL at DOL in their official & individual capacity.

## 16  PLAINTIFF'S AND CLASS MEMBERS' DAMAGES

79. Bringing class action requires a big lawfirm….
. (1)Court can certify this as class action, (2)consider my mitigating circumstances…( NOTE that GE has in past STOLE my quitam attorney Andrew Beato, of Washington DC…by spying on me..and contacting Andrew's partner to represent GE – so Andrew left my case after two months) (3) or appoint an attorney if court wish  (only for class action PURPOSE – I am happy to fight my individual case as Pro Se-- because these claims involve public safety, health, data, greater good of society.**(4) class action claims are presented by Trivedi here and, as this complaint show that these claims HAVE MERIT, are valid, genuine – then Trivedi's INDIVIDUAL COMPLAINT aka INDIVIDUAL CLAIMS are also with MERITS, valid & genuine; and dismissal of those by corrupt judges and DOL employees  - was done under corruption** … **Thus Trivedi prevails in this NEW LAWSUIT, INDIVIDUAL level complaint filed with Southern district of New York court.**

80. Plaintiff brings this action on behalf of herself and on behalf of all other persons **Similarly situated ("the Class").**

**Plaintiff proposes the following Class definition, subject to amendment as appropriate:**

### 16.1  The "GE stock Class"

Class members are GE  shareholders; who owned, held GE stock…All persons who suffered loss; directly or indirectly due to GE's securities related omissions, misleading statement – leaving material information being and keeping stakeholders in DARK,  as mentioned **in this lawsuit related to remote connectivity, InsiteEXC disclosures – starting from 2014 when Scott Erven's finding was reported to GE & was in media but GE choose not to FIX these vulnerabilities – NOR make public disclosure…, internet of things' ROSY fake picture by GE.(the "GE stock Class"). …GE has not denied securities fraud – nor Judge Kelley/ Saris--- but both GE/ judges combo have said that Trivedi should not have relied on GE's misleading statement if Trivedi KNEW GE was doing fraud. But what about similarly situation class members…they didn't know about GE's fraud.**

### 16.2  The "WHISTLEBLOWER CLASS"

 All persons who suffered retaliation by GE, adverse action(s), including but not limited to leading to termination; as a result of engaging in protected activities aka whistleblower acitivites; starting from 2011 to PRESENT (the **"WHISTLEBLOWER CLASS"**).

### 16.3  The "TITLE VII discrimination & Retaliation Class"

All persons who suffered discrimination by GE, because of their gender, race, nationality, marital status, pregnancy; were not promoted ,received equal pay as to their male counter parts because of these factors - starting from 2011 to PRESENT (the "equal opportunity & affirmative action Class").

All persons who suffered retaliation because they reported to GE above mentioned discriminatory treatment by GE; starting from 2011 to PRESENT (the**"TITLE VII discrimination & Retaliation Class"**).

81. EEOC has been given 50 plus class members information but EEOC has declined to open systemic enforcement action

**82.** Also, January 2021 OFCCP (Department of labor agency)was also presented 50 plus GE employees information for group / class investigation. They also didn't investigate. Full corruption at the agency **EXHIBIT 10.7**

83. GE and judges from district court of Massachusetts and first circuit are already **aware of the class action allegation related to this class – but have ignored it..and illegaly dismissed Trivedi's claims with prejudice – just as UNTIMELY.. but under class litigation – it would be under class period from 2011 to present.**

84. Plaintiff hereby reserves the right to amend or modify the class definitions with

36

greater specificity or division after having had an opportunity to conduct discovery. The proposed

Class meets the criteria for certification under Rule 23(a), (b)(2), (b)(3) and (c)(4).

## 17  VENUE AND JURISDICTION

85. This court has jurisdiction over Securities Exchange Act of 1934,15 U.S.C. 78j(b),
Rule 17 C.F.R. 240.10b-5.

86. Securities fraud and representing for SEC allows nationwide service and process .
The court further reasoned that the judicial powers of the federal courts are not limited by boundaries

of particular district.. Due Process requires only that a defendant in a federal question suit have

minimum contacts with the United States, the sovereign that has created the court.

**Therefore, this Court can exercise personal jurisdiction over defendants because they have**

**minimum contacts with the United States.[2]**

87. 28 U.S.C § 1391 venue is proper since GE has office(s), reside and have operations in
this district. Thus, 28 U**.S.C. §1391 permits a corporation to be sued in any judicial district in**

**which it is licensed to do business** or is doing business in that such judicial district is regarded as the

residence of such corporation for venue purposes.

88. **As noted above, under 28 U.S.C. §1391, venue against a corporation will**
**lie in any judicial district in which it is incorporated, licensed to do** business or is doing business.

89. Defendant General Electric and GE healthcare – are considered "corporation" and are

---

[2] "See, e.g., Busch v. Buchman, Buchman O'Brien, Law Firm, 11 F.3d 1255, 1257-58 (5th Cir. 1994) (holding
that a court can exercise personal jurisdiction over a defendant in a federal question case if the defendant has
minimum contacts with the United States); United Liberty Life Ins. v. Ryan, 985 F.2d 1320, 1330 (6th Cir.
1993) (concluding that a federal district court can exercise personal jurisdiction over defendants when the
federal statute in question provides for nationwide service of process); United Elect. Workers v. 163 Pleasant
Street Corp., 960 F.2d 1080, 1085-86 (1st Cir. 1992) (holding that in federal question cases sufficient contacts
to justify the assertion of personal jurisdiction exist whenever the defendant is served within the sovereign of
the United States);..  The national contacts analysis requires that defendants have national contacts with the
United States, not the State of[]. Jim Walter, 651 F.2d at 256-57. Defendants are within the territorial
boundaries of the United States, residing in the State []. Therefore, this Court can exercise personal jurisdiction
over defendants because they have minimum contacts with the United States.  ")

"multistate" corporations. GE is incorporated in New York. GE and GE healthcare is licensed to do

business and are doing business in judicial district of district of NEW YORK; as such it is regarded as

the residence of GE and Ge healthcare for VENUE purposes.

90. **Complaint alleges violations of federal securities laws in connection with GE's public filings. As per 15 U.S.C.§ 78aa. The Exchange Act's venue provision establishes nationwide service** of process and, this Court also has jurisdiction over her remaining claims as well.

91. The national contacts doctrine provides that in federal question cases, the court has personal jurisdiction over defendants when there is a statutory provision for nationwide service of process and defendants have sufficient contacts with united states, not the state in which the federal court sits. *Federal trade commission v. Jim walter corp.,* 651 f.2d 251, 256-57

92. This court has jurisdiction pursuant to Sarbanes-Oxley Act, PUBLIC LAW 107–204. This court has jurisdiction over plaintiff's claims pursuant to Whistleblower

Retaliation under Dodd-Frank Act 15 U.S.C. §78u-6(h)(B)(i)-An individual who alleges discharge or

other discrimination in violation of subparagraph (A) may bring an action under this subsection in the

appropriate district court of the United States for the relief provided in subparagraph (C).

As per 15 U.S.C. §78u-6(h)(1)(B) (iii) ;within six  to ten years after the date on which the violation of

subparagraph (A) occurred. **GE can't force mandatory arbitration agreement under**

**this/whistleblower provisions.**

93. Plaintiff has bought these claims within statute of limitations  after the date on **which violations occurred/ she became aware. Therefore, this court has original Jurisdiction of this matter..as district of Massachusetts court and judges have corruptly ignored everything related to this and all Trivedi's claims.**

94. This court has jurisdiction over all defendants' (mentioned in this **complaint)violation of common law.**

95. Court has supplemental jurisdiction for claims arising out of related this matter.

96. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question statue), 28 U.S.C. § 1343

97. This Court has subject matter jurisdiction over this action under the Class Action **Fairness Act, 28 U.S.C. § 1332(d)(2).** The amount in controversy exceeds $5 million,

exclusive of interest and costs. Upon information and belief, the number of class members is in the hundreds of thousands, many of whom have different citizenship from Defendants, including the named Plaintiff here.

98. This case arises, in part, under federal statutes including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000C, et. seq. Therefore this court has original jurisdiction.  First circuit was presented with Right to Sue Notice issued by EEOC **(EXHIBIT 5)** Chicago in 2021; while appeal was PENDING at the first circuit. EEOC considered TRIVEDI' EEOC CHARGE timely..GE submitted 2 PAGE RESPONSE to Trivedi's EEOC charge **(EXHIBIT 6)** – GE wrote that there was an arbitration I PAST..and ARBITRATOR awarded GE and dismissed Trivedi's claims. While in District court of Massachusetts – magistrate judge Kelley – dismissed Trivedi's VII claims as failure to timely exhaust administrative REMEDIES. First circuit judges ignored NEW EVIDENCE..

99. This court along with original jurisdiction for other claims ; here 9 USC § 10(a)(3) FAA allow for vacatur  for other arbitrator misconduct that leads to an unfair arbitration hearing, including (2) a refusal to hear evidence pertinent and material to the controversy, or (3) other misbehavior that substantially prejudices the "rights of any party."  **Trivedi also assert that she has good faith basis for challenging arbitral award.**

**100.**   Jenny Schrager, Partner at Fragomen, Del Rey, Bernsen & Loewy, LLP considered GE business artners and GE defendants –located in New York; Hence VENUE is proper for jenny and Fragomen defendants.

101.   VENUE can be agreed upon by CONSENT.

102.   Foley & Mansfield lawfirm -defendants Through their business operations in this District, intentionally avail themselves of the markets within this District to render the exercise of jurisdiction by this Court just and proper. Foley & Mansfield law firm is doing business in this judicial district; as such it is regarded as the residence for VENUE purposes.

**17.1  Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) ;29 CFR Subpart B - Claims Against the Government Under the Federal Tort Claims Act  29 CFR § 15.100 (a)**

103.  SF -95 form has been filed with USCOURTS agency..and FTCA claims are pending

104.  SF-95 form has been filed with DOL. And on August 2022- DOL denied Trivedi's FTCA claims.

105.  Since I am bringing FTCA and BIVENS claims against first circuit court – second circuit court is appropriate venue and has jurisdiction. I have sent several emails to judicial conference, made up of circuit judges and district judges about these issues- starting from the time when magistrate judge Kelley was being reappointed.

106.  Claims against  USCOURTS agency and DOL, Federal courts have jurisdiction over these claims if they are "actionable under §1346(b)." Meyer, 510 U. S., at 477.  FTCA, 28 U.S.C. §§ 2671-2680

107.  VENUE is proper for FTCA claims – administrative remedies have been exhausted under 28 U.S.C. § 2675 with DOL.see below claims FTCA against DOL …

*This office has carefully reviewed your administrative claim filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. This review discloses no liability on the part of the United States. Your claim is therefore denied.*

*You are advised of your right to file suit in an appropriate United States District Court within six months of the date of the mailing of this letter if you are dissatisfied with the results of this determination.*

**U.S. Department of Labor**          Office of the Solicitor
                                      200 Constitution Ave., N.W.
                                      N-2625
                                      Washington, DC 20210

August 22, 2022

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

Madhuri Trivedi
607 Boylston Street, PMB 334 – Lower Level
Boston, MA 02114

Re:   FTCA Claim against Department of Labor

Dear Ms. Trivedi:

This office has carefully reviewed your administrative claim filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* This review discloses no liability on the part of the United States. Your claim is therefore denied.

You are advised of your right to file suit in an appropriate United States District Court within six months of the date of the mailing of this letter if you are dissatisfied with the results of this determination.


Sincerely,

*Sarah G. Naji*

SARAH G. NAJI
Counsel for Claims and Compensation


### 17.2  BIVENS

District Court had jurisdiction under 28 U.S.C. § 1331 (a) for Trivedi's claim. *Bell* v.

*Hood*, 327 U.S. 678 (1946) Claims for violations of constitutional rights pursuant to **Bivens v. Six**

**Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971)**;Supreme

Court ruled that an implied cause of action existed for AN INDIVIDUAL whose violation of

constitutional rights. So this court has jurisdiction for individual capacity claims against government

officials.

108.   Trivedi's imply a cause of action under *Bivens* EXISTS for claims against federal judges – because " Congress has NOT provided, 'an alternative remedial structure '"..
109.   Additional jurisdiction [how MAD dismissed Foley claims by citing personal jurisdiction –
when It was subject to nationwide service. This is corruption…This Paragraph also applies to all DEFENDANTS in this lawsuit by Trivedi, for jurisdiction purpose as well

### 17.3  FEDERAL JUDGE ANDREW HANEN IN BROWNSVILLE TEXAS

110.   Judge Hanen READ my ENTIRE GE and DHS/immigration file for a person of **extra ordinary ability...I contacted his chambers and they forwarded 6 pound of material to judge which he hi**mself read. He wrote to Department of justice attorney Rick Lara to do GRAND JURY CRIMINAL INVESTIGATION about GE and also concluded that I have met burden to prove that I am a person of extra ordinary ability..His finding have DICTA weight and importance as a FEDERAL **Judge...** Judge Hanen Read my GE file for whistleblower retaliation and arbitration and

found illegal , criminal conduct so he wrote to do GRAND JURY criminal investigation about GE, GE medical devices, my termination, fraud, violations and this whole things.

And I also sent him my Immigration petition EB1 file that I petitioned with USCIS –(United states citizenship and immigration services)..He separately concluded that I am a person of Extra ordinary ability and in national interest waiver as that's what the petition I filed with immigration after I was illegally( including but not limited to in retaliation and for not joining GE's fraud scheme) terminated by GE…I screwed up by not filing in Brownsville, TEXAS where federal Judge Hanen was Presiding and instead filed DHS lawsuit in California and got stuck with judge Donato. Judge Hanen would have ruled in my favor in my DHS case (he told me that when I told his chambers that my father had died ) and also in my favor in GE matter---he would have ordered grand jury criminal investigation though court order, and held GE responsible for all the things they did FBI agent in Brownsville Texas were judge wrote to do GRAND JURY investigation--

--- Shaun Owen FBI agent wanted to put GE as a criminal organization ---

   ---------- Forwarded message ----------
   From: **Lara, Rick (USATXS)** <Rick.Lara@usdoj.gov>
   Date: Thu, Oct 1, 2015 at 1:08 PM Subject: FW: Fwd:
   To: "Owen, Shaun H. (SA) (FBI)" <Shaun.Owen@ic.fbi.gov>Cc: Madhuri Trivedi

   Shaun, I am forwarding the e-mail as discussed in our phone conversation. Thanks,RL

## 18   TIMELINE & PROCEDURAL HISTORY

PLEASE see EXHIBIT 3 – for detailed DATE wise history & timeline

## 19  Savings provision under Mass. G.L.c. 260, § 32, would apply to an action duly commenced in another jurisdiction [3]

   Trivedi had these two state law claims filed TIMELY under statute of limitations(1)Wrongful termination in violation of public policy and (2) Breach of the implied covenant of good faith and fair dealing Breach of contract good faith, Breach of  fiduciary duty ;in district of Columbia lawsuit as .

**Well; …Massachusetts savings statute also apply..But judge Kelley , Saris and first circuit judges have corruptly denied those too.**
**See EXHIBIT 2 for details & legal arguments.**

## 20  EQUITABLE TOLLING

   111.    [E]quitable tolling is available when 1) "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,"  GE

defendants including Fragomen and jenny –by withdrawing H1

---

[3] *Rodi v. S. New Eng. Sch. of Law,* 389 F.3d 5, 18 (1st Cir. 2004). Under Massachusetts law, if an action is commenced within the limitations period and then dismissed for "any matter of form," the plaintiff is entitled to "commence a new action for the same cause within one year after the dismissal." Mass. Gen. Laws ch. 260, § 32;

B, conspiring to not being able to extend H1 B because GE and Jenny knowingly didn't file PEM 365 days before expiry..—Trivedi ended up studying laws, became law student and almost a legal professional from the day she was illegally fired till date(in the interim she worked on her startup "orangehealth" and fought DHS lawsuit….Pat Hale MIT professor mentioned and advised Trivedi that GE has lots of influence everywhere and GE would spend endless time money and resources fighting and dragging lawsuit..while if I sue DHS then government has not as much resources in terms of time, money, number of lawyers ; hence Pat hale said that I have better luck fighting DHS lawsuit..due to GE's influence and lobbying…plus I was so frustrated with CORRUPTION during arbitration and lawyers told me that perjuries that GE manager did during arbitration same they will/can do in a federal lawsuit---plus I had to do tons of research on my own to fight GE lawsuit to find out..The mistake I made was I should have GE as a codefendant in my DHS lawsuit but I didn't know at that time that one can have codefendants as government and corporation GE—no attorney told me so as well.

  112. Hence Plaintiff Trivedi incorporates by reference, as though fully set forth herein Equitable tolling as it applies to cause of actions brought here in this complaint.

## 21   CAUSES OF ACTION

  113. Plaintiff  realleges, reasserts, and incorporates by reference the facts and allegations stated **in the previous lawsuit(s) Trivedi v. General electric at district court and at first circuit**; also DHS lawsuit filings in district court, ninth circuit, supreme court, as though fully set forth herein, as well as facts currently unknown.

### 21.1   FIRST COUNT
### Securities Exchange Act of 1934,15 U.S.C. 78j(b),Rule 17 C.F.R. 240.10b-5

### (GE Defendants, Fragomen Defendants As GE Business Partners)

  114. Plaintiff  realleges, reasserts,  incorporates by reference the facts &allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

  115. Class action claims for securities fraud – as Trivedi and similarly situated owner/ holders of GE stock.

  116. Following Cases that held misleading product and service information to be the **basis for Rule 10b-5 liability and 17 C.F.R. § 229.303(a)(3)(ii);**

   1)*Warshaw v. Xoma*, 74 F.3d 955 (9th Cir. 1996); *In re Apple Computer Sec. Litig.*, 886 F.2d 1109 (9th Cir. 1989); and *In re Carter-Wallace Sec. Litig.*, 150 F.3d 153 (2d Cir. 1988).

   2) Donald C. Langevoort & G. Mitu Gulati, *The Muddled Duty to Disclose Under Rule 10b-5*, 57 Vand. L.Rev. 1639, 1680 *(2004). It follows that Item 303 imposes the type of duty to speak that can, in appropriate cases, give rise to liability under Section 10(b).*

  117. Trivedi allege that as per SEC rule 10b(5) ;GE's failure to make adequate **disclosures under**

43

- ✓ **Cybersecurity risks, Regulation SK Item 503 (**17 CFR § 229.503-Prospectus summary and risk factors**),**
- ✓ **Management discussion of cybersecurity issues under Regulation S-K Item 303**
- ✓ Material weaknesses in internal controls under SOX Sections 302 and 404 addressing cybersecurity
- ✓ *GE failing to disclose cyber security, information security issues,465 critical defects could be committing shareholder fraud or violating SEC rules relating above items*
- ✓ InsiteEXC issues that materially affect the operations.

**may serve as basis for a Section 10(b) claim against GE.**

118.    GE as a public company required to address cybersecurity issues in its public filings pursuant to its requirement to disclose significant risks to its business. If in doing so GE("company") omits known, actual threats, it may violate the securities laws. See *Matrixx Initiatives, Inc. v. Siracusano*, 131 S.Ct. 1309 (2011) –

119.    Had defendants performed their fiduciary duties, GE stock owner / holders would not have suffered over losses from conducted actions that ended up jeopardizing its employees' retirement benefits.GE violated the law by not informing and protecting GE 401(k) participants' best interests when GE did securities fraud related to Remote connectivity platform, Insite EXC, not disclosing to SEC.gov, investors –misleading, painting fake rosy picture, not disclosing liability, defects from 2013 onwards --Scott Erven reported in 2014 to GE. Later when Trivedi sent email to Larry Culp in 2019 – within one month GE removed section from sec.gov 10-k filing.

120.    company may violate SEC Rule 10b-5 when making public disclosures if it misstates or omits a material fact See 17 C.F.R. § 240.10b-5 – that's what GE did for it's 465 defects, shity InsiteEXC and cybersecurity issues.

121.    I didn't HIRE OR PAY David Nelson **EXHIBIT 10.14 . He looked at my claims as a FELLOW** MIT alumni like me. He was SEC regional director prior to that) reviewed my matter in 2013-2014 **but he didn't mention to me which whistleblower laws, which SEC laws, what needs to be done next ,**-only things he mentioned after reviewing along with his assitant was that I have valid, SEC claims against GE but his law firm represents defendants and also they change hundreds of thousands in retainer and lot more to represent me in SEC matter.

### 21.1.1 "An omission is actionable under the securities laws when the corporation is subject to a duty to disclose the omitted facts[4]

122.    As required elements of those filings, Item 303 disclosures "give GE investors an opportunity to look at the registrant through the eyes of management by providing a historical and prospective analysis of the registrant's financial condition and results of operations. Due to the obligatory nature of these regulations, a reasonable investor would interpret the absence of an Item 303 disclosure to imply the nonexistence of "known trends or uncertainties

123.    If GE would have disclosed InsiteEXC material information ; it would have given GE shareholders; TRUE STORY and STATE;about their connectivity. It would have made investors take into consideration HIGH STAKE and RISKS< LIABILITIES that connecting GE assets to internet brings.

### *21.1.2 Web content inadvertently be considered an offer to sell or solicitation to buy Securities; and GE engaged into Several Deceptive practices*

124.    The SEC has acknowledged the role of company websites and social media **platforms in communicating with investors (e.g., for purposes of Regulation Fair Disclosure, or "Regulation FD")**

*According to the SEC in the May 2000 Release (see Section II(B)(1)), a company may be subject to the antifraud provisions of the federal securities laws for any page on its website if the page "reasonably could be expected to reach investors or the securities markets regardless of the medium through which the statements are made, including the Internet."*

125.    By continuously releasing even after Plaintiff raised and reported retaliation that "Insite is defective" – GE continued releasing "InsiteEXC". 18 U.S. Code § 1343. Fraud by wire, radio, or television -includes any writings, signs, signals, pictures or sounds transmitted by wire, radio or television in interstate or foreign commerce.(ECF  51-3 Page 126 -133) GE product).

126.    GE on

✓ *it's website,*
✓ *on internet,*
✓ *youtube video ( https://www.youtube.com/watch?v=xUOw2A0t9vE  ) which was uploaded to youtube on January 30,2013 touting instant connection, data protection, proactive monitoring, remote maintenance, system security,maximized up-time while omitted defects;*

---

[4] " In re Time Warner Inc. Sec. Litig., 9 F.3d 259, 267 (2d Cir.1993); see Glazer v. Formica Corp., 964 F.2d 149, 157 (2d Cir.1992). Such a duty may arise when "statute or regulation requiring disclosure," or **a corporate statement that would otherwise be "inaccurate, incomplete, or misleading.**" Glazer, 964 F.2d at 157 (quoting Backman v. Polaroid Corp., 910 F.2d 10, 12 (1st Cir.1990) (en banc)); accord Oran v. Stafford, 226 F.3d 275, 285-86 (3d Cir.2000).

**GE Healthcare**
Published on Jan 30, 2013

A service platform engineered for a fast, efficient response.

GE has developed a unique technology which allows its service engineers to look into the heart of any equipment linked by a broadband connection. From a distance they can examine the error log, check functioning of individual parts, and diagnose what actions are needed to fix the problem.

✓ *sales, marketing and while using product in hospitals product manuals concealed InsiteEXC defect, cybersecurity vulnerabilities- **hence plaintiff allege that GE committed fraud.***
✓ Sales information online for medical devices and public press release----and

elsewhere where GE ommitted and misstated /failed to disclose any Insite issues/facts/truth --instead

bolstered it .youtube video ( ***ECF*** 51-3 Page 126 -133).

127.    Plaintiff states that, to the best of her knowledge, "this false data related Insite2 has been reported "as accurate" by GE in wire communications such as the Internet. Hence it is wire fraud.

128.    A company should assume that all or substantially all of its web content may expose it to liability under the securities laws. Material misstatements or omissions in web content may be violations of Rule 10b-5 under the Securities Exchange Act of 1934. In addition, as the definition of the term "offer" in Section 2(a) of the Securities Act of 1933 is interpreted broadly, many web pages, including web pages intended to serve market or promotional functions, might be considered to contain an offer under the Securities Act.

### 21.1.3  GE's omission of facts pertaining to an actual, known risk could violate the requirements of Regulation S-K Item 303 and Rule 10b-5.

129.    Thus, reporting an information security issue that contradicts or undermines the company's management discussion and analysis of cybersecurity could be protected under SOX.

130.    It also seems GE's failure to state on its Form DEF 14A filings anything related to InsiteEXC may be an omission of material fact the disclosure of which would have made the proxy statements "not false or misleading." *Id.* § 240.14a-9(a). Thus, in complaining that relevant information did not appear in these SEC filings as required, Plaintiff allegedly implicates SEC rules **violations; which are sufficient to state a plausible claim under SOX.**

46

==Along with filings in 10-K, 8-K ,10-Q and violations of 15 U.S.C. § 7213(a)(2)(A)(iii)(III) a== ==description, at a minimum, of material weaknesses in such internal controls, and== of any material noncompliance found on the basis of such testing and;

 Sec¬tion 302 of SOX requires a corporation's CEO and CFO to personally certify the accuracy and completeness of financial reports, and they must assess and report on the effectiveness of internal controls around financial reporting.( 16 15 U.S.C. § 7241)

131.    To best of plaintiff's knowledge and search using -EDGAR Search Tools on SEC.gov website; searching GE's public filing with SEC including since 2007 to 2018;type of filings 10-Q, 10-K, 8-K, DEF 14-A…

132.    Also in SEC filings dated 2013 till date; it shows that GE painted ROSY picture , look trendy and cool--of it's digital solutions (Internet of Things platform where Jeff Immelt put billions). Mentioned that "it's market is up to $8 billion and wants everybody using it" as stated in 8-K form; but totally failed to consider RISKs, liability –even that putting many GE assets such as (Trivedi worked on jenbacher gas engines – internet of things platform in Boston)—Because many GE assets are age OLD, due to several limitations of computing processing power, processing memory available, unable to get cyber security patches and upgrades due to these reasons.. This is misleading given that GE has lessons to be learned from INSITE EXC where GE recklessly connected medical devices on internet…Making cyber security vulnerabilities FOOTPRINT wider and Broader.

133.    GE DEF 14A –annual reports from 2012, 2014,2011,2013 has no mention of broken InsiteEXC( period related to Trivedi's employment and arbitration)

134.    All of these filings 10-Q, 10-K, 8-K, DEF 14-A has no mentioning about cyber security before and since Madhuri was doing mediation/ arbitration in 2013 /2014—

135.    In 2015 --DEF 14A says they care paying attention to cybersecurity in **GENERAL while no mention of InsiteEXC ..**because after reading DEF 14 A it looks nice that how GE is doing ==in digital== world – internet of things –but at the same time have not addressed and kept public vulnerable to hacking attacks; and in effect CIRCA STONEAGE.

136.    Later in 2016- 2017 filings GE included generic disclosures in their management discussion and analysis about cybersecurity issues that could materially affect the corporation's financial condition and operations.

137.    Also ---but intentionally not disclosing that still their CYBERSECURITY for these connected devices is in STONEAGE; vulnerable to hack, exploit and manipulation by a LOW SKILLED person(anyone with a low skill could hack and attack, take full control of medical device, stop device from functioning, change setting and more of such attack vector) which GE knew since 2014..But never made it public, nor filed any SEC filing in terms of 10-K, 10-Q, 8-K , DEF 14-A. No mention in **Item 7. Management's Discussion and Analysis of Financial Condition and Results of Operations,** SIGNIFICANT TRENDS & DEVELOPMENTS MD &A,Forward-Looking Statements, "Risk Factors"  , Item 7  operations.. Forward-Looking Statements" in GE's most recent earnings release or SEC filings; and●      the other factors that are described in "Risk Factors"

138.    But GE's omission of facts pertaining to an actual, known risk about InsiteEXC cybersecurity vulnerabilities and Scott Erven's hacking exploit report from 2014, my internal reports from 2011 to 2013 to GE and later in 2014 during arbitration, and even when I sent email to Mr. Flannery in 2017 violate the requirements of Regulation S-K Item 303 and Rule 10b-5. Thus, reporting an information security issue that contradicts or undermines the company's management discussion and analysis of cybersecurity is protected under SOX, Dood Frank act.

139.    Misleading statements or omissions of fact are included in forward-looking statements, the corporation GE may not be insulated. Required forward-looking disclosure including totality of the company activity."

140.    GE  violate Sections 302 and 404 of the Sarbanes-Oxley Act as it fails to disclose material weaknesses in its internal controls related to information security. From 2007 to 2014 till Trivedi's arbitration ; GE had not mentioned such cybersecurity related controls and it's weakness. Section 404 of SOX requires a corporation to assess the effectiveness of its internal controls in its annual reports, and an outside auditing firm must evaluate that assessment. Material weaknesses in those internal controls must be identified. 15 U.S.C. § 7213

141.    Section 302 of SOX requires a corporation's CEO and CFO to personally certify the accuracy and completeness of financial reports, and they must assess and report on the effectiveness of internal controls around financial reporting.( 16 15 U.S.C. § 7241) .All these years – GE leadership has certified sec filings.

142.    Plaintiff also allege that GE "knowingly failed to comply with its Business Code of Ethics, an internal control relied upon by both its auditors and shareholders," and that such failure "renders the signature of its Chairman of the Board and Chief Executive Officer on its annual report a violation of the Securities and Exchange Act and SOX.

143.    Trivedi has alleged "a strong inference of scienter" with respect to GE's failure to

48

disclose..Trivedi has pleaded scienter adequately, satisfying statute requirement. Plaintiff Trivedi allege facts giving rise to a "strong inference that the GE acted with the required state of mind." *Id.* § 78u4(b)(2)(A). Trivedi has  "alleged facts (1) showing that the GE had both motive and opportunity to commit the fraud (2) GE 's action constituting strong circumstantial evidence of conscious misbehavior or recklessness."   Intent so GE can continue sale/ service contracts by not getting exposed to corporate credibility, loose their market share, sales, revenue and more".

### 21.2   SECOND COUNT
### Whistleblower Retaliation under Dodd-Frank Act, 15 U.S.C. §78u-6(h); SEC Rule 17 CFR § 240.21F-2
**(GE Defendants, Fragomen Defendants As GE Business Partners, Foley & Mansfield)**

144.   Plaintiff  realleges, reasserts, and incorporates by reference the facts and allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

145.   As alleged in First cause of action violations related to SECURITIES EXCHANGE ACT OF 1934, 15U.S.C. 78j(b), AND 17 C.F.R. 240.10b-5 ;The second cause of action regarding Dodd Frank Whistleblower protections establishes that GE was violating **EXCHANGE ACT OF 1934, 15U.S.C. 78j(b), AND 17 C.F.R. 240.10b-5;** making  misleading statements and HENCE plaintiff Trivedi is dodd frank whistleblower  under **18 U.S.C.§ 15 U.S.C. § 78u-6(h) ;SEC Rule17 CFR § 240.21F-2..**

**Jordan Thomas – who is a former deputy director of sec.gov enforcement unit– I have spoken with Jordan Thomas– who now represents whistleblowers and have recouped hund**reds of millions in attorney fees for whistleblower award.. I had contacted him during Massachusetts lawsuit in which corrupt judge Patti Saris was presiding. And after looking at my case– he said his law firm doesn't take cases; those ALREADY in progress, aka ALREADY FILED IN COURT…; even though my case has MERIT**S. But He had said that because I filed my lawsuit in 2019 at district of Massachusetts; with SEC rule 21 F-2 as one of claims…and sec.gov incorporated Supreme court's Digital realty v. Somers in December 2020 - it doesn't affect me..because when I filed my lawsuit SEC.gov rule 21 F-2 did protect internal whistleblowers –..that's what as my attorney would have argued in court – if he would have represented me..**.

49

146.    [Dodd-Frank], which had a six-year statute of limitations – Trivedi was terminated on May 31, 2013 – Trivedi filed District of Columbia lawsuit May 2019 – within SIX years. As per 15 U.S.C. §78u-6(h)(1)(B) (iii) ;within six  to ten years after the date on which the violation of subparagraph (A) occurred.action along with first cause of action)

147.    Protected Activity Need Not Describe an Actual Violation of the Law .Madhuri reported to her lead, manager David Mehring, senior manager Carl Conrath, CEO Mike swinford, general manager david elario, HR manager Mike Truman and later Mike Truman's place/role was taken by a new HR manager Ayesha Khan so to her, architect Bill Barbiaux, architect nate davis, manager dave sallis, Chief financial officer , Program manager Nicole Boyle, CTO Tim kottak and few others. She did written communication via emails, note memo, and personal meetings.

SEC's expectations highlights the role of "cybersecurity whistleblowers," those _reporting internally, in building the type of improved corporate culture necessary to discover and remediate cybersecurity risks._ GE people knew that Trivedi engaged in such protected activity. Trivedi was terminated after being framed to improved her relationship skills.

148.    Trivedi made disclosures that were required or protected under the Sarbanes-Oxley Act of 2002 (15 U.S.C. 7201 et seq.), the Securities and Exchange Act of 1934, including 15 U.S.C. section 78j-1 (m), section 1513 (e) of title 18, and other laws, rules, or regulations subject to the jurisdiction of the SEC.Trivedi had both a subjectively and objectively reasonable belief that the conduct being reported violated a listed law, rule, or regulation.

149.    A material defect is one that the Seller is aware of and would have materially impacted your **terms of** purchase and which the Seller was aware. GE as a SELLER has been fully aware of Remote connectivity related material defect….

150.    Since GE & Judges take JUDICIAL notice of Trivedi's DHS lawsuit – Trivedi had asked a QUESTION in her WRIT of CERTIORARI " if DODD FRANk whistleblower protections apply to internal whistleblowers ?" – in her January 2018 filings.. And one month after that in February 2018 Digital Realty v. Somers case supreme court ruling came out..So Trivedi's count under 15 U.S.C. 78j(b) is timely – this is one of the reason to consider it timely..

151.    GE managers, senior management knew or recklessly failed to ascertain whether those statements were false and misleading. this behavior, in violation of the Securities and Exchange Act. SEC. 302. <<15 USC §7241.>> CORPORATE RESPONSIBILITY FOR FINANCIAL REPORTS.

152.  ==Prout v. Vladeck, 371 F. Supp. 3d 150. 156,157, 159 (S.D.N.Y. 2019)==
Although the Supreme Court ultimately held in <u>Digital Realty Trust, Inc. v. Somers</u> that
Dodd-Frank does not cover internal whistleblowers like Prout, ⎯⎯ U.S. ⎯⎯, <u>138 S.Ct. 767,
772-73</u>, <u>200 L.Ed.2d 15</u> (2018), VRC argues that "numerous district courts within the Second
Circuit and elsewhere had" come to the opposite conclusion at the time VRC chose not to
prosecute Prout's SOX claim, VRC SJ Mem. 5. As such, VRC argues, it was reasonable to
pursue only the Dodd-Frank claim. <u>Id.</u> at 6.")("he Court finds that VRC has not demonstrated
the absence of a triable issue. Even if some courts had held as of May 2015 that Dodd-Frank
covered internal whistleblowers like Prout,.................The are genuine disputes to
resolve at trial, and they preclude the Court from granting summary judgment for VRC on the
issue of whether its handling of Prout's SOX claim was negligent.")

153.  Prout case, where dismissal of malpractice claims were DENIED in 2019( after
supreme court's Digital Realty ruling) **– Foley Lawyers didn't advise Trivedi for SEC internal
whistleblower claims [Even if some courts had held as of May 2014 that Dodd-Frank covered
internal whistleblowers like Prout (TRIVEDI)]; Foley never advised Trivedi.**

Arbitrator award was given in August 2014, **the day Trivedi received arbitration email- she**

**emailed it to Foley & Mansfield** partners , but , instead of mentioning Trivedi right to file motion to

vacate under <u>9 U</u>.S. Code § 12; these lawyers forwarded me to Quitam lawyers.. **..Hence I request**

**<u>this court</u> to CONSIDER MITIGSTING CIRCUMSTANCES THAT WERE BEYOND**

**CONTROL AND KNOWLEDGE OF TRIVEDI that this**.

Trivedi can't PAY 20 LAWFIRMS to advise her..she had paid Foley
& Mansfield…and at that time –in 2014 **Dodd-Frank covered internal
whistleblowers like Trivedi. In Prout v. Vladeck, 371 F. Supp. 3d 150. 156,157, 159
(S.D.N.Y. 2019)  ; JED S. RAKOFF, U.S.D.J.d**enied defendant lawfirm's summary judgement for
dismissing malpractice claims because Like TRIVEDI – PROUT had presented valid facts for Dodd
Frank whistleblower retaliation claim AkA Trivedi's this claim– and lawfirm failed. (".These are
genuine disputes to resolve at trial, and they preclude the Court from granting
summary judgment for VRC on the issue of whether its handling of Prout's SOX claim
was negligent.")

Later for DHS lawsuit– Trivedi studied/read those laws – but there was no way that "NOT

being an attorney" – Trivedi would have known about her right to go to court for Dodd Frank...DHS

lawsuit was to SUCCEED in my startup..and I already contributed…by fixing

immigration..**Searching EDGAR, reading SOX, sec.gov filings - was something not LAYMAN**

like Trivedi skilled at the time of DHS lawsuit..this has been a journey – to be a law student
&enhancing my legal skills…

154.    Trivedi's protected activity discussed above was a contributing factor—and
indeed the reason for—her termination.

### 21.3  THIRD COUNT
### Violations of whistleblower protections under Sarbanes-Oxley Act,8 U.S.C. §1514A, et seq. ,Pub. L. 107-204
### ( GE Defendants, Fragomen Defendants As GE Business Partners)

155.    Plaintiff  realleges, reasserts,  incorporates by reference the facts &allegations stated in
the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

156.    OSHA history -As Plaintiff filed OSHA department of labor complaint
with Wisconsin-Chicago regional office via fax on May 3rd, 2014 ECF 51Page 33, ECF 51-3 Page

44).. OSHA erroneously responded on July 14, 2014 that it doesn't fit any of their 22 statutes. (ECF

51-3 Page 56)..in 2021 GE aviation engineer Alexanria Horne contacted Trivedi about her firing from

GE – for reporting cybersecurity violations..Trivedi advised her to file OSHA SOX and other fight—

later Ms Horne wrote to Trivedi that she had ongoing OSHA SOX matter and that she has submitted

50 GE victims – information to dol.gov agency OFCCP…so – after this – Trivedi contacted OFCCP

regional director…who informed Trivedi via email, phone conference that they haven't open

systemic investigation and confirmed that Ms. Horne has submitted 50 GE former employees'

data..and OFCCP director wrote Trivedi that they consider Trivedi's individual complaint as

untimely..

157.    Trivedi also contacted via email – OSHA regional supervisor William Donovan – who
assigned Trivedi's matter to Denise Keller and Nathan – OSHA supervisor and OSHA investigator.

Nathan told Trivedi on phone that he is afraid to investigate BIG company GE, because in doing so,

he could / would lose his job…and if Trivedi tells this to Donovan – he will dismiss her claims and

sent dismissal to GE. Trivedi emailed this to Donovan..Denise Keller on a conference call with

Nathan- said even if Nathan told being afraid thing—she would not consider Trivedi claims of 2014-

and she informed Trivedi that her 2014 complaint was closed administratively – so there was NO

RIGHT TO APPEAL to ALJ was mentioned in dismissal letter..and there is no record as it has been

destroyed.

158.    Trivedi contacted OSHA in 2021 because of Alexandria Horne – but GE has painted and wrote in court filings, ALJ & ARB filings – that for not having success at first circuit , district court – she came to OSHA again….total lie, manipulation..

### 21.3.1 Daniel Koh, OSHA, ROSA , 2021 complaint

159.    after that.. Trivedi emailed Daniel Koh…chief of staff of Martin Walsh, DOL
secretary, on July 2, 2021 –..asking KOH to forward Trivedi's letter to Mr. Walsh to
consider Trivedi's OSHA SOX claims timely and what happened in 2014.

160.    now Koh works at white house..it is – a reward to Koh for his bad behavior, actions and corruption. and for covering up GE's fraud… Jeff Immlet was Obama job czar during 2008

financial crisis– fox watching henhouse..and in my 2022 filings at first circuit and ARB – I had

mentioned below paragraph about Immelt – faking false job created DATA –now Koh at

WHITEHOUSE  these actions speaks thousands of words..

"when I moved to GE healthcare –in Wisconsin --- Jeff Immelt was OBAMA's job czar –
overseeing creating jobs- and actually he didn't create jobs at GE …GE people who were
seeing I was being abused then – were talking to me that Immelt is just creating some contract
jobs – for six months – and showing that jobs are created at GE… some were even for
outsourcing ….it was all fake… – – actual number of jobs created even after taking taxpayers
free bail out money …..was not happening"

161.    After sending 100 emails to Daniel Koh, Anthony Rosa , Frederick James – nothing
came out. Rosa also asked Trivedi on phone about how GE was doing WIRE FRAUD, MAIL
FRAUD – and in that same phone call told Trivedi that he will dismiss Trivedi complaitn as
untimely.

162.    September 2021- Rosa dismissed Trivedi's 2014 complaint as not having record and
defended Keller , Nathan ..

163.    After that, Trivedi filed a new OSHA complaint under SOX – via ONLINE
PORTAL…mentioned ongoing fraud and violations, equitable tolling in online portal
complaint..

164.    Later in September, without informing GE – and without asking GE's response. Same

OSHA investigator – **Nathan dismissed Trivedi's 2021 complaint as untimely. And in dismissal letter – wrote FALSE statement about what happened…false statement about merits of Trivedi's claims. Meanwhile all in food chain were copied in emails – but choose to participate in this corruption and watch..and not act, intervene -**

165.   Trivedi filed objections to ALJ.
166.   ALJ McGrath issued order to show cause on timeliness..He denied Trivedi's limited discovery to answer timeliness and motion to stay pending discovery to answer his order to show cause on timeliness…He also didn't rule on Trivedi's motion to amend GE is like ENRON... ALJ also didn't consider lengthy and legitimate evidence, argument of Trivedi about timeliness.

167.   Trivedi filed with ALJ that she would pursue FTCA claims against ALJ McGrath.
168.   Later using fractured, pieces, of FALSE statements – and citing judge Kelley's R&R, Judge Saris dismissal in his ORDER- ALJ dismissed Trivedi claims as untimely on  February 2022…
169.   Trivedi filed petition for review  with ARB..and ARB general counsel granted it..meanwhile Trivedi was putting all this OSHA , ALJ progress in first circuit court filings..so GE's lobbying money – as it shows working extremely well..that these ARB judges, OSHA, Daniel Koh…all politically connected –  were working hard to get Trivedi's claims dismissed.

170.   After ARB general counsel – granted Trivedi's petition for review in **March 2022… Susan Harthill –- was appointed as a NEW chief judge for ARB by Whitehouse.. in MAY 2022** (DARK FORCES behind ? )– so she dismissed Trivedi claims in September 2022 along with two ARB judges... ARB order also contains false, half true fractured pieces..total corruption.

Earlier see below Whitehouse press release –President Biden Announces Key Nominations - The White House
**Susan Harthill**, Nominee for Commissioner of the Occupational Safety and Health Review Commission  -September , 2021

https://www.whitehouse.gov/briefing-room/statements-releases/2021/09/22/president-biden-announces-key-nominations-2/

APRIL 25, 2022 -   https://www.whitehouse.gov/briefing-room/statements-releases/2022/04/25/nominations-and-withdrawals-sent-to-the-senate-64/

APRIL 25, 2022-WITHDRAWALS SENT TO THE SENATE: Susan Harthill, of Maryland, to be a Member of the Occupational Safety and Health Review Commission for a term expiring April 27, 2027

171.   How OSHA, ALJ, ARB LIE – despite writing 20 times..OSHA, ALJ, ARB hasn't mentioned this in their dismissal letter ( they mentioned lawyer malpractice not eligible and that Trivedi had two law firms etc) – that's why all of them, along with GE- to eb put in JAIL

Mitigating circumstances and beyond control of trivedi. Trivedi filed OSHA complaint as her MIT  alumni contact emailed her about the same and that's all he knew Jason Kap who was a Vice president at Microsoft earlier..I didn't know that I can sue under SOX or Dodd Frank earlier; and I didn't know how to litigate these claims ..It was big ocean for me. Plus I trusted Foley & Manfield and other attorneys.

From: Jason Kap [mailto:jkap@MIT.EDU]
Sent: Sunday, May 04, 2014 6:34 AM  To: Madhuri Trivedi; Madhuri Trivedi
Subject: RE: whistleblower
I am praying for you ,Sent via smartphone
-------- Original message --------
From: Madhuri Trivedi  Date:05/03/2014 8:05 PM (GMT-05:00)
To: Jason Kap Subject: whistleblower
Thanks for whistleblower.gov idea..
I think it is good. Sincerely,Madhuri

172.   Currently  – Trivedi's motion & petition for rehearing en banc with ARB is pending.

173.   FTCA After ALJ dismissed Trivedi's claims – Trivedi filed FTCA administrative claims – on February 2022…with DOL

### 21.3.2 OIG DOL referral to OSHA
OIG DOL Mr. Mikulka referred matter to OSHA management on April 2022.
-see email EXHIBIT 10.9

### 21.3.3 OSHA SOX claims of Trivedi
SOX protects corporate whistleblowers for engaging in protected activities

includes wire fraud, mail fraud, healthcare fraud and a violation of any SEC rule or regulation.

174.   To be protected under SOX, the employee's report need not "definitively and specifically" relate to one of the listed categories of fraud or securities violations in Section 806 of SOX.  The focus is "on the plaintiff's state of mind rather than on the defendant's conduct." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 384 (2d Cir. 2008).

175.   OSHA notes that a complaint of retaliation filed with OSHA under SOX is not a

formal document and need not conform to the pleading standards for complaints filed in federal district court articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). **See Sylvester v. Parexel Int'l, Inc., ARB No. 07–123, 2011 WL 2165854,at \*9-10 (ARB May 25, 2011) (holding that whistleblower complaints filed with OSHA under analogous provisions in the Sarbanes-Oxley Act need not conform to federal court pleading standards). Rather, the complaint filed with OSHA under this section simply alerts OSHA to the existence of the alleged retaliation and the complainant's desire that OSHA investigate the complaint.**

176.   Trivedi while employed at GE reported to management that GE is not adhering following in regards to highly defective InsiteEXC medical device.

177.   Where Sylvester case was VIOLATION of GCP – good clinical practice…while TRIVEDI reported ( in writing right from 2012 via emails, meeting to several GE people responsible – as required by SOX)

❖ <u>21 CFR § 820.90 - Nonconforming product</u> ( This FDA statute is under cGMP – quality regulation)

(FDA's cGMP – good manufacturing product, Under precedent set by Administrative Review Board ARB of Department of Labor's Sylvester v. Parexel Int'l, Inc., ARB No. 07–123, 2011 - Trivedi case clear cut exactly similar to Sylvester. In Sylvester – whistleblowers reported violations of cGCP – good clinical practice.) OSHA complaint in 2014 , GE in 2013-2014, arbitrator. Trivedi's attorneys – all had information about violation of this statute. Trivedi provided this statute <u>21 CFR § 820.90 - Nonconforming product</u>; then , in writing…but no one did anything…total malpractice, corruption…

❖ *HIPAA 45 C.F.R. § 164.530 (g). HIPPA 164.306 Security standards:*
❖ HIPAA 45 C.F.R. §164.308(a)(1): Security Management Process
178.   -Implement security measures sufficient to reduce risks and vulnerabilities to a reasonable and appropriate level to comply with § 164.306(a).
❖ HIPPA  164.312(b) Technical safeguards – Standard: Audit controls
179.   Audit controls refer to the capability to record and examine system activity.
❖ Security management process  HIPPA 164.308(a)(1)(ii) Information System Activity Review –Required. ==The company's security controls are seriously lacking which is part of SOX internal controls.==
❖ Medical devices are vulnerable to cybersecurity related ; hackable Lacks proper quality control, testing, automated static analysis of software/code for InsiteEXC is not being used.
180.
181.   18 U.S.C.§ 1514A(a)(1), including when the employee provides information or
182.   assistance to someone with "supervisory authority over the employee" or with authority to "investigate, discover, or terminate misconduct"

183.   as CLEAR CUT WRITTEN EVIDENCE proves that Plaintiff Trivedi did report in writing- these issues to GE management – food chain. Significantly, SOX protects internal disclosures.

184.   Technical leads, architect and manager lack proper technical understanding, lack

185.   technical knowledge, lack big picture /systems level , lack  cyber security knowledge.

186.   GE knew in July 2014 that I spoke with FBI and FBI said it is quitam.

187.   Trivedi met SOX standard because the managers' and GE's alleged concealment of defects, deceptive sales and marketing of medical devices and services, fraudulent inducement, was

intended to, and likely would, affect the revenue, profit, sales amount for GE; and bonus and

executive pay/stock options to GE executives and pay to managers/employees.

188.   Therefore Trivedi/plaintiff had an objectively reasonable belief that [the GE employees, managers, GE executives and GE company were] engaged in a scheme to defraud government, consumers, patients and investors and violating such laws."

189.   Plaintiff Trivedi made objective reasonableness," "subjective good faith," or a disclosure that is "not knowingly false( WESTMAN & MODESITT, *supra* note 11, at 81; *see also* Cherry, *supra* note 53, at 1047.  ) ; about GE's fraud.

190.   Plaintiff Trivedi(1)she engaged in protected activity;(2)the employer GE knew that she engaged in the protected activity;(3)she suffered an unfavorable personnel action; and(4)the protected activity was a contributing factor in the unfavorable action.

191.   Plaintiff engaged in protected activity under SOX related to reporting **Cybersecurity vulnerabilities, defects, quality issues, fraud .**GE took unfavorable

personnel/professional action due to plaintiff's protected behavior or conduct.

### 21.4  FOURTH COUNT
### 31 U.S.C. §3729 et.seq. AND 31 U.S.C. § 3802 AND RELATED WHISTLEBLOWER REPRISAL ; 31 U.S.C. § 3730(h)(3) under ongoing fraud and ongoing violations ( ALL defendants)

192.   Plaintiff  realleges, reasserts, incorporates by reference the facts &allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

193.   Due to my immigration hardships attorneys were not able to file Quitam …And immigration that GE screwed prevented me from fighting for clause of action  mentioned here..

### 21.5  Ms. Trivedi's claim of ongoing fraud

194.   I found out about Scott Erven's GE alert, on my father's death anniversary February 22…while I was browsing internet. Trivedi came to know about Scott Erven's 2018 dhs.gov ,

cisa.gov  alert on February 2019– Trivedi filed lawsuit in May/ August 2019.. Text message

communication to Scott Erven is PROOF that Trivedi came to know about this alert on February

2019.I found Scott's cell phone from his firm- Pricewaterhouse cooper. I immediately called and left

his a message. And below is his reply. He was shocked hiring my story. And he said GE didn't do

any release since 2014 that he reported to GE. (Calling Scott as a witness would prove a lot)**Message

by (\*\*9) 3\*2-66\*\*: I just landed. Have a layover so could call you quick here in like 5-10

minutes. Does that work?, February 22 2019, 10:02 PM.**

195.   I am requesting whistleblower protection and reprisal relief under these laws as well.
196.   GE violated FEDERAL FALSE CLAIMS ACT ,31 U.S. Code § 3802 ; False claims and statements; Liability- to the actions of government contractor by failing to disclose product defects. General Electric is a government contractor.
197.   GE violated Civil False Claims Act (31 U.S.C. §3729 et seq.) by knowingly presenting false or fraudulent medical device SALES and service contract submitted to government, conspired to defraud the government. GE conspired and "knowingly" defrauded government because GE had actual knowledge of the information about InsiteEXC defects, design non conformances, performance issues, cyber security vulnerabilities and potential risks these vulnerabilities posed to insider attacks as well as attacks from outside network that could affect/affect patients possible diagnosis of Imaging scan, and much more unspecified attack vector, acted in deliberate ignorance of the truth, falsified of the  InsiteEXC information ; continuously selling and integrating InsiteEXC of all kinds of GE medical devices for years to generate revenue and earn millions worth of medical device purchases and service contracts by government. As per 31 U.S.C. §3729 et seq. Plaintiff Trivedi claims here in -Not proof of specific intent of GE to defraud is required .It is also fraudulent inducement.
198.   Plaintiff  Trivedi engaged in protected activity; GE had knowledge that Plaintiff

Trivedi was engaged in protected activity; GE took an action that had a negative effect on the terms,

conditions, or privileges of employment, such as termination,  harassment; and GE retaliated against

Plaintiff  Trivedi because of this conduct.

199.   Plaintiff has alleged properly all the elements as stated above in this complaint.
United States ex rel. Campie v. Gilead Scis., Inc., 862 F.3d 890, 902 (9th Cir. 2017)
applying to **Trivedi's** case (Under all three theories the essential elements
of False Claims Act liability are: (1) GE made false statement or fraudulent course of conduct, (2)
made with scienter, (3) that was material, )

200.   Further stopping me from pursing Quitam and/or any other claims by cancelling
my immigration H1B. Because quitam attorneys said that given Trivedi's immigration situation they

were hesitant to invest million in the quitam lawsuit if they take on contingency basis.

201.   I didn't HIRE OR PAY Andrew Beato- He looked at my claims.

Andrew Beato was looking himself into Quitam matter but somehow GE found out and GE contacted

Andrew's partner to represent GE in another matter..So Andrew left saying that as his law firm

partner is going to represent GE ,he can't work on my quitam /false claims act case.

EXHIBIT

202.    GE's above mentioned conduct with scienter , directly or indirectly made untrue
statements of material fact and omitted to state material facts necessary in order to make the
statements made, in light of the circumstances under which they were made; harmed investors as they
relied on false, misleading, untrue statemetns GE made in order for them to make investment decision
regarding GE.

**21.5.1 Allegations of ongoing fraud should not be dismissed on the basis of the statute of
limitations; when Trivedi allege "ongoing fraudulent scheme"[5]**
**Scott Erven's alert in 2018, specifically mentions "INSITE EXC" as alleged in Trivedi case**

✓   Trivedi didn't know what FDA was doing, to the extent that US attorney from SanFrancisco for

Quitam contacted FDA(as shown in FOIA from August 2019)..

_____
                        **From:** Smith, James - OCC
                        **Sent:** Thursday, February 18, 2016 8:56 AM
                        **To:** Myers, Charles F
                        **Subject:** Question ref: complaints about a GE software interfacing program
                        Charles—
                        The US Attorneys Office in San Francisco contacted me yesterday asking about
                        whether there had been an FDA investigation into allegations of safety issues with the
                        GE Insite Exc,
                        Jim Smith
                        Senior Counsel
                        Office of the Chief Counsel
                        US Food and Drug Administration
_____

[5] United States ex rel. Sperandeo v. Neurological Inst. & Specialty Centers PC, No. 2:14-CV-158-
JVB-JEM, 2021 WL 1177071, at *4 (N.D. Ind. Mar. 29, 2021) ("Sperandeo counters that allegations
of ongoing fraud should not be dismissed on the basis of the statute of limitations. ")

United States ex rel. Fischer v. Cmty. Health Network, Inc., No. 1:14-cv-01215-RLY-DLP, at *12-13
(S.D. Ind. Nov. 25, 2020) ("thus, because the second amended complaint alleges ongoing FCA
violations beginning in 2009, the applicable statute of limitations does not bar the claims. (Id. at 11-
12)")
U.S. ex rel. McGee v. IBM Corp., 81 F. Supp. 3d 643, 656 (N.D. Ill. 2015); Fed. R. Civ. P. 8(c)(1)."
("31 U.S.C. § 3731. Under Federal Rule of Civil Procedure 8(c)(1), a statute of limitations argument
is an affirmative defense, not an attack against the sufficiency of the pleadings. ")

Telephone: 301.796.8718
cell: 202.510.4283

203.    (Here, the Second Amended Complaint alleges Campie was told it was "none of his
        concern" when he discussed contamination and adulteration problems on multiple
        occasions) [As GE has treated Trivedi similar way, that it is none of her concern]

204.    Goldberg v. Rush Univ. Med. Ctr., 929 F. Supp. 2d 807, 815–16 ,826, 827 (N.D. Ill.
2013) ("[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat
affirmative defenses." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 935 (7th
Cir.2012). ")A statute of limitations is an affirmative defense. Fed.R.Civ.P. 8(c)(1). Dismissing a
claim as untimely at the pleading state is an "unusual step, since a complaint need not anticipate and
overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus
Capital Mgmt., LP,* 559 F.3d 671, 674 (7th Cir.2009). "[A] federal complaint does not fail to state a
claim simply because it omits facts that would **\*816** defeat a statute of limitations
defense." *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir.2006).
("Here, R**elators allege an ongoing fraudulent scheme that Defendants allegedly**
continued to execute after June 21, 2004. (*See* R. 168, Fourth Am. Compl., ¶¶ 110,
137, 145.) **Accordingly, dismissal based on the statute of limitations is
premature.** See Upton, 900 F.Supp.2d at 831–32.")

205.

## 21.5.2 GE's June 2022 court filing ECF 169 says – GE attorney wrote
"Ms. Trivedi contends, at some length, that the GE Defendants are engaged in a nefarious "ongoing
fraudulent scheme" involving cybersecurity. (ECF No. 167 at 21-28). This, she argues, means her False
Claims Act retaliation claim should not have been dismissed for being untimely But all of these
arguments have been made before and failed. (*See, e.g.,* ECF No. 143 at 13-14 (arguing in objections that
"since GE kept selling highly defective medical devices years after I left GE—I am still within [the] time
limitations to file False [C]laims [A]ct claims"). While closer dissection of an "ongoing fraud" allegation
could be part of analyzing a *qui tam* claim,[6] in the context of a retaliation claim, the statute of limitations
is unequivocal. *See* 31 U.S.C. § 3730(h)(3). This Court should also deny the motion to vacate the
dismissal as to count 10."

**So Even GE attorneys are not DENYING ONGOING FRAUD RELATED TO CYBERSECURITY;**

**WHILE JUDGES CORRUPTLY DISMISS TRIVEDI'S CLAIMS as untimely… judges acted as**

**GE's general counsel.**

## 21.5.3 Trivedi's retaliation claim under 31 U.S.C. § 3730(h) (2) ; can proceed Pro Se and
       ongoing fraud makes claim timely

60

Trivedi's individual retaliation claims for doing protected activity under 31 U.S.C. § 3730(h)(2) ( it does not say anywhere that pro se person can't bring retaliation claim); for that Trivedi can file a lawsuit Pro Se.

**Trivedi ECF 51 page 220[6]**

206.    Plaintiff Trivedi engaged in protected activity; GE had knowledge that Plaintiff Trivedi was engaged in protected activity; GE took an action that had a negative effect on the terms, conditions, or privileges of employment, such as termination, harassment and any other act that would dissuade a reasonable person from reporting violations of the False Claims Act; and GE retaliated against Plaintiff Trivedi because of this conduct.

**21.5.4 Outside three year statute period conduct helps to establish a scheme for false claims**

Nor does the FCA statute bar an employee from using prior acts as background evidence to support a claim. If (outside three year statute period)conduct helps to establish a scheme for false claims for payment from the United States, then the conduct may still be included and considered in the pleading as background information. Therefore, the court can still consider **Trivedi case's Scott erven's 2018 global** alert, **June 2022 CISA.GOV alert related to remote connectivity,** conduct described in the pleading to the extent that it provides background for the alleged scheme of presenting false claims for payment to the United **States after Trivedi termination, May 31, 2013.**

**21.5.5 Individual Retaliation Claim is not subject to the FCA procedural requirements [Trivedi has met pleading requirement at motions to dismiss level for this claim]**

**Below is a case, in which district judge Patti B Saris ruled….**

Sheppard v. 265 Essex St. Operating Co., LLC, 299 F. Supp. 3d 278, 281, 282, 283, 284(D. Mass. 2018) (" **II. Individual Retaliation Claim**

("Furthermore, retaliation actions under the analogous FCA provision "are not subject to the [**FCA] procedural requirements"** of filing in camera and serving the government. **United States ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 1000 (2d Cir. 1995). As such, Sheppard's failure to meet the particularity requireme**nt of Fed. R. Civ. P. 9(b), and

---

[6] Harrington v. Aggregate Indus., 668 F.3d 25, 31 (1st Cir. 2012) ("The McDonnell Douglas approach fits comfortably with the test that courts generally apply to retaliation claims under section 3730(h)(1). This test requires an employee to show that (i) he was engaged in conduct protected under the FCA; (ii) the employer had knowledge of this conduct; and (iii) the employer retaliated against the employee because of this conduct. See Mann v. Heckler & Koch Def., Inc., 630 F.3d 338, 343 (4th Cir.2010); Maturi v. McLaughlin Research Corp., 413 F.3d 166, 172 (1st Cir.2005). ")

her noncompliance with the procedural requirements of Mass. Gen. Laws ch. 12, § 5C(3), do not—on their own—make her motion to amend to include a retaliation claim futile.")

Morris shared concerns with Zarella about Sheppard's performance. Docket No. 51−1 ¶ 16. On November 18, 2014, Essex presented Sheppard with a Performance Warning *282 and **Plan for Improvement ("PIP"),**

**[Trivedi was put on a PIP by GE for not joing fraud scheme]**

Docket No. 51−1 ¶ 20, which she did not sign because she disagreed with the way Essex characterized her responsibilities with respect to the MMQ project, Sheppard Dep. at 111:4–113:22. Sheppard's PIP expressly states that her failure to immediately improve her performance could lead to termination. Docket No. 51−9 at 2.

Internal reporting and objecting to employer directives fall within the scope of "protected conduct," as required to support a retaliation claim . **[Trivedi reported first internally]**

### 21.5.6 Nonconforming product & service by GE
There is ample evidence presented which makes GE liable for FCA.

### 21.5.7 Pleading requirement for retaliation claim
United States ex rel. Karvelas v. Tufts Shared Servs., Inc., 433 F. Supp. 3d 174 (D. Mass. 2019), appeal dismissed sub nom. Karvelas v. Tuft Shared Servs., Inc., No. 20-1616, 2020 WL 7587147 (1st Cir. July 24, 2020) (A False Claims Act (FCA) retaliation claim need not meet the heightened pleading-with-particularity requirements for a fraud claim.
( The retaliation provision of the MFCA is nearly identical with respect to the scope of protected conduct. *See* M.G.L. c. 12 § 5J(2) (protecting employees that engage in "lawful acts ... in furtherance of an action under" the MFCA). ")

### 21.6   FIFTH COUNT
#### Wrongful termination in violation of public policy
#### ( GE Defendants, Fragomen Defendants As GE Business Partners)

207.   Plaintiff  realleges, reasserts,  incorporates by reference the facts &allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

208.   Exhibit 2 savings statute of this filing.

209.   Plaintiff alleges that Plaintiff's termination was wrongful because it was in Violations of the public policy of the United States in that Plaintiff's termination was in retaliation for

Plaintiff's opposing and reporting illegal activity, as described in preceding allegations for -----Under

the public-policy an employee is wrongfully discharged when the termination is against an explicit,

well-established public policy (allowing an exception to the at-will doctrine serves to equalize the

imbalance of power that exists in an employment relationship in terms of public policy exception)

210.   At-will employee MADHURI stated a cause of action for wrongful discharge where the employee would have been forced to violate the law in order to avoid being terminated.

211.   District court of Massachusetts judges and first circuit intentionally, to terrorize Trivedi, didn't apply Massachusetts Savings statute…in order to make this claim – timely….This claim was timely .. entire legal argument has been trashed illegally..Trivedi's objections to R&R ECF 143 and first circuit opening brief have legal arguments, facts for this.

### 21.7  SIXTH COUNT
**Breach of the implied covenant of good faith and fair dealing Breach of contract good faith, Breach of  fiduciary duty, 17 CFR § 229.406 -Code of ethics ,tort, Other common-law limitations including actions based on the (1)intentional infliction of emotional distress**
**( GE Defendants, Fragomen Defendants As GE Business Partners Foley & Mansfield Defendants)**

212.   Plaintiff  realleges, reasserts, incorporates by reference the facts &allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

213.

214.   EXHIBIT 2 of this filing.

215.   Breach of fiduciary duty applies to plaintiff as well as GE stockholders, shareholders.

216.   Covenant-of-good-faith that terminations made in bad faith or motivated by malice are prohibited. That's what exactly GE did- as Trivedi didn't participate in GE fraud scheme, opposed and spoke up.

**NOTE- GE has itself done so much fraud, scandals, cooked account books and more that these policies spirit. Policy Letter is merely a letter new employee required to read and sign and follow but company itself is not following.**

217.   Implied contract -Plaintiff had an implied contract of employment for so long as Plaintiff performed Plaintiff's job in a satisfactory manner.Trivedi performed her job in a satisfactory manner. Even in her performance appraisal ( (technical performance as well) (EXHIBIT ECF 51-3 Page 66- 71)) –GE manager rated her performance as "meeting expectations" but made up that it is her communication skills, relationship skills which needs to be improved and as a result of PRETENSE/made up false/retaliatory.

218.   GE made Good faith implied job contract that GE will do H1, yearly extension of **H1 and  her greencard** As plaintiff was on her sixth year of H1B..After SIXTH year on H1B unless employer timely files greencard paperwork ,H1 B can't be extended nor can one work for another

employer/change job..That's what exactly GE did.Also despite several requests during mediation, and arbitration and a letter to CEO of GEHC by immigration attorney Jeff Goldman(ECF 51-3 Page 78 - 80 ) –GE didn't file I 140 which would have allowed her to extend her H1B and leave GE and work for another employer.We requested at that time that GE keep me on leave without pay and just do paperwork. But GE didn't care.

219.    Defendant breached its contract with Plaintiff by: Terminating Plaintiff in breach of the promises made to Plaintiff; terminating plaintiff in violations of public policy ,state and federal statutes, regulatory agencies including but not limited to DOD, FDA, SEC, DOL rules and regulations. Also in violation of all other anti-retaliation, whistleblower protection laws .Cause of action claim -----stated here. Terminating Plaintiff without good cause as she did meet her performance **(ECF 51-3 Page 66- 71)**

220.    The company induced Ms. Trivedi; and that GEHC would make good faith efforts to pursue permanent residency **(ECF** 51-3 Page 150)for her, only to fall far short on this promise. What is particularly frustrating is the fact that GEHC did get past the most difficult part of the green card process—the US Department of Labor did certify a Labor Certification Application for her ( Immigration has approved Ms. Trivedi's petition as a person with exceptional ability/advanced degree individual).

221.    " Federal Court cases have clearly faulted employers for this kind of inducement and failure to use good faith in following up with this process. (ECF 51-3 Filed  Page 150)Also, the company neglected to file the PERM labor certification on timely manner (despite Ms. Trivedi requesting) (ECF 51-3 Filed  Page 78 - 80 ), which has resulted in that she could not work for other employer(preemptive) in US.

222.    Breach of contract-As stated above; Trivedi and GE created contractual rights, Trivedi relied on anti- retaliation promise in the GE policies letter (which had **GE anti-retaliation policy which  created an implied contract.)** she SIGNED as an condition of employment and followed duty to report violations as expressed in GE policy, federal , state laws and rules, along with other courses at GE that she was required to take as GE was in regulated environment.

223.    courts have long recognized that when an employee is in a position of

management and conducts the business of an employer, he owes that employer a fiduciary duty.(holding that employees "vested with policy-making authority [with]the ability to make decisions which bind the company" owe a fiduciary duty). This fiduciary duty encompasses a duty of care, loyalty, and good faith. [Trivedi and defendants here apply in this analogy]

224.   The breach is actionable as there is proof that the plaintiff  Trivedi suffered damages as a result of the breach any failure on part of the fiduciary to act ..a breach of fiduciary duty can be

any behavior that is not in the best interest of the client;

225.   GE's breach of an anti-retaliation policy in a Code of Ethics give rise to a **breach of contract claim.** *Federal district court held that an employer's anti-retaliation policy created [7] legally enforceable rights.* As alleged above on several elements; GE breached contract.

226.   **District court of Massachusetts judges and first circuit intentionally, to terrorize Trivedi, didn't apply Massachusetts Savings statute…in order to make this claim – timely….This claim was timely .. entire legal argument has been trashed illegally. Trivedi's objections to R&R ECF 143 and first circuit opening brief have legal arguments, facts for this.**

### 21.8 SEVENTH COUNT
### 9 U.S.C. § 12, 9 U.S.C.§ 10(a)(3),9 U.S.C. § 10(a)(2) 9 U.S.C.§ 10(a)(1) and challenging arbitration award under common law AND Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 -9 U.S.C. §§ 401-402(ALL defendants)

227.   Plaintiff  realleges, reasserts, incorporates by reference the facts &allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

228.   Arbitration carries no right to trial by jury that is guaranteed by the Seventh Amendment.

229.   The FAA's vacatur  provision"show[s]a desire of Congress to provide not merely for any arbitration but for an impartial one."  Commonwealth Coatings Corp. v. Cont'l Cas. Co., 393 U.S. 145, 147 (1968).

230.   the award was procured by corruption, fraud, or undue means
**Corp Couns Gd to ADR Techniques § 2:93 –(Corporate Counsel's Guide to Alternative Dispute Resolution Techniques)**The arbitration award in the courts—Concerns about the arbitrator—Arbitrator misconduct, (The general rule is that refusal by arbitrators to hear pertinent and material evidence is sufficient misconduct to justify vacating an award.)
– as Trivedi already filed in District of Massachusetts and first circuit court filings 10 times, that-

**arbitrator didn't include deposition of Madhuri Trivedi and GE architect Bill Barbiuax[8](where**

---

[7] https://www.zuckermanlaw.com/code-of-ethics-whistleblower-protection-lawyer/

[8] First Circuit's decision in Hoteles Condado Beach, La Concha & Convention Ctr. v. Union De Tronquistas Local 901, 763 F.2d 34, 38 (1st Cir. 1985).The First Circuit found that the arbitrator's failure to give any weight to this testimony violated 9 U.S.C. § 10(a)(3), since the transcript of the testimonywas relevant and the

Bill testified that GE product was insecure and defective for years and lot more) into EVIDENCE as hearing; along with other material. Arbitrator also didn't enter into evidence exhibit 57– futility of stack ranking ..(A fair hearing involves notice, an opportunity to present relevant and material evidence and the arbitrators were not infected with bias.)… First 9 PAGES of arbitration- Hearing transcript that PROVES that depositions were not entered; has already been part of first circuit and district of Massachusetts court record. But none of the judges CARES>>>this is bullying, bias, intentional harassment where JUDGES omit, **Overlook, IGNORE, not mention – crucial evidence that would lead to denial of GE's motion to dismiss. These judges should be in jail.**

Arbitrator also didn't enter into arbitration hearing evidence "deposition of plaintiff Madhuri Trivedi" where I alleged retaliation, discrimination, whistleblowing, hostile, offensive, intimidating work environment and more. Arbitrator was picking and choosing selective documents, testimony into hearing evidence that would benefit GE( from whom he was getting PAID so he has vested interest to) and not employee Trivedi; along with LINE of QUESTIONING that went at hearing.

231.    Some of the items from Bill Barbiuax deposition(There are several other items **Bill admitted – full deposition is part of district of Massachusetts lawsuit – which has been ignored by corrupt judges. EXHIBIT 10.2**

232.    Forsythe Int'l, S.A. v. Gibbs Oil Company of Texas , 915 F.2d 1017, 1023 (5th Cir. 1990)  - To vacate an arbitration award based on the refusal to hear and material evidence, the evidentiary error "must be one that is not simply an error of law but which so affects the rights of a party that it may be said he was deprived of a fair hearing."  Forsythe Int'l, S.A. v. Gibbs Oil

---

sole evidence available to establish the employee's culpability.  In reaching this decision, thecourt noted that a federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings,"
    Gulf Coast Indus. Workers Union v. Exxon Co., USA, 70 F.3d 847, 850 (5th Cir. 1995), the Fifth Circuit upheld a district court's order to vacate an arbitration award pursuant to 9 U.S.C. § 10(a)(3)based on the arbitrator's improper conducting misleading a party as to the admission of certain pieces of key evidence. However, the arbitrator had prevented Exxon from presenting evidence regarding the chemical analysis of the ciga The D.C. Circuit has similarly noted that petitionersseeking to invoke 9 U.S.C. § 10(a)(3) must demonstrate that the excluded evidence was pertinent and material to the controversy, and that the exclusion of the evidence deprived the petitioners of a fundamentally fair hearing.

Company of Texas, 915 F.2d 1017, 1023 (5th Cir. 1990); **Hence arbitrator in Trivedi's case deprived Plaintiff Trivedi of a fair hearing as mentioned.**

233.   As GE choose private arbitrator mentioning that public arbitrator Peter David from Wisconsin Workforce development who works for government hence arbitration record will become public so GE doesn't want Peter Davis to be an arbitrator and choose a PRIVATE ARBITRATOR…Email from GE attorney Sean Scullen CONFIRMING that GE won't allow public arbitrator is already part of courts' case RECORD –but who cares..

234.   ... Trivedi even left hearing on second day and GE did arbitration hearing alone without me- FAA a catch all clause allowing vacatur for any other misbehavior resulting in substantial prejudice [9] to the rights of any party.   This clause has been successfully invoked, for example, when the arbitrators received and relied on evidence on an ex parte basis outside the presence of the opposing party.

235.   As a matter of public policy, various claims brought in this Trivedi's[10] complaint. Does arbitrator has authority to hear in a PRIVATE HOTEL ROOM in A PRIVATE RECORD FOR ARBITRATION PROCEEDINGS AND HEARING SUCH COMPLEX causes of action involving cyber security, public health, safety, consumer finance, Department of defense contracts, security and exchange commission law …Though Dodd Frank act, SOX claims, False claims act claims and CFPA-finance related claims are PRECLUDED form GE's mandatory arbitration…

236.   In *Move, Inc. v. Citigroup Global Markets, Inc.*, the Court, for the first time, held that the plaintiff's motion was notuntimely because the Federal Arbitration Act is subject to equitable tolling. toll the Section 12 three-month limitations period. Details in EXHIBIT 11

237.   9 U. S. C. § 12. Notice of motions to vacate or modify; service; stay of proceedings; though Foley and Mansfield law firm I hired to send a letter to GE in July 2014. Arbitrator award was given in August 2014, Foley& Mansfield had that award next day; but instead of mentioning 9 U.S. Code § 12. motion to vacate; these lawyers forwarded me to Quitam lawyers

---

[9] New York Article 75 "Judicial review of an arbitration award and vacatur to instances where the award is violative of a strong public policy, is irrational.

[10] Trivedi didn't know what "Solutions" was when she joined GE company and signed that as a condition to get GE job offer. It is not proper for GE to later FORCE "solutions" like they did when GE never provided copy of "Solution" at the time to condition of employment.  Trivedi came to know about mandatory arbitration when immigration attorney Jeff Goldman sent a letter to GE CEO Mike Swinford; and GE attorney replied that Trivedi is bound by arbitration.

and  **closed  employment  file.. ..Hence  I  request  this  court  to  CONSIDER  MITIGATING  CIRCUMSTANCES BEYOND CONTROL AND KNOWLEDGE OF TRIVEDI that this** 9 U.S. Code § 12. Notice of motions to vacate or modify was not filed in district court earlier.

### 21.9  EIGHTH COUNT
**Disparate treatment, intentional discrimination and retaliation in violation of Title VII, VIOLATIONS OF CIVIL RIGHTS ACT OF 1991, 42 U.S.C. 1981 (Section 1981),42 U.S.C. 2000e et seq. ,42 U.S. Code § 1981a - Damages in cases of intentional discrimination in employment, hostile work environment, 42 U.S.C. § 2000e-3a, 42 USC § 2000e 2(a)(1) , Civil rights violation hostile work environment,  Sexual harassment,  Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 - 9 U.S.C. §§ 401-402**
**(GE Defendants, Fragomen Defendants As GE Business Partners, Because Of My Gender, Nationality, Marital Status, Race) & All Defendants For Violations Of Civil Rights)**

Plaintiff  realleges, reasserts, incorporates by reference the facts & allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown. Class action claims for Trivedi and similarly situated, victims from 2011 to present. **Lots of arguments presented at first circuit but it was trashed as Trivedi didn't mark it as CLASS ACTION.**

42 U.S.C. 1981 (Section 1981) doesn't require EEOC exhaustion --- and equitable tolling applies…as Trivedi has been victim of GE, judges one way of another, in hostile , corrupt, illegal manner – work together to dismiss HER CLAIMS>

Since federal judges, ALJ, ARB happily TAKE FULL JUDICIAL NOTICE of my department of homeland security lawsuit…in DHS complaint ..Trivedi already had claim under VIOLATIONS OF CIVIL RIGHTS ACT OF 1991….( DAMAGES IN CASES OF INTENTIONAL DISCRIMINATION )
42 U.S. Code § 1981a ( a)(1) Civil rights,42 U.S. Code § 1981a ( b) Compensatory and punitive damages,42 U.S. Code § 1981a ( c) Jury Trial,
ECF 51 Page 16 ( how all defendants trashed this legal argument)[11]( in ECF 51 , Trivedi mentioned "intentional discrimination" 6 times)
42 USC § 2000e-3(a) where I did clearly opposed employment practices by GE and suffered discrimination.

---

[11] United States Supreme Court DESERT PALACE, INC., dba CAESARS PALACE HOTEL & CASINO v. COSTA(2003) No. 02-679 For instance, in Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 (2000), **we recognized that evidence that a defendant's explanation for an employment practice is "unworthy of credence" is "one form of circumstantial evidence that is probative of intentional discrimination." Id., at 147 (emphasis added).** The reason for treating circumstantial and direct evidence alike is both clear and deep-rooted: "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." Rogers v. Missouri Pacific R. Co., 352 U. S. 500, 508, n. 17 (1957).

Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 -9 U.S.C. § 401-402 – while GE, judges bring TIMELINESS , one way or another  - in totally ROGUE, HOSTILE manner…– I allege this claim because it shows "CONGRESS INTENT" , need , my contribution to make this law( may be a drop in the OCEAN)..but it proves that I am not a stupid person – who is fighting lawsuit and not going anywhere..as painted by GE and judges…me and thousands other fought for this. This has been part of #MeToo journey.

For DHS lawsuit,  When Trivedi went to district court and met judge James Donato's court deputy.—Lisa R. Clark ..she commented that "we are not doing woman thing in your case--- and you don't go to bed with them..but some women do use being women as TOOLS..so we are not doing woman thing".( since Judge Donato was not ruling for more than six month on pending motions..I attended HEARING in Judge Donato's courtroom for some big antitrust case..then met his deputy Clark when hearing was over)

It is well established that gender combined with a second characteristic may constitute a protected group for purposes of Title VII. Schallop v. New York State Dept. of Law 20 F. Supp. 2d 384 (N.D.N.Y. 1998)

Trivedi may prevail as she has shown that the employer GE's response is merely **a pretext for behavior actually motivated by discrimination and retaliation.** Used my divorce as a tool to falsely accuse me on relationship, blackmailing as GE thought it as my weakness.

Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous,fraudulent, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff.[12]

Trivedi was a THREAT and challenge to these male managers and  coworkers David Mehring, Carl Conrath, Greg Stratton, Nate , Bill Barbiuax as she was smart and no nonsense person.

While Trivedi was making waves right from second week of joining.. None of the internal customers

DIRECTLY went ahead and begged for HELP for TONS of INSITE EXC support issues they were

---

[12] "while other engineers including Male technical staff Sachin Kendale (Sachin wrote code that it took 40 minutes to lead 1000 devices on webpage and he and Naresh wrote such badly and defectively by initializing each device object in memory after they get query result from database. Database was also not tuned and written badly. They never used Database performance management tool and David Mehring sucked so much of my blood and I had to convince him a lot to get $30 Database management tool (EXHIBIT ECF 51-3 Page 177  perjury)because GE didn't have license and these incompetent engineers never used—despite that Sachin got good performance review—EXHIBIT ECF 51-12 Page 1 -8 is  Sachin's performance review. During arbitration discovery, GE didn't release Naresh and Nate Davis performance review..because GE said Naresh was a contractor  - and Nate they just won't and bullied.Naresh, Nate Davis, Greg Stratton and several others wrote bad product, bad buggy, defective software/code( I have proof of that) despite GE treated them favorably and discriminated plaintiff as GE can't tolerate , a female engineer coming out strong and also whistleblowing these male engineers technical incompetence. "

having for a LONG TIME but these internal customers contacted Trivedi. InsiteEXC internal

customers struggle for months to establish connectivity and Trivedi found short term fix. While after

joining GEHC in 2011, right on my 2nd week on joining GEHC I found a

work around where earlier online engineers ( internal customer Missy Polak Ryan also

complained)couldn't do remote connection to medical devices in hospitals and hence couldn't fulfil

service contract OBLIGATIONS WITH CLIENTS—for months they were struggling and

engineering staff couldn't find solution to problems. On my 2nd week I found a work around and send

document first to Glen Livermore which was used by hundreds of online engineers/service engineers,

was CRITICAL globally to do remote connectivity -it was a bandage .

   A plaintiff may state a claim for Title VII employment discrimination using either
the "direct method" or "indirect method.

   Mike harsh , CTO of GEHC sent email in late 2012  that managers
and employees should take training on how they perceive communication from female engineers; **SO
GE had problem about perceiving and measuring performance, communication of female
engineers** *"Men's and women's behavior is based on two different sets of cultural rules about what "
right" is . Learning the cultural differences define what is "right" for men and women-together with
a good sense of humor –is the first step leading meaningful inter-gender communication.Following
the workshops, participants will be equipped to return to both their professional and personal lives
seeing the world through the lenses of the other gender's culture and encouraged to shape their
message in new ways. "*

   Male GE engineering staff looked (was obvious to they were incompetency)
technically incompetent after above incident and as I started making waves.

   GE didn't put on PIP Greg Strattton, Nate Davis white American nationality MALE.
   Nor Sachin Kendale, Naresh Asian Indian nationality MALE.[13]

**21.9.1          That's why I am presenting this lawsuit as CLASS ACTION.**

---

[13] David Mehring Promoted Namita Joshi Indian American nationality ( she was born in
India but had USA greencard , citizenship),FEMALE and she was a wife of GEHC general manger Vivek Bhatt so her
relationship with GEHC executive was a driving factor that despite as Ofir fought 20 people that she lacked technical
skills as to when code would fail; she was never put on PIP nor got negative performance review –on top of that was
prompted as stated by arbitrator in his award. Marital status is different from Trivedi as well as her relationship—who
knows who is all what makes promotion at GE.

## 21.10 NINTH COUNT
### Breach of fiduciary, duty breach of the implied covenant of good faith and fair dealing ,breach of contract good faith, negligence
### (Foley & Mansfield, Fragomen Defendants)

238.    Plaintiff  realleges, reasserts, incorporates by reference the facts &allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

239.    Second count SEC internal whistleblower above – has detailed legal arguments about Foley & Mansfield malpractice, damage and Very IMPORTANT case law..to be considered part of this claim.

240.    District court of Massachusetts dismissed Trivedi's claims as not having personal jurisdiction in Massachusetts over Foley & Mansfield. While these corrupt judges stayed BLIND to Foley & Mansfield's malpractice – that led to Trivedi not able to bring claims earlier..and these judges didn't applied equitable tolling, fraud, aiding & abetting fraud to Foley defendants.

241.    I paid this law firm for all the work they did. Later I contacted Foley..I told them for Quitam matter..Look at the letter they sent to GE on July 16,2014 ..They also didn't bring Dodd Frank act whistleblower, SOX, any  claims mentions here when they sent a letter to GE, later negotiated with GE nor afterwards. Immigration right ( ) –was included in a leter to GE because I emailed them about this as I read.

242.    Foley didn't  mention which to me appears as (intentional omission or /and negligence) on any steps related to OSHA complaint, SOX whistleblower even though I gave them what I submitted to OSHA, OSHA complaint and OSHA response. I wrote an email to Seymour Mansfield in 2016 –that law firm failed to provide me legal service and bring up laws..

243.    I also sent arbitrator final award to them in August 2014 (to entire Mansfield law firm team- David Haron, Andrew Shedlock and Seymour Mansfield along with other) and they didn't provide any guidance on going to court after arbitration award. Also Foley didn't mention/bring up any rights related to appealing arbitration or going to court .And as my lack of legal knowledge I relied on them and assumed/believed that there was nothing I can do..But later I learnt than one can go to court shortly after arbitration to challenge arbitrator award.

244.    A fiduciary duty is a duty or responsibility to act in the best interest of someone

71

else. Such relationship existed between Foley and Trivedi.The fiduciary (defendant Foley) had duties such as acting good faith, being transparent with pertinent information, and being loyal to the plaintiff.Facts here as Trivedi stated prove that the defendant  Foley failed their duty by withholding pertinent information,  failing in their responsibilities or misrepresenting the statement of fact/ laws related to advising Trivedi on challenging arbitration in court, SOX, Dodd Frank SEC whistleblower claims and other claims (nor added in GE letter any of such information)

245.    Foley didn't mention in letter sent to GE that Trivedi can **legally challenge arbitration award; nor  made strong argument about claims brought here in this complaint.**  Though partner Seymour was employment, labor and arbitration specialist. Seven or so attorneys at Foley reviewed my file. None of them mentioned ever in LETTER SENT TO GE or LATER TO ME "**about going to district court for vacating arbitration award nor claims as mentioned in this complaint."**

246.    David Haron referred me to another quitam law firm in Texas as shown here. David Haron also asked me to call Patrick Burns in Washington DC; Patrick is director of Taxpayers

Against **Fraud**  https://taf.org  **(EXHIBIT 13)** .At that time as David said that Maro E. Bush,

Mercedes Varasteh Dordeski were partners with David Haron on Quitam side and David said they

both were PREGNANT. )

247.    Even though next day of receiving arbitration award I forwarded award **(EXHIBIT 8A) to David Haron,  Seymour Mansfield and Andrew Shedlock along with other.**

**And they all read it.**

248.    *Prout v. Vladeck*, 371 F. Supp. 3d 150, 161,163 (S.D.N.Y. 2019) ("  Given this evidence, the Court finds that there is a triable issue as to whether Prout believed he was reporting a violation of federal law…….whether Prout would have been better off if he had pursued all four of his claims, rather than pursuing only two." Prout v. Vladeck, 319 F.Supp.3d 741, 746 (S.D.N.Y. 2018). "A plaintiff who brings a legal malpractice claim must show that he or she suffered actual and ascertainable damages." Schutz, 2013 WL 3357921, at *7. The Court agrees that Prout has raised a triable issue as to damages. Mazurek's opinion, Prout's testimony, and common sense all suggest that the answer is yes, and this is enough for a reasonable jury to find that Prout suffered damages. **Conclusion** In sum, the Court concludes that Prout has created a triable issue as to each element of his malpractice claim. For these reasons, the Court, denied VRC's motion for summary judgment in its entirety.")

249.    As shown here Foley & Mansfield acted in negligence, had a fiduciary duty, breach this duty and duty breach of the implied covenant of good faith and fair dealing ,breach of contract good faith,. Trivedi suffered damages and financial loss due to that. As their website states national law firm—any person would construe that they would be representing clients in any states , nationwide… https://www.foleymansfield.com/about/

Foley failed to ---it was gross negligence and HARM caused by Foley despite being paid for their service by Trivedi –is irreparable and irreversible as the damages and loss Trivedi suffered…

250.   Foley failed to bring up "at-will employment" exception to public policy –any competitive attorney would have written a strong letter mentioning some or all of it…

251.   Trivedi has pleaded in her complaint pleading legal malpractice must allege (1) the existence of the relationship of attorney and client, (2) the acts or omissions constituting the alleged negligence, (3) cause, and (4) injury.[14]

252.   As shown here Foley & Mansfield acted in negligence, had a fiduciary duty, breach this duty and duty breach of the implied covenant of good faith and fair dealing ,breach of contract good faith,. Trivedi suffered damages and financial loss due to that.

253.   As stated on Andrew's law firm website  kutakrock.com

*Andrew's practice includes securities litigation, commercial litigation, business and corporate law and general civil litigation. He has been actively involved in multiple securities litigation matters. He has also defended clients involved in investigations by the Securities and Exchange Commission.*

*254.*   Despite this as Andrew who read entire file of Trivedi, he totally neglected SEC claims..

17 CFR § 205 and (15 U.S.C. 7245) Case 3:15-cv-02356-JCS Document 132 SEC amicus brief on attorney code of conduct Section **307 of** the Sarbanes-Oxley Act of 2002 (the "Act") (15 U.S.C. 7245)t**hough Andrew was not presenting an ISSUER/GE but Trivedi…But the point is attorneys have legal/professional obligations.. Andrew and other attorneys had legal obligations kind of related to 15 U.S.C. 7245- not aid and abet in fraud.**

*see Markowits v Friedman,* 144 AD3d at 996). "[T]he mere inaction of an alleged aider or abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff" **[ Foley & Mansfield had Fiduciary duty towards plaintiff Trivedi]  Tort action here is that of negligence on Foley attorneys that led to economic loss, emotional distress..[15]**

---

[14] Acharya v. Carroll, 152 Wis. 2d 330, 334, 338 (Wis. Ct. App. 1989) ("An action against an attorney for malpractice may sound in tort or in contract. Boehm v. Wheeler, 65 Wis.2d 668, 676, 223 N.W.2d 536, 540 (1974). Acharya alleges negligence. His case sounds in tort. ") ("Because Acharya commenced this action within six years after he discovered the alleged negligence, he timely commenced this action. We reverse the order of the trial court dismissing his action on the basis of a three-year statute of limitations. ". The establishment of causation and injury may, as here, involve allegations that the attorney's negligence deprived the plaintiff-client of a successful prosecution or defense of a prior claim.")

[15] (""In order to demonstrate proximate cause, [a] plaintiff must establish that but for the attorney's negligence, [the] plaintiff would have prevailed in the matter in question or would not have sustained any ascertainable damages." Schwartz v. Olshan Grundman Frome & Rosenzweig, 302 A.D.2d 193, 753 N.Y.S.2d 482, 486 (1st Dep't 2003). "**A plaintiff claiming legal malpractice must meet a case within a case requirement, and must demonstrate that a reasonable fact-finder [in this case] could conclude that a reasonable fact-finder in the underlying suit would have arrived at a different result but for the**

255.    Foley malpractice was a substantial factor in causing the harm suffered including but not limited to file Dodd Frank whistleblower claims, Vacate arbitrator's award. [ Trivedi here can establish that Foley's false representations with a present intent not to perform, were designed to induce [Trivedi] to act or refrain from acting( pursuing SEC claims, vacating arbitrator award), and resulted in damage to [Trivedi] as a result of their justifiable reliance."]

## 21.10 TENTH COUNT
## CIVIL LIABILITY FOR AIDING AND ABETTING FRAUD, AIDING-ABETTING BREACH OF FIDUCIARY DUTY AND CONSPIRACY (All defendants)

256.    Plaintiff  realleges, reasserts, incorporates by reference the facts & allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

257.    Since apart from GE defendants – all defendants are attorneys themselves in their professional duties– except OSHA investigators, Rosa, Frederick, Parker, Daniel Koh..so these claims are more valid because despite being ATTORNEYS themselves – they have continued to participate in this obstruction of justice.

258.    Trivedi has established Loss causation  between the primary fraud and the victim's losses throughout this complaint.

259.    A "liberal notice pleading" standard should govern aiding-abetting claims, pursuant to FED. R. CIV. P. 8(a). *See* Linde v. Arab Bank, PLC, 384 F. Supp. 2d 571, 579–80 (E.D.N.Y. 2005).

260.    It also has been held that one may be subject to aiding-abetting liability if one "gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person."Fiol v. Doellstedt, 58 Cal. Rptr. 2d 308, 312 (Cal. **Ct. App. 1996); Saunders v. Superior Ct., 33 Cal. Rptr. 2d 438, 446 (Cal. Ct. App. 1994). *See also* RESTATEMENT (SECOND) OF TORTS § 876(c) (1979).**

261.    " Civil liability for aiding and abetting arises when one knows the other's conduct constitutes a breach of duty "and gives substantial assistance or encouragement to the other so to conduct himself . . . ." (*Id.* at 415 n.3 (quoting RESTATEMENT (SECOND) OF TORTS § 876(b) (1964)). )

262.    While aiding and abetting may not require a defendant to agree to join the wrongful conduct, it necessarily requires a defendant to reach a conscious decision to participate in

---

**attorney's negligence."** Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP, No. 12 Civ. 9459 (PAE), 2013 WL 3357921, at *6 (S.D.N.Y. July 2, 2013), aff'd, 552 F. App'x 79 (2d Cir. 2014).")

tortious activity for the purpose of assisting another in performing a wrongful act. Trivedi plaintiff's object in asserting such a theory is to hold those who aid and abet in the wrongful act responsible as joint tortfeasors for all damages ensuing from the wrong.

263.    Enabling Fraud to Proceed by Failing to Speak When Obligated

264.    An aider and abettor of a fraud is regarded as equally responsible, in terms of civil liability, with the perpetrators of the scheme.

265.    Where facts are known to the defendant from which the conclusion objectively follows that a fraud is being perpetrated (and assisted by defendant), aider-abettor liability may exist even if the defendant lacked "actual knowledge." *See generally* Javitch v. First Montauk Fin. Corp. 279 F. Supp. 2d 931, 941 (N.D. Ohio 2003).

266.    "[T]he mere inaction of an alleged aider or abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff" (Markowits v Friedman, 144 AD3d at 996 [internal quotation marks omitted]).

267.    Plaintiff  Trivedi has plead that the actions of the aider-abettor "proximately **caused" the** harm on which the primary liability is predicated. Such causation has been mean the injury was "a directly reasonably foreseeable result of the conduct." (the aider and abettor) provided assistance that was a substantial factor in causing the harm suffered.

### 21.11 ELEVENTH COUNT
### 5 U.S.C. § 702 under the Administrative Procedures Act ("APA"), 5 U.S.C.§ 706
### (All Government Defendants)

Section 702 of the APA provides that "[a] person suffering legal wrong because of agency action ... is entitled to judicial review thereof." 5 U.S.C. § 702.

268.    DOL, ALJ , OSHA ,ARB denied Trivedi's motion for discovery to interrogate **FDA officers, OSHA employees for 2014 complaint regarding timeliness. Trivedi's motion for stay pending discovery and motion for limited discovery to answer ALJ' Timothy McGrath's order to sho**w cause on timeliness was denied. And because of that Trivedi's OSHA SOX claims were denied. Because Defendant's denial of Plaintiffs' request for testimony from an ALJ  employee was a "final agency action for which there is no other adequate remedy," And ARB has also affirmed ALJ's dismissal and denial of discovery, this matter is ripe for judicial review; 5 U.S.C. § 704 (a "final agency action for which there is no other adequate remedy) – because of that Trivedi have to fight harder in district court for OSHA SOX right. " I reserve the right and request court's permission to AMEND this section.

269.    This is a grant strategy by DOL defendants who breath GE's $10 billion plus on

**Lobbying money and political contribution – because DOL is run by politicians and this flow from high level to low level employees.**

270.    Same arguments for APA mentioned above apply to USCOURTS judges.

271.    ("The Court must "assess, among other matters, whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Bechtel* v. *Admin. Review Bd*., *U.S. Dep't of Labor*, 710 F.3d 443, 446 (2d Cir. 2013)

### 21.12 TWELFTH COUNT
### Claims for  FTCA ;28 U.S.C. §1346(b) ; 29 CFR Subpart B - Claims Against the Government Under the FTCA 29 CFR § 15.100 (a)
## (Against DOL – ARB, ALJ, OSHA, SOL Government Employees Defendants)

272.    These TWO paragraph applies to USCOURTS and DOL both – "Intentional infliction of emotional distress is not one of the intentional torts listed in section 2680(h) for which the United States retained its sovereign immunity. *See* 28 U.S.C. § 2680(h).   According to state tort law, plaintiff Trivedi can recover damages for the intentional infliction of emotional distress.Intentional infliction of emotional distress is designed to protect Trivedi's normal and equable state of mind. Limone v. U.S. 579 F.3d 79 (1st Cir. 2009) [district courts have] subject matter jurisdiction to adjudicate ... claims for intentional infliction of emotional distress" under the FTCA. "

**Restatement (Third) of Torts §14. Statutory Violations as Negligence Per Se** An actor is negligent if, without excuse, the actor violates a statute that is designed to protect against the type of accident the actor's conduct causes, and if the accident victim is within the class of persons the statute is designed to protect.**DOL defendants' and USCOURT defendants' behavior - was negligent as a matter of law.**

273.    Plaintiff  realleges, reasserts,  incorporates by reference the facts& allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

274.    Exhibit 3- TIMELINE has details about OSHA, ALJ, ARB, FTCA at DOL.

275.    Stefan Babich – DOL FTCA attorney ; who adjucated & DENIED Trivedi's FTCA claims against DOL, OSHA, ALJ – sent Trivedi an email (**EXHIBIT 16**)– and Stefan didn't know what OSHA SOX is … attorney Stefan Babich –who wrote that OSHA SOX is for finance cooking books…how come he adjuncate Trivedi FTCA claims

From:Babich, Stefan - SOL <Babich.Stefan@dol.gov>
**ToMadhuri Trivedi<orangeinc@protonmail.com>**
Date:Thursday, March 31st, 2022 at 10:17 PM

Hello, Ms. Trivedi,

eal

………………I wanted to let you know I received your attachments that you emailed while I was out of the office and have had a chance to look at them, including the 2014 complaint.

 I did have a couple of questions to make sure I interpreted the facts of your complaint accurately.
 Similarly, I was a bit unsure about how the Sarbanes Oxley Act related to your claims. As far as I understand, the Sarbanes Oxley Act relates to retaliation for reporting violations of corporate financial reporting/recordkeeping laws, and my impression was that you were saying you were retaliated against for complaining about defects in medical software.

276.    False reports are sufficiently extreme and outrageous to state a claim of IIED = DOL defendants' false statements in 2014 and 2021, administratively closing in 2014 and two dismissal letters in 2021; intentionally caused distress and harm, injury – all enumerated in detail here. As shown here, Trivedi has sufficiently pleaded IIED claims.

277.    DOL defendant possessed the requisite intent for purposes of an IIED claim as they desire to cause consequences of their act, or they believed that the consequences are substantially certain to result from it--------DOL Defendants believed that severe emotional distress was substantially certain to result from it. *Id.* Trivedi claim that the DOL Defendants knew with substantial certainty that (1)administratively closing Trivedi's OSHA complaint in 2014 ; by FALSELY, ILLEGALLY, PERJURY stating that Trivedi claims doesn't fit any of 22 statutes ; and (2) by administratively closing means there was no need to put Trivedi's right to Appeal to ALJ, DOL defendants knew that Trivedi lacked legal knowledge and no legal attorney was advising her – so by not putting her right to Appeal to ALJ – Trivedi in her ignorance would believe what OSHA wrote and DOL's fraud won't be disclosed anywhere as Trivedi won't be appealing to ALJ ( **Robert Kuss and Tamara- must be arrested the moment this FTCA claim form is received**)would cause severe emotional distress, harm, uncertainly, injury, financial loss….it was pre calculated, with full intention and total disregard – as it Terrorizing.

278.    Another mind boggling fact is- Denise Keller from Midwest told Trivedi on phone that OSHA closed it administratively so, they didn't mention that in OSHA letter about Trivedi's right to appeal to ALJ…Trivedi wrote in email about Denise's these statements to Daniel Koh –Anthony Rosa, Frederick James- and immediately Frederick replied via email that they would be happy to dismiss my complaint and put my right to appeal to ALJ---Rosa Anthony sent a letter to dismiss Trivedi's OSHA complaint as untimely and appeal to ALJ…all DOL defendants must be restricted from working for government for rest of their life. Their corruption has crossed all the boundaries.

*Intention* =Conduct is intentional if the DOL actors know of the consequences of their acts with substantial certainty- **A matter of whether the act was intended, not whether the final outcome was intended;** an innocent act or mistaken belief are not defenses- this acts by DOL defendants is 100& certainly  a voluntary act: DOL defendants acted individually as well as a TEAM – to conspire. The essence of DOL conduct is intentional conduct, by way either of commission or of omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another..

279.    DOL defendants in 2021 and ALJ in 2022 acted with "freshly formed intention" to

77

==cause emotional distress; --- because in 2021 –OSHA DOL people knew that Trivedi had== sued GE in a federal court …..and also as Nathan threatened me to dismiss my claims if I email his boss Donovan that Nathan is afraid of losing his job for investigating big company GE. (Men' rea- intent and Keller Denise 's her food chain knew – GE being public company- so this is a new fresh motive to cause IIED and continuing pattern which was showed by 2014 DOL defendants.

280.    Intentional infliction of emotional distress, a claim of IIED Trivedi meets following elements:

(1) the DOL defendants acted intentionally, The defendants intended to cause emotional distress, or knew or should have known that emotional distress would result from their actions; (D acts)

(2) the DOL defendant's conduct was extreme or Outrageous; and in a manner that we would describe as beyond the bounds of decency –DOL  D Tamara and Robert knew that Trivedi's immigration was limbo, the country USA where she invested her life , career since 2003 was jeopardized by GE's illegal acts…on top of that Tamara threatened Trivedi on phone that "you were terminated on May 2013—and you're still here filing OSHA complaint"….when Trivedi told Tamara crying about what GE did to her and her immigration was in limbo. A jury could reasonably find it constituted the "most clearly desperate and ultra-extreme conduct"---

==also cybersecurity issues, vulnerabilities- that Scott Erven..==

281.    Trivedi has established a pattern of outrageous conduct by DOL employees, a pattern of misconduct, series of offensive acts.

The DOL officials at the time **of such acts or omissions were acting within the scope of their official duties or employment.** Their Conduct towards Trivedi and handling her whistleblower complaint, twice, qualifies as extreme and outrageous, as it "go[es] beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community. Trivedi had already suffered IIED by her employer GE wrongfully terminating her for not joining GE's fraud scheme…and preexisting emotional distress- which in itself was ongoing—was worsened by DOL employees when Trivedi filed OSHA complaint in 2014. And because Trivedi kept fighting despite being in a distress. It is like army core of engineers – who go through long battle and despite being in distress do what they have to do..that is the case here for Trivedi…Trivedi is a fighter.

DOL defendants' conduct is "extreme and outrageous" because it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Degree of corruption, tyranny and egregiousness by DOL employees, goes beyond the level, that Trivedi or any reasonable person

can TOLERATE…unless there is a dictatorship and DOL employees enjoy dictator status. DOL employees' Conduct, towards Trivedi is so outrageous as rise to the level of terrorizing.

Courts have allowed IIED claims based on forms of alleged harassment to proceed under the FTCA.

282.    Another example of HOW DOL caused Emotional distress…Trivedi was threatened **by Nathan to dismiss OSHA SOX claims if she writes an email to his boss Donova**n and let GE know by dismissing claims…This was a direct threat…Tamara also threatened and only lie detector would prove that she did threatened Trivedi about her immigration when she was talking to Tamara on phone. Her words were enough THEAT that Trivedi didn't want to contact OSHA again…as Tamara threatened her about immigration…at that time Trivedi has not filed her domestic violence visa or person of extraordinary visa.. This sentences here enough to cause emotion distress as to threat…

(3) Plaintiff Trivedi suffered severe emotional distress; and also monetary losses, wage losses, immigration hurdle, her startup got trashed, and list goes on..all the way to ALJ Judge McGrath continue torturing Trivedi.

Plaintiff Trivedi may recover for mental anguish, humiliation, emotional disturbance, fright, terror, alarm and anxiety.  Recovery also include damages –economical loss and distress caused by immigration issues- not to fund her startup - suffered loss of income, emotional damages and other personal injuries – career has been sabotaged, mental anguish, humiliation alarm and anxiety. Resulting from emotional distress, immediately after DOL employees Robert Kuss, Tamara behavior in 2014; and all DOL people since 2021 such as upset stomach , …as OSHA's behavior created ACUTE distress and she was shocked ,—and which lasted for some time( eventually I recovered and decided to fight back and thus filing this FTCA claim) - tension headaches, muscle tenderness , Withdrawn, feeling hopeless and despair, affected sleep schedule, dreadful… emotional disturbance,

fright, terror, discomfort, worry, anxiety, , concern, distressed and agitation … **embarrassment and also "sexual harassment  ---pattern of -----such conduct.**

**–but had to mediate, exercise – speak to number of friends, family, counselling center people..** Counseling center sister had given hours of talk.  Trivedi watched hours of video by spiritual teaching, read books….but DOL defendants has continued to inflict the emotion distress upon Trivedi by their corrupt acts – all the to now ALJ judge McGrath and his assistant Kristen.

 **(4) DOL defendants' extreme and outrageous conduct caused Trivedi to suffer severe emotional distress.** No reasonable person should be expected to suffer the emotional distress that resulted from the DOL defendants' conduct...
**Causation >>acts by DOL..and as a result >>Trivedi suffering IIED.**

### 21.12.1        Negligence

283.    Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**
**Liability under Negligence stems in this case from DOL employees' failure** to behave with the level of care and duty as government employee and someone of ordinary prudence would have exercised under the same circumstances; absent misfeasance, non feasance, corruption, reckless disregard, gross negligence.

**Wisconsin statute 895.045 -Negligence 895.045(2) Concerted action. Notwithstanding sub. (1), if 2 or more parties act in accordance with a common scheme or plan, those parties are jointly and severally liable for all damages resulting from that action.**
**Massachusetts General Laws Chapter 231, section 85**
**There is no distinction between active and passive negligence as to responsibility for injury or full indemnity to a tortfeasor whose negligence was passive. Pachowitz v. Milwaukee & Suburban Transport Corp., 56 Wis. 2d 383,** 202 N.W.2d 268 **(1972).**
**Specific negligent acts and omissions by DOL defendants include but are not limited to the following:**

✓ Not reading arbitration complaint, FDA letter & communication ,email to OSHA about FDA's OEC surgery ban and when lifted Trivedi's first project at GE to integrate remote connectivity platform on OEC surgery; when Trivedi uncovered security vulnerabilities, 600 defects, within hour of that email to Tamara Simpson- Tamara emailed Trivedi back asking her termination date and within days- closed Trivedi's OSHA complaint illegally..

✓ Intentional, corrupt failure in 2014 & 2021; to apply equitable tolling as Trivedi's December 13, 2013 complaint to FDA was filed as a WHISTLEBLOWER complaint – despite that Nathan and entire DOL food chain even in 2021wrote that FDA complaint was not a whistleblower complaint, failed to apply  18 U.S.C. § 1514A(b)(2)(D);29 C.F.R. § 1980.103(d)

✓ Failed to reach out to FDA or DHS about timeliness if they wanted to make sure

- ✓ Failing to reach out to FBI twice; while corruptly closing Trivedi's OSHA complaint- because if DOL would have reached out to FBI, then Trivedi's OSHA complaint would have been investigated under SOX ; but DOL wanted to cover up, harass, distress and harm Trivedi- so did it do it..closed corruptly.
- ✓ Despite writing that GE removed REMOTE connectivity section from SEC 10-K filing; after 2019 for which Trivedi is a SOX whistleblower –entire DOL food chain omitted and intentionally , corruptly failed to act on it and closed Trivedi's OSHA complaint…entire DOL defendants food chain including Daniel Koh to be arrested and put in JAIL for doing this to Trivedi –their goal is to harass , distress, inflict harm on Trivedi regardless of what…
- ✓ Judge McGrath failed to apply already presented argument about FDA complaint as whistleblower complaint and kept harassing Trivedi to reply to order to show cause.
- ✓ Despite writing to DOL food chain
- ✓ DOL defendants committed fraud and perjury; by writing FALSE statement is 2014 and 2021 dismissal letter
- ✓ It was foreseeable that DOL defendants' failure to take above action, omissions would result in injury to Trivedi.
- ✓ There is a temporal and close causal connection between DOl defendants failure and the harm suffered by Trivedi…even future risk, injury.
- ✓ Due to DOL defendants conduct Trivedi has suffered and will continue to suffer DAMAGES and injury; legal fight , expenses, humiliation, distress, loss—as damages listed in detail in this claim submission to be included here…..; including but not limited DOL people and GE people would Try to kill Trivedi or do such extreme harm..Trivedi already lost her father on the same day Trivedi arranged Internet of things – cybersecurity high stakes of billions of devices on February 22, 2017—her father dying on same day –presents circumstantial condition, GE had motive to kill her father as she was close to her..

**Trivedi's claims as to: duty, breach, causation, and damages/harm.**

- ✓ Duty – Under the circumstances, the DOL defendants owed a legal duty to the person Trivedi who brings OSHA complaint
- ✓ Breach – The DOL defendants act or fail to act in a certain way that breaches that legal duty;
- ✓ Causation – It was the actions or inactions of the DOL defendants that caused the injury to the plaintiff Trivedi; and
- ✓ Damages – The defendants' actions lead to injury and harm to the plaintiff Trivedi – as listed in detail what injury, how and what harm
- ✓ —DOL defendants enjoyed SADISTIC pleasure by keeping Trivedi in distress and not ruffling feathers by investigating GE> All to be put in jail.

284.    DOL employees' Gross negligence is a lack of care that demonstrates reckless disregard for the public safety, cybersecurity issues and most importantly HARM and injury to Trivedi 'which is so great it appears to be a conscious violation of Trivedi's rights to safety as well as public health and safety. DOL defendants' conduct is a heightened degree of negligence representing an extreme departure from the ordinary standard of care; more harmful than ordinary negligence because it implies a thoughtless disregard of the consequences and the failure to use even slight care to avoid harming the life of whistleblower Trivedi.

285.    Trivedi here presents tort claims, acts that have harm the wellbeing of Trivedi, by **that means violating HER rights and making the guilty** party DOL employees liable for her damages and sufferings. The FTCA allows Trivedi to demonstrate that the damages caused to her are

by the negligent acts of DOL employees who were/are working within the capacity of their duties, and thus Trivedi sue the government for this negligence.

**DOL OSHA employees' intentional failure under corruption to exercising due care, failure do their job and failure to execute o**f a statute or regulation malfeasance misfeasance nonfeasance – public policy—and also DOL violated its own policy. DOl employees have shown tyranny like behavior.

### 21.12.2    Negligence per se

286.    Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**

✓ Pursuant to following statutes, rules and regulations DOL Defendants had a duty when Trivedi filed her OSHA complaint in 2014 and 2021. It also form part of the basis of DOL Defendants' duty in this regard. Duty to investigate and protection as OSHA people –

**NOTE- Trivedi does not mean to say that for example DOL defendants viol**ated federal false claims act and osha whistleblower SOX statutes 18 U.S.C. §1514A    ; but Trivedi means that while GE violated federal false claims act and osha whistleblower SOX statutes 18 U.S.C. §1514A; DOL defendants illegally CLOSING /dismissing Trivedi's complaint violated as government employee to handle Trivedi's whistleblower complaint that alleged False claims act violations and OSHA SOX whistleblower violations/protections. Guilty by association and civil liability for obstructing justice and aiding and abetting wrongdoing/fraud by not taking action aka investigating Trivedi's OSHA whistleblower complaint.

✓ Violations of safety statutes in Wisconsin are ordinarily[10] Locicero v. Interpace Corp., 83 Wis. 2d 876, 266 N.W.2d 423, 427 (1978); Blanchard v. Terpstra, 37 Wis. 2d 292, 155 N.W.2d 156, 158 n. 1 (1967); Lloyd v. Pugh, 158 Wis. 441, 445, 149 N.W. 150, 152 (1914). [DOL defendants had a duty because Trivedi's claims were for public health and safety )

✓ Held to be negligence per se and this principle *238 frequently [ Grube v. Moths, 56 Wis. 2d 424, 202 N.W.2d 261, 267 (1972); Schroeder v. Northern States Power Co., 46 Wis. 2d 637, 176 N.W.2d 336 (1970).] **has been applied in Wisconsin cases. The general rule in Wisconsin is that violation of a criminal statute is negligence per se.**

✓ **18 U.S.C. § 1514A (b)(2(D);29 C.F.R. § 1980.103(d)  -OSHA equitable tolling.**

✓ osha whistleblower SOX statutes 18 U.S.C. §1514A

✓ protection for Whistleblower Retaliation under Dodd-Frank Act, 15 U.S.C. §78u-6(h);SEC Rule17 CFR § 240.21F-2,

✓ Securities Exchange Act of 1934,15 U.S.C. 78j(b),Rule 17 C.F.R. 240.10b-5

✓ Wrongful termination by GE in violation of public policy - common law rule in Massachusetts and Wisconsin

✓ common law rule in Massachusetts and Wisconsin for TORT against GE

✓ 42 U.S.C. § 299 et seq -The Patient Safety and Quality Improvement Act of 2005

✓ 31 U.S.C. §3729 et seq. federal false claims act  quitam AND False claims act and whistleblower retaliation protection statutes of state of Massachusetts  MASS. GEN. LAWS ANN. CH. 12 §§ 5—5O

Because if OSHA people would have addressed her complaint – then she would had been able to retain a lawyer(quitam claims required an attorney), that a specific violation of the law occurred, and that violation is automatically assumed to be negligent.

✓ Trivedi's retaliation claim under false claims act 31 U.S.C. § 3730(h) (2) ; can proceed Pro Se and ongoing fraud makes claim timely  -- DOL defendants violated this code TWICE.
✓ whistleblower protection statutes of Massachusetts
✓ Scott erven's 2018 global alert for Trivedi's termination related remote connectivity platform InsiteEXC…, cybersecurity vulnerabilities , Security statutes, public health & safety implementation as a government employee overseeing that laws statutes are ENFORCED, obeyed and those who blow whistle get protected.
✓ Though one can argue about Private cause of action available or not under following statutes, regardless; DOL defendants were bound by duty for following statutes.
  ➢ 45 CFR § 160.316 Refraining from intimidation or retaliation, Public Law 104-191.
  ➢ 18 U.S. C § 1512 - Tampering with a witness, victim, or an informant
  ➢ And 18 U.S. C §  1513 - Retaliating against a witness, victim, or an informant 18 U.S. C § 1512 (a) (1) (A) ,18 U.S. C § 1512 (b) (1) ,18 U.S. C § 1512 (b) (2) (A) 18 U.S. C § 1512 (b) (2) (B), 18 U.S. C § 1512 (b) (3), 18 U.S. C § 1512 (c) (2) 18 U.S. C § 1512 (d) (1) ,18 U.S. C § 1512 (d) (2) , 18 U.S. C § 1513 (e), 18 U.S. C § 1513 (f)

287.    The defendant violated above code, statute or regulation. Above legal theory establishes the duty and breach elements of negligence. DOL's failure to comply with applicable laws and regulations constitutes negligence per se
(Statutes prescribing certain actions or defining a standard of conduct, either explicitly or implicitly. )

**The plaintiff Trivedi in the class of persons** whistleblower protection statutes of state and federal level, **the code, statute, or regulation was designed to protect. But for DOL Defendants' wrongful and negligent breach of its duties owed to Plaintiff Trivedi and Class Members, Plaintiff and Class Members would not have been injured.**

The plaintiff Trivedi's injury, harm was the kind of injury the code, statute, or regulations that Trivedi mentioned ABOVE was designed to prevent.

The injury and harm suffered by Trivedi was the reasonably foreseeable result of Defendants' breach of their duties. Defendants knew or should have known that they were failing to meet their duties, and that Defendants' breach would cause Plaintiff Trivedi to experience the foreseeable harms (detailed HARM and DAMGES and INJURY enumerated throughout this claim form). As a direct and proximate result of DOL Defendants' negligent conduct, Trivedi has suffered injury and are entitled to compensatory damages in an amount mentioned in SUM CERTAIN section below.

### 21.12.3    Misfeasance and non feasance under tort
288.    Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**
Malfeasance –DOL defendants' Intentional conduct that is wrongful or unlawful, DOL defendants'  higher level of wrongdoing than nonfeasance (failure to act where there was a duty to

act) or misfeasance (conduct that is lawful but inappropriate). Here DOL defendants acts satisfies all three; falls under public corruption as well.

Misfeasance and Nonfeasance are part of tort law.

Misfeasance – DOL defendants committed it when legal action done improperly, which resulted in harm to Trivedi.

Nonfeasance –DOL defendants failure to carry out SERIES of required obligations, which results in injury or harm to Trivedi, public, loss and possible risk to society as Scott Erven's global alert came out in 2018.

### 21.12.4 Intentional Tort -fraud

289. Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**

Tort of *fraud* – person who makes false statement intended to be acted on must make good the damage naturally resulting from its being acted on.

OSHA people's false statements in dismissal letter – created tort of fraud cause of action.

### 21.12.5 Malfeasance (DOL & USCOURTS )

290. Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**

Malfeasance is a legal term used in civil and criminal law to describe an illegal and intentional act. Malfeasance is used to describe an act that cannot be defined as a distinct crime. Acts of malfeasance by **DOL defendants and USCOURTS defendants** involve some misconduct and dishonesty.

### 21.12.6 "Conspiracy Actionable Under 42 U.S.C. § 1985 (2) Obstructing justice; intimidating party, witness, or juror AND (3) Depriving persons of rights or privileges " individual capacity

291. Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**

2021 DOL defendants and 2014 Tamara and Robert – acted a team to conspire- for personal benefit, for being afraid of not investigating big company GE, for negligence, misfeasance, malfeasance and non feasance…to cover up – to exploit Trivedi's hardship, mitigating circumstances.

# Only place DOL defendants from 2014 and 2022 belong is JAIL.

 **DOL defendants and GE people put in jail. Open grand jury criminal investigation about both.**

### 21.12.7 Reasonable reliance- found in the tort of fraud

that fraud plaintiffs Trivedi as stated in her email to FDA (**FDA gave this email to Trivedi part of FOIA in August 2016) t**hat she relied on the DOL defendant's misrepresentation in question -2014 administratively closed letter which stated that her claim doesn't fit any of 22 OSHA statutes, but that the representation was reasonable. Trivedi claims to have been harmed by Tamara- Robert Kuss-DOL defendants' false statements and given Trivedi's knowledge, none of the attorney advising her and all; under the particular circumstances for a while Trivedi believed that the statement were actually true. Later Trivedi found out that OSHA people lied in 2014 administratively closed letter.
***********Email to FDA EXHIBIT

84

### 21.12.8    Continuing violation, FTCA , and they dictate that the statute of limitations does not start to run "any earlier than the last day of the ongoing injury from 2014 to present

**Continuing tort ,** The continuing violation doctrine provides that the statute of limitations does not begin to run on a continuing wrong until the wrong has been conclude – applies to GE, OSHA, ALJ …….Trivedi also alleges of continuous unlawful acts , continuing violations, continuing harm.

Anderson v. State, 88 Hawai'i 241, 247-48, 965 P.2d 783, 789-90 (Ct. App. 1998)  (**"Alleges a continuing tort sufficient to toll the statute of limitations. Generally, a continuing tort is defined as "one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action.** A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation, and for there to be a continuing tort there must be a continuing duty." This continuing-tort exception is generally recognized because
usually no single incident in a continuous chain of tortious activity can fairly or realistically be identified as the cause of significant harm, [and] it seems proper to regard the cumulative effect of the conduct as actionable. Moreover, since one should not be allowed to acquire a right to continue the tortious conduct, it follows logically that statutes of limitation should not run prior to its cessation.

Curtis v. Firth, 123 Idaho 598, 850 P.2d 749, 754 (Idaho 1993) (holding that a **claim for intentional infliction of emotional distress was a continuing tort for purposes of a statute of limitations (quoting Page v. United States, 234 U.S. App. D.C. 332, 729 F.2d 818, 821-22 (D.C. Cir. App. 1984)) (quotation marks omitted)).** Thus, generally, a continuing tort is a tortious act that occurs so repeatedly that it can be termed "continuous," such that one may say that the tortious conduct has not yet ceased. Accordingly, the statute of limitations cannot run, because the tortious conduct is ongoing. The example of the flooding of one's property, as in the instant case and as illustrated by the Restatement (Second) of Torts, is a good one.")

See also Heard v. Sheahan, 253 F.3d 316, 319 (7th Cir.2001) ("A violation is 'continuing,' signifying that a plaintiff can reach back to its beginning even if the beginning lies outside the statutory limitations period").
        **S**ee below ALJ and OSHA's continuing denial –to request response from GE , varying excuses to dismiss Trivedi's OSHA complaint – constitutes continuing harm….it shows practice of conduct – Thus continuing tort doctrine….- **ranging from 2014 till 2022 by DOL, OSHA, ALJ….to cover up..and not to investigate – even GE committed criminal acts..** by citing the continuing violation doctrine -- which is based on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware of the underlying violation.
        *Payton v. Williams*, No. 14-cv-2566, at *14 (N.D. Ill. Dec. 1, 2017) ("Under this doctrine, "where a tort involves a continuing or repeated injury, 'the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease.'" *Cooney v. Casady*, 652 F.

Supp. 2d 948, 954 (N.D. Ill. 2009) (quoting *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85-86 (Ill. 2003)). ")

*Tiberi v. Cigna Corp.,* 89 F.3d 1423, 1430 (10th Cir.1996) (quoting 54 C.J.S., *Limitation of Actions* § 177 (1987) (**Thus continuing tort doctrine -**Under that doctrine, " 'where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury.' ** ").

<mark>Trivedi didn't know that OSHA 2014</mark> complaint was closed administratively and thus –she was not given right to appeal to ALJ. Trivedi came to know this( add email from Keller) during conference call with OSHA people Nathan and Keller -- --thus Trivedi didn't know about it..and as soon as she knew—from June 2021 call – She started bringing it to DOL food chain of Koh, Rosa, Frederick..all corrupt..

**The Supreme Court's decision in CTS Corp. v. Waldburger, 134 S.Ct. 2175 (2014), establishes that A statute of limitations begins to run when the cause of action "accrues"**—that is, when the plaintiff can file suit and obtain relief. Measured by this standard, a claim accrues in a personal-injury or property-damage action when the injury occurred or was discovered.

Heardv. Sheahan,253 F.3d316,317 (7thCir. 2001)("Tolling interrupts the statute of limitations after it has begun to run....") Deliberate indifference…there is a pattern…throughout…

Kovacs v. United States, 614 F.3d 666, 676 (7th Cir.2010) (citation omitted).

(The continuing violation doctrine acts as a defense to the statute of limitations, delaying its accrual or start date.")

**the "continuing violations" doctrine, principle of accrual ,postpones the beginning of the limitations period where the defendant inflicts continuing and accumulating harm**

In re: Evanston Nw. Healthcare Corp. Antitrust Litig., No. 07 C 04446, 2016 WL 4720014, at *7 (N.D. Ill. Sept. 9, 2016) ("**Another principle of accrual, called the "continuing violations" doctrine, postpones the beginning of the limitations period where the defendant inflicts continuing and accumulating harm. Heard, 253 F.3d at 319; see also Hanover Shoe, Inc. v. United Shoe Mach. Corp., 392 U.S. 481, 502 n.15 (1968) (continuing violation applies where the defendant's conduct "inflict[s] continuing and accumulating harm on [the plaintiff].").**

As noted earlier, the continuing violations doctrine postpones the limitations period where the defendant inflicts continuing and accumulating harm. *Heard*, 253 F.3d at 319. Thus, in order for the doctrine to apply, the plaintiff must be challenging "not just one incident of [unlawful] conduct ... but an unlawful practice that continues into the limitations period ...." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81, (1982). In continuing violations cases, "the complaint is timely when it is filed within [the limitations period, measured from] the last asserted occurrence of that practice."[26] *Id.*; *Brunswick Corp. v. Riegel Textile Corp.,* 752 F.2d 261, 271 (7th Cir. 1984) ("[I]f a continuing violation extends into the statutory period, the victim is entitled to complain about the whole violation, no matter how long ago it began ....").

86

The Court rejected United's argument that "because the earliest impact on Hanover of United's lease only policy occurred in 1912, Hanover's [claim] arose during that year and is now barred by the ... statute of limitations":

**We are not dealing with a violation which, if it occurs at all, must occur within some specific and limited time span. Rather, we are dealing with conduct which constituted a *continuing violation* of the Sherman Act and which *inflicted continuing and accumulating harm* on Hanover. Although Hanover could have sued in 1912 for the injury then** being inflicted, it was equally entitled to sue in 1955.

"A violation is called "continuing," signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period,. See, e.g., *M.H.D. v. Westminster Schools,* 172 F.3d 797, 804-05 (11th Cir. 1999); *Interamericas Investments , Ltd. v. Board of Governors,* 111 F.3d 376, 382 (5th Cir. 1997); *Sable v. General Motors Corp.,* 90 F.3d 171, 176 (6th Cir. 1996); *Rapf v. Suffolk County,* 755 F.2d 282, 292 (2d Cir. 1985); *Page v. United States,* 729 F.2d 818, 821-22 (D.C. Cir. 1984). When a single event gives rise to continuing injuries, as in *Sandutch v. Muroski,* 684 F.2d 252, 254 (3d Cir. 1982) "

292.  Harvey v. United States, 685 F.3d 939 (10th Cir. 2012) (Determination of when a claim accrues under Federal Tort Claims Act (FTCA) is a matter of federal, not state, law. 28 U.S.C.A. § 2401(b).)

*Molina-Garcia v. Fardon*, No. 18-2322, at *3 (7th Cir. Mar. 5, 2019) ("*see also United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015) (equitable tolling is available in FTCA suits). ")

"Federal claim-accrual rules govern cases arising under the FTCA , and they dictate that the statute of limitations does not start to run "any earlier than the last day of the ongoing injury." *Devbrow v. Kalu*, 705 F.3d 765, 770  (7th Cir. 2013); *Heard v. Sheahan*, 253  F.3d 316, 318-19 (7th Cir. 2001). A tort can be said to continue so long as the tortious acts, and not the injury caused by them, continues to happen. *Alexander v. United States*, 721 F.3d 418, 425 (7th Cir. 2013)"

## This doctrine applies "'where an entire course of conduct combines to produce an injury'—in other words, when the defendant carries out a continuing wrongful act."

*Alexander v. United States*, 721 F.3d 418, 425 (7th Cir. 2013) ("Though we have no quarrel with the district court's conclusion that Alexander knew or should have known by the time of Freeman's July 2008 deposition that agents of the federal government potentially caused his injury, it does not follow from this that Alexander's IIED claim is untimely, because the agents' alleged extreme and outrageous conduct did not cease with either Alexander's arrest or Freeman's deposition. Rather, the complaint alleges that the tortious conduct—which included witness intimidation, perjury, and suborning of perjury—continued right through Alexander's trial. Any one of these later actions might suffice to provide the basis for a timely IIED claim.")

*Alexander v. United States*, 721 F.3d 418, 425 (7th Cir. 2013) ("In situations such as this, where the alleged injury can be characterized as a continuing one, federal claim-accrual rules (which govern in cases arising under the FTCA , *id.*) **dictate that the statute of limitations "does not start to run *any earlier* than the last day of the ongoing injury." *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir.2013) (emphasis in original); see also *Heard v. Sheahan*, 253 F.3d 316, 318–19 (7th Cir.2001) (discussing the federal "continuing violation" doctrine).** Regardless of whether we view the agents' conduct as a continuing wrong or as a series of discrete, independently actionable harms,

some of which occurred within the limitation period, we conclude that Alexander's IIED claim is timely.")

*Britton v. Melvin*, 21-cv-1032-JBM, at \*3 (C.D. Ill. Nov. 2, 2021) **("continuing violation is a claim where, among other things, 'the state actor has a policy or practice that brings with it a fresh violation each day.'"** *Loza v. Josephson*, No. 16-8111, 2018 WL 4095097, at \*3 (N.D. Ill. Aug. 28, 2018) (citing *Savory v. Lyons*, 469 F.3d 667, 672-73 (7th Cir. 2006)).

**Plaintiff Trivedi  has adequately pled a continuing violation as …………………..that it continued from 2014 through the present day. ")**

*Britton v. Melvin*, 21-cv-1032-JBM, at \*2 (C.D. Ill. Nov. 2, 2021) ("claiming that the statute of limitations should be tolled as the complained-of conditions represent a continuing violation. Plaintiff cites *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) which provides that when a plaintiff is subjected to continuing harm, the plaintiff may recov**er for all of the harm, even if some of the events occurred outside of the statute of limitations. ")**

OSHA, DOL defendants subjected Trivedi to suffer as a VICTIM for their illegal acts from

(1)2014 –first complaint and

(2) Continued in 2021- second complaint,

(3) Continued in ALJ case where ALJ McGrath also issued random order to show cause;

   Which shows he hasn't read in details Trivedi's objections nor understood the history; his

   order is based on OSHA's false statements; is prejudiced biased and done to distress

   Trivedi, also ALJ denied motion for discovery.

(4)continued in ARB affirming ALJ by issuing fractured,  incomplete order – intentionally

OMITTING crucial , critical facts.

**As Trivedi presented solid legal arguments, with case laws above for continuing**

**violations, the plaintiff Trivedi legally may recover for all of the harm, even if some of the**

**events occurred outside of the statute of limitations aka Trivedi's FTCA claims against DOL**

**for 2014 illegal closure of whistleblower complaint"  (**federal claim-accrual rules (which govern in

cases arising under the FTCA , *id.*) ==**dictate that the statute of limitations "does not start to run**

***any earlier* than the last day of the ongoing injury." )**==

293.    Trivedi's OLJ objections, motions, OSHA submission has tons of legal argument about equitable tolling, continuing violations; making Trivedi complaint timely.

### 21.13 THIRTEENTH COUNT
**The Federal Tort Claims Act, 28 U.S.C. §1346(b) ; 29 CFR Subpart B - Claims Against the Government Under the FTCA 29 CFR § 15.100 (a)** (USCOURTS & Judges Defendants)

294.    Plaintiff  realleges, reasserts, incorporates by reference the facts& allegations stated in the previous paragraphs; as though fully set forth herein, as well as facts currently unknown.

295.    Trivedi has filed form SF -95 with USCOURT and has received confirmation so as to administrative filing

296.    First circuit Judge Sandra Lynch didn't participate in en banc review..but she was a panel judge for motion to recuse judge Kelley appeal; Trivedi had put a RED FLAG on judge Kelley when she issued R&R...judge Lynch denied that and later she recused herself for whatever reason ; instead of addressing that

297.    Magistrate judge Kelley was reappointed; despite my opposition.I ahd written o judge Kelley's reappointment panel judger Mark that it was a reward for corruption that around the time – judge Kelley dismissed Trivedi claims – she became chief judge. Trivedi had phone conversation with panel members, vikas dhar and Karin bell- sent them many emails to prove how corrupt judge Kelley ahs been..

298.    Judicial corruption -may show as bias in the orders issued, hearing and judgment of lawsuit, with decisions clearly favoring one party over the other.

299.    A tort to the person is a tort involving or consisting in an injury to one's person, reputation, or feelings. Wrong that results in injury. Injury" includes, but is not limited to, any physical or mental damage or injury or financial damage

300.    Since 2016 when DHS lawsuit was filed – Trivedi has been suffering injuries by these corrupt judges.

**For DHS lawsuit,  When Trivedi went to district court and met** judge James Donato's court deputy..Lisa R. Clark….she commented that "we are not doing woman thing in your case--- and you don't go to bed with them..but some women do use being women as TOOLS..so we are not doing woman thing".( since Judge Donato was not ruling for more than six month on pending motions..I attended HEARING in Judge Donato's courtroom for some big antitrust case..then met his deputy Clark when hearing was over)me being a woman is one of my mitigating circumstances..but both my Boston judges are women-- so what they did--nothing....USA has converged into third world country-

89

**21.13.1**      **If one federal judge Andrew Hanen of Texas can find my material worthy to do grand jury criminal investigation – how come another federal judge Donato – dismiss claims – I am saying as it was related to GE's retaliation – even if we not fight for extra ordinary ability portion because my 2016 lawsuit was against department of homeland security for EB1 – a person of extra ordinary ability**

**21.13.2**      **And same thing if one federal judge Hanen can find my material worthy to do grand jury criminal investigation – how come another federal judges such as judge Saris, judge Kelley and first ciruit judges - David J. Barron, Bruce M. Selya, and Rogeriee Thompson TOTALLY TRASH TRIVEDI's claims at MOTION to dismiss**

301.    Denying Trivedi DUE PROCESS , DISCOVERY, TRIAL – and doing this to continue inflict injury, harm, intentional infliction of emotional distress, harassment and continue BE CORRUPT.It is illegal, corruption and 100% TORT , BIVENS claims that judge Kelley, judge Saris and first circuit panel  took judicial notice of 2016 lawsuit against DHS- in totally OUT OF CONTEXT to this GE lawsuit….If these corrupt judges want to take judicial notice of DHS lawsuit

**21.13.3**      **More than a century old case law- "Ex Parte Virginia, 100 U.S. 339 (1880)", supreme court stated that judges are not immune from criminal prosecution**

302.    When an unreconstructed Virginia county judge excluded jurors on the basis of race, judicial immunity did not protect the judge in Ex Parte Virginia case. And a century later, when an Illinois county judge fired a parole officer because she was a woman (Forrester, 221), judicial immunity did not protect the judge (Id., 231).

303.    Trivedi has alleged at least 35 plus times, in her court cases that she is treated like this because of GE's connections, Trivedi's race, immigration, not white , woman, divorced…Trivedi is a prefect material to execute Intentional, conspiratorial conduct – for which these judges get SADISTIC PLEASURE…there are vultures.

304.    Judge Mark G. Mastroianni was performing task of reappointing judge Kelley- and as per district court announcement of judge Kelley's reappointment- district court approved her—

**Ex Parte Virginia, 100 U.S. 339 (1880)**(It is idle, therefore, to say that the act of Congress is unconstitutional because it inflicts penalties upon State judges for their judicial action. It does no such thing. ..Upon the whole, as we are of opinion that the act of Congress upon which the indictment against the petitioner was founded is constitutional, and that he is correctly held to answer it, and as, therefore, no object would be secured by issuing a writ of habeas corpus, the petitions are Denied.) Mireles v. Waco, 502 U.S. 9, 10, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) AND Footnote 6 in this case --Levine v. Lawrence, No. 03-CV-1694(DRH ETB), 2005 WL 1412143, at *5 (E.D.N.Y. June 15, 2005) (The Court, however, has recognized that a judge is not absolutely immune from criminal liability, *Ex parte Virginia,* 100 U.S. 339, 348–349, 25 L.Ed. 676 (1880))

*A State acts by its legislative, its executive, or its judicial authorities. It can act in no other way.*

### 21.13.4    Continuing TORT – judge Donato to judge Saris –no one wants to address fraud by GE- but only wants to act as GE's general counsel

I understand that person of extra ordinary was a separate claim, but judge Donato didn't care like judge Hanen to address..nor judge Saris-instead illegally dismissed Trivedi's valid claims as untimely. While totally being blind to GE's fraud.

"Federal claim-accrual rules govern cases arising under the FTCA , and they dictate that the statute of limitations does not start to run "any earlier than the last day of the ongoing injury." Devbrow v. Kalu, 705 F.3d 765, 770  (7th Cir. 2013); Heard v. Sheahan, 253  F.3d 316, 318-19 (7th Cir. 2001). A tort can be said to continue so long as the tortious acts, and not the injury caused by them, continues to happen. Alexander v. United States, 721 F.3d 418, 425 (7th Cir. 2013)"

This doctrine applies "'where an entire course of conduct combines to produce an injury'—in other words, when the defendant carries out a continuing wrongful act."

☐    Plaintiff Trivedi  has adequately pled a continuing violation as …………………..that it continued from 2016 through the present day. ")

### 21.13.5    Tort by judges, sadistic pleasure.

305.    Statutory violations establish prima facie case for negligence per se – in Trivedi's case it applies to both GE and judges.**Judges are fine with GE's statutory violations; but concerned that it is untimely ( in their own corrupt interpretation) and/or Trivedi failed to file administrative claims with agency, or that for securities fraud- Trivedi should not have relied on GE's claims –if** Trivedi knew that GE was doing fraud – for putting all these in their ORDER – all all to be PUT in a JAIL at least for ONE YEAR.

306.    Trivedi has been intentionally not given/afforded a 'full and fair opportunity' to litigate her claims in PUBLIC FORUM.Restatement (Second) of Torts § 286 (1965). In Estate of Kelly v. Falin, 127 Wn.2d 31, 896 P.2d 1245 (1995), the court held that a violation of a criminal statute constitutes evidence of negligence only if the statute was intended to protect both the person bringing the action and the particular interest involved. The violation of a statute, ordinance, or administrative rule is actionable only if it was a proximate cause of the accident or injury in question. Ward v. Zeugner, 64 Wn.2d 570, 392 P.2d 811 (1964). If there is a prima facie causal connection and if the requirements of Restatement (Second) of Torts section 286 (1965) are met, the proximate cause question is for the jury. Kness v. Truck Trailer Equip. Co., 81 Wn.2d 251, 501 P.2d 285 (1972).

307.   Wisconsin and Massachusetts personal injury tort --- Trivedi's claims are **cognizable under common law, Massachusetts Tort Claims Act ("MTCA"), M.G.L. c. 258, § 1 et seq.,   Wis. Stat. § 893.57 Intentional torts -** other intentional tort to the person shall be commenced within 3 years after the cause of action accrues. -- and  Severe recklessness is limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care,  --- more than negligence in mismanaging, fraudulently handling **Trivedi's complaint, b**ut a higher level of wrongdoing and even conscious malfeasance."

308.   Plaintiff Trivedi prove such recklessness that  USCOURTS defendants possessed knowledge of facts regarding Trivedi's complaint being VALID whistleblower statutes, in corrupt manner; but made FALSE statements, this behavior prove that  USCOURTS defendants knew or should have known that they were misrepresenting material facts related to Trivedi's complaint; **Scientier – that makes  USCOURTS defendants CULPABLE.**

## 21.13.6      Intentional infliction of emotional distress

309.   Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**

## False reports are sufficiently extreme and outrageous to state a claim of IIED =  USCOURTS defendants' false statements and dismissal ; intentionally caused distress and harm, injury – all enumerated in detail here. As shown here, Trivedi has sufficiently pleaded IIED claims.

310.   USCOURTS defendant possessed the requisite intent for purposes of an IIED claim as they desire to cause consequences of their act, or they believed that the consequences are substantially certain to result from it-------- USCOURTS Defendants believed that severe emotional distress was substantially certain to result from it. *Id.* Trivedi claim that the  USCOURTS Defendants knew with substantial certainty that their action would cause severe emotional distress, harm, uncertainly, injury, financial loss….it was pre calculated, with full intention and total disregard – as it Terrorizing.

311.   Intentional infliction of emotional distress is designed to protect Trivedi's normal and equable state of mind. Limone v. U.S. 579 F.3d 79 (1st Cir. 2009)  [district courts have] subject matter jurisdiction to adjudicate ... claims for intentional infliction of emotional distress" under the FTCA.

*Intention* =Conduct is intentional if the USCOURTS actors know of the consequences of their acts with substantial certainty- **A matter of whether the act was intended, not whether the final outcome was intended;** an innocent act or mistaken belief are not defenses- this acts by USCOURTS defendants is 100& certainly  a voluntary act:  USCOURTS defendants acted individually as well as a TEAM – to conspire. The essence of  USCOURTS conduct is intentional conduct, by way either of commission or of omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another..

312.    USCOURTS defendants acted with "freshly formed intention" to cause emotional distress; ---

**Intentional infliction of emotional distress, a claim of IIED Trivedi meets following elements:**

(1) the  USCOURTS defendants acted intentionally, The defendants intended to cause emotional distress, or knew or should have known that emotional distress would result from their actions; (D acts)

(2) the  USCOURTS defendant's conduct was extreme or Outrageous; and in a manner that we would describe as beyond the bounds of decency –A jury could reasonably find it constituted the "most clearly desperate and ultra-extreme conduct"---

also cybersecurity issues, vulnerabilities- that Scott Erven..

**Trivedi has established a pattern of outrageous conduct by  USCOURTS employees, a pattern of misconduct, series of offensive acts.**

The  USCOURTS officials at the time **of such acts or omissions were acting within the scope of their official duties or employment.** Their Conduct towards Trivedi and handling her whistleblower complaint, twice, qualifies as extreme and outrageous, as it "go[es] beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community.

Trivedi had already suffered IIED by her employer GE wrongfully terminating her for not joining GE's fraud scheme…and preexisting emotional distress- which in itself was ongoing— was worsened by  USCOURTS employees when Trivedi filed federal complaint in 2016 and 2019. And because Trivedi kept fighting despite being in a distress. It is like army core of engineers – who go through long battle and despite being in distress do what they have to do..that is the case here for Trivedi…Trivedi is a fighter.

USCOURTS defendants' conduct is "extreme and outrageous" because it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Degree of corruption, tyranny and egregiousness by  USCOURTS employees, goes beyond the level, that Trivedi or any reasonable person can TOLERATE…unless there is a dictatorship and  USCOURTS employees enjoy dictator status.  USCOURTS employees' Conduct, towards Trivedi is so outrageous as rise to the level of terrorizing.

Courts have allowed IIED claims based on forms of alleged harassment to proceed under the FTCA.

Plaintiff Trivedi may recover for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety.  Recovery also include damages –economical loss and distress caused by immigration issues- not to fund her startup - suffered loss of income, emotional damages, death of her parent and other personal injuries – career has been sabotaged, mental anguish, humiliation alarm and anxiety.  Resulting from emotional distress, immediately after their behavior …as judges' behavior created ACUTE distress, such as upset stomach and she was shocked ,—and which lasted for some time( eventually I recovered and decided to fight back and thus filing this FTCA claim) - tension headaches, muscle tenderness , Withdrawn, feeling hopeless and despair, affected , dreadful… emotional disturbance, fright, terror, discomfort, worry, anxiety, , concern, distressed and agitation … **embarrassment and also "sexual harassment  --- pattern of -----such conduct.**

**–but had to mediate, exercise – speak to number of friends, family, counselling center people..** Counseling center sister had given hours of talk.  Trivedi watched hours of video by spiritual teaching, read books….but  USCOURTS defendants has continued to inflict the emotion distress upon Trivedi by their corrupt acts –

 **(4)  USCOURTS defendants' extreme and outrageous conduct caused Trivedi to suffer severe emotional distress.** No reasonable person should be expected to suffer the emotional distress that resulted from the USCOURTS defendants' conduct...
**Causation >>acts by  USCOURTS..and as a result >>Trivedi suffering IIED.**

## 21.13.7     Negligence

313.    Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**
   **Liability under Negligence stems in this case from** USCOURTS **employees' failure** to behave with the level of care and duty as government employee and someone of ordinary prudence would have exercised under the same circumstances; absent misfeasance, non feasance, corruption, reckless disregard, gross negligence.

   Wisconsin statute 895.045 -Negligence 895.045(2) Concerted action. Notwithstanding sub. (1), if 2 or more parties act in accordance with a common scheme or plan, those parties are jointly and severally liable for all damages resulting from that action.
   Massachusetts General Laws Chapter 231, section 85
   There is no distinction between active and passive negligence as to responsibility for injury or full indemnity to a tortfeasor whose negligence was passive. Pachowitz v. Milwaukee & Suburban Transport Corp., 56 Wis. 2d 383, 202 N.W.2d 268 (1972).
   Specific negligent acts and omissions by USCOURTS defendants include but are not limited to the following:
✓ Not reading arbitration complaint, FDA letter & communication , FDA's OEC surgery ban and when lifted Trivedi's first project at GE to integrate remote connectivity platform on OEC surgery; when Trivedi uncovered security vulnerabilities, 600 defects..
✓ Intentional, corrupt failure in 2014 & 2021; to apply equitable tolling as Trivedi's December 13, 2013 complaint to FDA was filed as a WHISTLEBLOWER complaint –failed to apply  18 U.S.C. § 1514A(b)(2(D);29 C.F.R. § 1980.103(d)
✓ Failed to reach out to FDA or DHS about timeliness if they wanted to make sure
✓ Failing to allow discovery –so Trivedi can call FBI agents as witness; while corruptly dismissing Trivedi's complaint- bbut judges wanted to cover up, harass, distress and harm Trivedi- so did it do it..closed corruptly.
✓ Denied Trivedi DISCOVERY because allowing that would EXPOSE GE>
✓ Despite writing that GE removed REMOTE connectivity section from SEC 10-K filing; after 2019 for which Trivedi is a SOX whistleblower –entire judges food chain omitted and intentionally , corruptly failed to act on it and dismissed Trivedi's complaint…entire judges / USCOURTS defendants food chain to be arrested and put in JAIL for doing this to Trivedi – their goal is to harass , distress, inflict harm on Trivedi regardless of what…
✓ Judges failed to apply already presented argument about FDA complaint as whistleblower complaint and kept harassing Trivedi to reply to order to show cause.

- ✓ USCOURTS defendants committed fraud and perjury; by writing FALSE statements in dismissal order – report and recoomendation and afterwards – adopting that R&R and later first circuit AFFIRMING IT>
- ✓ It was foreseeable that USCOURTS defendants' failure to take above action, omissions would result in injury to Trivedi.
- ✓ There is a temporal and close causal connection between USCOURTS defendants failure and the harm suffered by Trivedi…even future risk, injury.
- ✓ Due to USCOURTS defendants conduct Trivedi has suffered and will continue to suffer DAMAGES and injury; legal fight , expenses, humiliation, distress, loss—as damages listed in detail in this claim submission to be included here…..; including but not limited USCOURTS people and GE people would Try to kill Trivedi or do such extreme harm..Trivedi already lost her father on the same day Trivedi arranged Internet of things – cybersecurity high stakes of billions of devices on February 22, 2017—her father dying on same day –presents circumstantial condition, GE had motive to kill her father as she was close to her..

### Trivedi's claims as to: duty, breach, causation, and damages/harm.

- ✓ Duty – Under the circumstances, the USCOURTS defendants owed a legal duty to the person Trivedi who brings complaint
- ✓ Breach – The USCOURTS defendants act or fail to act in a certain way that breaches that legal duty;
- ✓ Causation – It was the actions or inactions of the USCOURTS defendants that caused the injury to the plaintiff Trivedi; and
- ✓ Damages – The defendants' actions lead to injury and harm to the plaintiff Trivedi – as listed in detail what injury, how and what harm
- ✓ — USCOURTS defendants enjoyed SADISTIC pleasure by keeping Trivedi in distress and not ruffling feathers by investigating GE> All to be put in jail.

314.    USCOURTS employees' Gross negligence is a lack of care that demonstrates reckless disregard for the public safety, cybersecurity issues and most importantly HARM and injury to Trivedi 'which is so great it appears to be a conscious violation of Trivedi's rights to safety as well as public health and safety. USCOURTS  defendants' conduct is a heightened degree of negligence representing an extreme departure from the ordinary standard of care; more harmful than ordinary negligence because it implies a thoughtless disregard of the consequences and the failure to use even slight care to avoid harming the life of whistleblower Trivedi.

**Trivedi here presents tort claims, acts that have harm the wellbeing of Trivedi, by that means violating HER rights and making the guilty** party USCOURTS employees liable for her damages and sufferings. The FTCA allows Trivedi to demonstrate that the damages caused to her are by the negligent acts of USCOURTS employees who were/are working within the capacity of their duties, and thus Trivedi sue the government for this negligence.

**USCOURTS judges/employees' intentional failure under corruption to exercising due care, failure do their job and failure to execute o**f a statute or regulation malfeasance misfeasance nonfeasance – public policy—and also USCOURTS violated its own policy to provide fair and full opportunity, serve justice and judges have shown tyranny like behavior.

### 21.13.8        Negligence per se

315.   Statutory violations establish prima facie case for negligence per se – in Trivedi's case it applies to both GE and judges.

**Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above as if fully set forth herein.**

**USCOURTS defendants' behavior was negligent as a matter of law.**

**Restatement (Third) of Torts §14. Statutory Violations as Negligence Per Se**

An actor is negligent if, without excuse, the actor violates a statute that is designed to protect against the type of accident the actor's conduct causes, and if the accident victim is within the class of persons the statute is designed to protect.

✓ Pursuant to following statutes, rules and regulations USCOURTS Defendants had a duty when Trivedi filed her complaint in 2016 and 2019 and to first ciruit as well. It also form part of the basis of USCOURTS Defendants' duty in this regard. Duty to investigate and protection –

**NOTE- Trivedi does not mean to say that for example USCOURTS defendants viol**ated federal false claims act and osha whistleblower SOX statutes 18 U.S.C. §1514A    ; but Trivedi means that while GE violated federal false claims act and osha whistleblower SOX statutes 18 U.S.C. §1514A; USCOURTS defendants illegally dismissing Trivedi's complaint violated as government employee to handle Trivedi's whistleblower complaint that alleged False claims act violations and OSHA SOX whistleblower violations/protections. Guilty by association and civil liability for obstructing justice and aiding and abetting wrongdoing/fraud by not taking action aka illegally dismissing Trivedi's complaint/lawsuit.

✓ Violations of safety statutes in Wisconsin are ordinarily[10] Locicero v. Interpace Corp., 83 Wis. 2d 876, 266 N.W.2d 423, 427 (1978); Blanchard v. Terpstra, 37 Wis. 2d 292, 155 N.W.2d 156, 158 n. 1 (1967); Lloyd v. Pugh, 158 Wis. 441, 445, 149 N.W. 150, 152 (1914). [ USCOURTS defendants had a duty because Trivedi's claims were for public health and safety )

✓ Held to be negligence per se and this principle *238 frequently [ Grube v. Moths, 56 Wis. 2d 424, 202 N.W.2d 261, 267 (1972); Schroeder v. Northern States Power Co., 46 Wis. 2d 637, 176 N.W.2d 336 (1970).] **has been applied in Wisconsin cases. The general rule in Wisconsin is that violation of a criminal statute is negligence per se.**

✓ **18 U.S.C. § 1514A (b)(2(D);29 C.F.R. § 1980.103(d)  -OSHA equitable tolling.**

✓ osha whistleblower SOX statutes 18 U.S.C. §1514A

✓ protection for Whistleblower Retaliation under Dodd-Frank Act, 15 U.S.C. §78u-6(h);SEC Rule17 1CFR § 240.21F-2,

✓ Securities Exchange Act of 1934,15 U.S.C. 78j(b),Rule 17 C.F.R. 240.10b-5

✓ Wrongful termination by GE in violation of public policy - common law rule in Massachusetts and Wisconsin

✓ common law rule in Massachusetts and Wisconsin for TORT against GE

✓ 42 U.S.C. § 299 et seq -The Patient Safety and Quality Improvement Act of 2005

- ✓ 31 U.S.C. §3729 et seq. federal false claims act  quitam AND False claims act and whistleblower retaliation protection statutes of state of Massachusetts  MASS. GEN. LAWS ANN. CH. 12 §§ 5—5O
  that a specific violation of the law occurred, and that violation is automatically assumed to be negligent.
- ✓ Trivedi's retaliation claim under false claims act 31 U.S.C. § 3730(h) (2) ; can proceed Pro Se and ongoing fraud makes claim timely  --  USCOURTS defendants violated this code TWICE.
- ✓ whistleblower protection statutes of Massachusetts
- ✓ Scott erven's 2018 global alert for Trivedi's termination related remote connectivity platform InsiteEXC…, cybersecurity vulnerabilities , Security statutes, public health & safety implementation as a government employee overseeing that laws statutes are ENFORCED, obeyed and those who blow whistle get protected.
- ✓ Though one can argue about Private cause of action available or not under following statutes, regardless;  USCOURTS defendants were bound by duty for following statutes.
  - ➢ 45 CFR § 160.316 Refraining from intimidation or retaliation, Public Law 104-191.
  - ➢ 18 U.S. C § 1512 - Tampering with a witness, victim, or an informant
  - ➢ And 18 U.S. C §  1513 - Retaliating against a witness, victim, or an informant
    18 U.S. C § 1512 (a) (1) (A) ,18 U.S. C § 1512 (b) (1) ,18 U.S. C § 1512 (b) (2) (A) 18 U.S. C § 1512 (b) (2) (B), 18 U.S. C § 1512 (b) (3), 18 U.S. C § 1512 (c) (2) 18 U.S. C § 1512 (d) (1) ,18 U.S. C § 1512 (d) (2) , 18 U.S. C § 1513 (e), 18 U.S. C § 1513 (f)

   **The defendant violated above code, statute or regulation. Above legal theory** establishes the duty and breach elements of negligence.USCOURTS's failure to comply with applicable laws and regulations constitutes negligence per se
(Statutes prescribing certain actions or defining a standard of conduct, either explicitly or implicitly. )

   **The plaintiff Trivedi in the class of persons** whistleblower protection statutes of state and federal level, **the code, statute, or regulation was designed to protect. But for JUDGES/USCOURTS/Defendants' wrongful and negligent breach of its duties owed to Plaintiff Trivedi and Class Members, Plaintiff and Class Members would not have been injured.**

   The plaintiff Trivedi's injury, harm was the kind of injury the code, statute, or regulations that Trivedi mentioned ABOVE was designed to prevent.

   The injury and harm suffered by Trivedi was the reasonably foreseeable result of Defendants'
breach of their duties. Defendants knew or should have known that they were failing to meet their duties, and that Defendants' breach would cause Plaintiff Trivedi to experience the foreseeable harms (detailed HARM and DAMGES and INJURY enumerated throughout this claim form). As a direct and proximate result of Judges Defendants' negligent conduct, Trivedi has suffered injury and are entitled to compensatory damages in an amount mentioned in SUM CERTAIN section below.

Taking judicial notice to dismiss private right of action, failure to MA savings statute, ongoing violation based equitable tolling – ongoing injury, injunctive relief  data breach lawsuit, accrual of claims makes it timely

### 21.13.9        Misfeasance and non feasance under tort

316.    Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**

Malfeasance –defendants' Intentional conduct that is wrongful or unlawful, defendants' higher level of wrongdoing than nonfeasance (failure to act where there was a duty to act) or misfeasance (conduct that is lawful but inappropriate). Here defendants acts satisfies all three; falls under public corruption as well.Misfeasance and Nonfeasance are part of tort law.

Misfeasance –USCOURTS defendants committed it when legal action done improperly, which resulted in harm to Trivedi.

Nonfeasance –USCOURTS defendants failure to carry out SERIES of required obligations, which results in injury or harm to Trivedi, public, loss and possible risk to society as Scott Erven's global alert came out in 2018.

### 21.13.10        Intentional Tort -fraud

317.    Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**

Tort of *fraud* – person who makes false statement intended to be acted on must make good the damage naturally resulting from its being acted on.

USCOURTS judges/people's half true , not telling full picture, omitting crucial and critical facts in dismissing Trivedi's claims by issuing order with prejudice and first circuit judges also corruptly AFFIRMING it—denying due process to Trivedi- by not allowing any discovery-amendment- not holding HEARING…this is 100% corrupt.. – created tort of fraud cause of action.

### 21.13.11        Depriving persons of rights or privileges "  individual capacity

318.    Plaintiff Trivedi re-alleges and incorporates by reference Paragraphs above **as if fully set forth herein.**

Judges (judge Kelley to get reappointed)for personal benefit, for being afraid of not standing up big company GE, for negligence, misfeasance, malfeasance and non feasance…to cover up – to exploit Trivedi's hardship, mitigating circumstances.

### 21.14 FOURTEENTH COUNT
### Claims for violations of constitutional rights pursuant to  Bivens
### (All DOL Employees Named Individually In This Complaint as defendants)

### 21.15 FIFTEENTH COUNT
### Claims for violations of constitutional rights pursuant to  Bivens
### (All USCOURTS Employees - Judges Named Individually In This Complaint as defendants)

# BIVENs arguments common to count 14 & count 15

**In Bivens, The Supreme Court has recognized an implied private action against federal officials -- the Court spoke directly to the attendant harm that such power can cause when abused.**[16]

**The Supreme Court has recognized an implied private action against federal officials in (1)***Bivens*, 403 U.S. at 396, (2)*Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (providing a *Bivens* remedy for gender discrimination under the Fifth Amendment Due Process Clause); *(3)Carlson v. Green*, 446 U.S. 14, 18-21 (1980) (4) *Farmer v. Brennan*, 511 U.S. 825 (1994),

**DOL and USCOURTS individual defendants; constitutional violations involved heightened mens rea elements, Trivedi has plead that defendants had both personal knowledge of the allegedly unconstitutional acts and discriminatory intent.**

319. [Due process] tends to secure equality of law in the sense that it makes a required minimum of protection for every one's right of life, liberty and property,The Fifth Amendment due process clause extends this prohibition to the federal government when [THEIR ACTIONS] violates due process of law.

320. Bivens cause of action: of Trivedi

- ✓ Plaintiff Trivedi has constitutionally protected right (s);
- ✓ Federal officer (s) acting under color of federal law/authority violated that right;
- ✓ Plaintiff lacks a statutory cause of action, **or an available statutory cause of action does not provide a meaningful remedy;** and
- ✓ An appropriate remedy, namely damages, can be imposed.

**Trivedi allege two elements: (1) that a recognized liberty or property interest has been interfered with by the DOL and USCOURTS Defendants, and (2) that the procedures attendant to that deprivation were not constitutionally sufficient.**

**DOL & USCOURTS are CITING each other's dismissals and rulings – which is false,** incomplete ---to dismiss Trivedi's claims…Done without DISCOVERY, JURY , TRIAL..Trivedi is deprived of a FAIR trial, opportunity to be heard, gave 100% consideration to GE's perjury based filings, disregarded all MATERIALLY DISPUTED FACTS, and mountain of EVIDENCE **in FAVOR of Trivedi….This is clear cut DEPRIVATION**

321. Trivedi's claim of deprivation of property—another enumerated interest protected by the Fifth Amendment; that she was deprived of: (1) her business, career, financial loss and reputation (though this could be construed as a property/liberty hybrid)…
Her startup is killed… While Trivedi has been FIGHTING this corruption and this lawsuits - .Google bought FITBIT…and Orangehealth was for bridging GAP between FITBIT and facebook..Trivedi has suffered loss while she worked very hard.

---

[16] Butz v. Economou, 438 U.S. 478 (1978), reaffirmed this holding, stating that "the decision in Bivens established that a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Id., at 504.

322.   *Davis v. Passman*, 442 U.S. 228 (1979) ("(a) The equal protection component of the Fifth

Amendment's Due Process Clause confers on petitioner a federal constitutional right to be free from gender discrimination that does not serve important governmental objectives or is not substantially related to the achievement of such objectives. Pp. 234-235. *Craig* v. *Boren*, 429 U.S. 190, 197 (1976)." *Califano* v. *Webster*, 430 U.S. 313, 316-317 (1977). ")

[]    The Fifth Amendment provides that "[no] person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." In numerous decisions, this Court "has held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws. "To withstand scrutiny under the equal protection component of the Fifth Amendment's Due Process Clause, 'classifications by gender must serve important governmental objectives"

323.   Trivedi's legal argument in amended complaint, under, Private cause of action - **ECF 51 Page 101 – 108 – would apply to count I.** ( As it shows that judges –including ALJ, ARB judges -want to dismiss claims – one way or another – then private cause of action would apply to all defendants(GE, Fragomen,Foley& govt). For government defendants under BIVENS REMEDY as well)

**Moreover: When a plaintiff asserts constitutional rather than statutory rights, the Court is more willing to imply a private right to sue, both on the theory that defining the means for the enforcement of constitutional rights is the federal judiciary's special focus, and because these cases lack the separation-of-powers concern Davis v. Passman, 442 U.S. 228, 241 (1979)**

As the Supreme Court explained in Davis: For example, statutory rights and obligations are often embedded in complex regulatory schemes, so that if they are not enforced through private causes of action, they may nevertheless be enforced through alternative mechanisms, such as criminal prosecutions or other public causes of actions. In each case, however, the question is the nature of the legislative intent informing a specific statute . . . . The Constitution, on the other hand, does not "partake of the prolixity of a legal code." McCulloch v. Maryland, 17 U.S. 316, 407 (1819). It speaks instead with a majestic simplicity. One of "its important objects," ibid., is the designation of rights. And in "its great outlines," ibid., the judiciary is clearly discernible as the primary means through which these rights may be enforced. Id. (internal citations omitted)

**When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a " minister" of his own prejudices. [386 U.S. 547, 568]. [This is what has been happening with Trivedi]**

When the state is one of the perpetrators and violators, there can be no expectation of just, indeed any, relief from it. The State cannot cause a federal violation, and then try to prohibit litigants from seeking redress in the federal courts for those same violations (i.e. the state cannot violate our fundamental rights, and then try to have us dismissed out of federal court for seeking vindication of those rights) ' "We have long recognized that a state cannot create a transitory cause of action and at the same time destroy the fight to sue on that transitory cause of action in any court having

jurisdiction", Tennessee Coal, Iron & R, Co. v. George, 233 U.S. 354, 360 (1914)' cited in Marshall v. **Marshall (2006).Judges' oath of office includes the undertaking to uphold the laws and Constitution of the United States. Any Judge violating such undertakings loses jurisdiction, resulting in his orders being VOID, and he himself commits a treasonable offense against the United States.**

Title 18, U.S.C., Section 242 -Deprivation of Rights Under Color of Law

**Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").Judges never recused themselves, hostile manner dismissed Trivedi's claims.**

# COUNT 14 BIVENS claims against DOL individuals

**Claims for supervisory liability regarding each of the mentions violations of Trivedi's constitutional rights**

**Fifth Amendment claims for violation of Trivedi's Due Process rights**

**Claim for failure to intercede**

(discriminated by gender violated equal protection principles -)

Claims for violations of due process

> 324.  CFR § 18.201 (e) Opportunity to be heard… comes under Due process …
>
> 325.  Due to their intentional conduct and reckless , deliberate indifference – declined or refused to fulfil their duty – constitutional right not to be deprived of. Ongoing sabotage of GE to paint Trivedi as FAILURE..while not DENYING that GE was/is engaged in ongoing FRAUD – but at the same time TOTALLY TARNISH her REPUTATION, image , …While OSHA , ALJ , ARB dismissals of Trivedi claims – totally PAINT Trivedi as at fault person – based on TIMELINESS – while siding GE – when GE did huge fraud… DOL defendants individually have knowingly & intentionally, to Terrorize (Because Trivedi is WOMAN , SINGLE, immigrant…enjoys sadistic pleasure)TRIVEDI, have put FALSE, incomplete, partial FACTS – about Trivedi…AND DOL defendants have failed to vindicate her…Trivedi's name MUST BE CLEARED – and so HER being a WHISTLEBLOWER by HOLDING GE accountable…so that in FUTURE – she doesn't have to PROVE over and OVER again that it was GE who screwed up…

All DOL defendants – named individual defendants, had opportunity to prevent ongoing HARM to TRIVEDI's reputation, career, financial loss – They again failed to do so[ failure to act - In order for liability to attach, there must have been realistic opportunity to intervene to prevent the harm from occurring Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). ]. [ Trivedi has plausibly plead that "the failure to intercede HAS been a proximate cause of the harm." Bah v. City of New York, No. 13-cv-6690 (PKC), 2014 WL 1760063, at *7 (S.D.N.Y. May 1, 2014); accord O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir.1988 )]…and as in Davis *v. Passman*, 442 U.S. 228, 248-49 (1979) (providing a *Bivens* remedy for gender discrimination under the Fifth Amendment Due Process Clause)– gender , race , nationality discrimination – because if Trivedi would have been a MALE, WHITE , US CITIZEN – than they would have not terrorized – the same way they did Trivedi. Trivedi suffered the substantial and continuing injuries and damages as set forth in this complaint.**Claims for supervisory liability – acting within scope of their employment and under color of federal law,**

**are personally involved in this unconstitutional misconduct against Trivedi.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*Count 14 ends here**

# COUNT 15
## BIVENS claims against USCOURTS individuals
### Claims for violations of constitutional rights pursuant to  Bivens (All USCOURTS Employees - Judges Named Individually In This Complaint as defendants)

**Fifth Amendment claims for violation of Trivedi's Due Process rights**
**Claim for failure to intercede**

This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.

Trivedi constitutional rights have been violated and that she has no effective means other than the this

lawsuit to vindicate these rights.

Due to their intentional conduct and reckless , deliberate indifference – declined or refused to

fulfil their duty – constitutional right under FIFTH AMENDMENT , not to be deprived of REPUTATION. Ongoing sabotage of GE to paint Trivedi as FAILURE..while not DENYING that GE was/is engaged in ongoing FRAUD – but at the same time TOTALLY TARNISH her REPUTATION, image… …While OSHA , ALJ , ARB dismissals of Trivedi claims – totally PAINT Trivedi as at fault person – based on TIMELINESS – while siding GE – when GE did huge fraud…**Judges have knowingly & intentionally, to Terrorize (Because Trivedi is WOMAN , SINGLE, immigrant…enjoys sadistic pleasure) TRIVEDI, have  put FALSE, incomplete, partial FACTS – about Trivedi…..**
AND JUDGES have failed to vindicate her…**Trivedi's name MUST BE CLEARED – and so HER**

being a  WHISTLEBLOWER by HOLDING GE accountable…so that in FUTURE – she

doesn't have to PROVE over and OVER again that it was GE who screwed up…

Judges had opportunity to prevent ongoing HARM to TRIVEDI's reputation, career, financial loss – They again failed to do so[ failure to act <mark>- In order for liability to attach, there must have been realistic opportunity to intervene to prevent the harm from occurring -Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).  ].[ Trivedi has plausibly plead that "the failure to intercede HAS been a proximate cause of the harm." Bah v.</mark> City of New York, No. 13-cv-6690 (PKC), 2014 WL 1760063, at *7 (S.D.N.Y. May 1, 2014); accord O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir.1988 )]…and

as in Davis v. *v. Passman*, 442 U.S. 228, 248-49 (1979) (providing a *Bivens* remedy for gender

discrimination under the Fifth Amendment Due Process Clause) – gender , race , nationality

discrimination – because if Trivedi would have been a MALE, WHITE , US CITIZEN – than Judges

would have not terrorized – the same way they did Trivedi. Trivedi suffered the substantial and

continuing injuries and damages as set forth in this complaint.

     326.    Acting within scope of their employment and under color of federal law, all the judges
mentioned in this complaint as PARTIES, are personally involved in this unconstitutional misconduct

against Trivedi .

**21.15.1 Should a judge not disqualify himself, then the judge is violation of the Due Process
Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996)
("The right to a tribunal free from bias or prejudice is based, not on section 144, but on
the Due Process Clause.").**

Judge Saris nor Judge Kelley recused themselves. Nor first circuit considered. Thus Triveid has valid

BIVENS claims for violations.

Trivedi constitutional rights have been violated and that she has no effective means other than the this

lawsuit to vindicate these rights.

**Federal law requires the automatic disqualification of a Federal judge under certain
circumstances.**
     In 1994, the U.S. Supreme Court held that **"Disqualification is required if an objective
observer would entertain reasonable questions about the judge's impartiality**. If a judge's
attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is
unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162
(1994).

     ***Courts have repeatedly held that positive proof of the partiality of a judge is not a
requirement, only the appearance of partiality***. Liljeberg v. Health Services Acquisition Corp., 486
U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its
appearance); United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed
against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of
the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their
judge but rather to promote public confidence in the impartiality of the judicial process.").

     ***Fraud Upon the Court is where the Judge (who is NOT the "Court")*** does NOT support or
uphold the Judicial Machinery of the Court. The Court is an unbiased, but methodical "creature"
which is governed by the Rule of Law... that is, the Rules of Civil Procedure, the Rules of Criminal
Procedure and the Rules of Evidence, all which is overseen by Constitutional law.

[In Trivedi's case there has been no discovery, fact checking, trial , jury—JUDGES have even committed PERJURY – by putting FALSE statements related to what happened in THEIR ORDERS-

## 21.16 IRREPARABLE INJURY, INJUCTION

327.    Monetary damages at a later date ,time would not adequately compensate Trivedi for the injuries Trivedi sustained , are sustaining and will sustain as a result of the events described above and as stated above reasons; such compensation could not be measured.

## 22    PRAYER FOR RELIEF

328.    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of the them.

329.    Damages & Relief for FTCA  :Lost wages, benefits that Trivedi would have received from GE- Monetary damages for loss of career; pain and suffering, Mental and emotional distress,

ongoing injury to Trivedi's reputation, trauma , distress ..Compensatory damages are typically equal

to the monetary value of the injured party's loss of earnings, loss of future earning capacity, pain,

suffering. Thus, courts may award damages for incurred as well as expected losses.

330.    Since my termination, GE knew all the violation  they did and knowingly kept me in distress by withdrawing immigration just so to obstruct me from fighting all these claims/cause of

actions I was entitled too—and now at any point arguing in this LAWSUIT that "it is time barred" In

this time I had to Become Law student and almost like a lawyer by reading Tons of legal material.

For these and **many of such conduct; GE and GE attorneys, DOL people MUST be in JAIL &**

**judges be impeached.**

331.    Relief available under all the cause of actions – mentioned above.

332.    Sarbanes Oxley Act (SOX) 18 U.S.C. §1514A (c) Remedies ;But DOL defendants failure , corruption , negligence, malfeasance, misfeasance , non feasance, inflicting intentionally emotion distress upon Trivedi, harassing her- and other tort claims mentioned above had led to Trivedi not receive any of the remedy under SOX ; which absence FTCA claims –she would have received.

333.    Trivedi is entitled to emotional damages under SOX[17] and ARB, ALJ, OSHA[18] [19]

---

[17] **In Jones v. SouthPeak Interactive Corp., 777 F.3d 658 (4th Cir. 2015)- a SOX plaintiff's entitlement to be made "whole."** award of emotional distress damages.

[18] Emotional damages are available under 18 U.S.C. § 1514A(c). Theoverwhelming majority federal court and agency jurisprudence under the Sarbanes-Oxley Act and federal statutes with similar remedies provisions to § 1514A(c)finds emotional damages to be available.

**knows; but intentionally dismissed case based on timeliness.** For monetary damages against Defendants, and each of them, in an amount sufficient to compensate Plaintiff for loss of income, loss of benefits, loss of use, for emotionaldistress, and for the injury and damage that Defendants have caused to Plaintiff's name and reputation;

334.   Front pay-all the salary she lost since she was illegally terminated.double back pay damages for all violations;Make Trivedi whole again

335.   Monetary damages as per Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]

336.   Damages for emotional distress, economic loss, defamation, intentional infliction of emotional distress.

337.   CLASS ACTION RELIEF

338.   Such other and further relief as the Court may deem just and proper.Award for legal fees as courts may deem just and proper. Issue order in public interest.

## 23  JURY DEMAND

339.   Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

*mjt*

Dated: December 10, 2022

_____,

**Madhuri Trivedi**
/s/ Madhuri Trivedi
607 Boylston Street, PMB 334 - Lower Level,Boston, MA 02116
Phone: (650) 242-5135 Email: orangeinc@protonmail.com
**Twitter** - @madhuritrivd  **Linkedin:**- linkedin.com/in/trivedim
**World summit on innovation and Entrepreneurship** – THE WSIE  summit speaker invite– Great presenter 2019 -   https://thewsie.com/presenters-2019/
**About OrangeHealth** :-( no longer exists, & got killed in this ugly fight)
(visibility report shows potentially reaching 50 million reader)

**PRESS RELEASE-**
**"OrangeHealth Seeking Investors for Mobile App Peer-to-Peer Platform for Managing Diabetes, Other Health Conditions"**
http://www.prnewswire.com/news-releases/orangehealth-seeking-investors-for-mobile-app-peer-to-peer-platform-for-managing-diabetes-other-health-conditions-300477365.html

---

[19] **OSHA investigator manual -B. Emotional Distress / Mental Anguish , Pain and Suffering.**
Compensatory damages are designed to compensate complainants not only for direct pecuniary loss, but also for emotional distress, pain and suffering, loss of reputation, personal humiliation, and mental anguish resulting from the respondent's adverse employment action. Courts regularly award compensatory damages for demonstrated mental anguish or pain and suffering in winning employment retaliation and discrimination cases. Damages for emotional distress and mental anguish may be awarded under all OSHA-administered whistleblower statutes.

SAN FRANCISCO, June 21, 2017 /PRNewswire/ -- Madhuri Trivedi, an engineer, scientist, entrepreneur and immigrant, has launched her new company OrangeHealth and is currently seeking investors for its product. Trivedi is seeking seed funding in the range of $200k to $350k to further launch the app in various geographical areas, add more features, and launch a peer-to-peer platform app for sharing information. The new app will provide peer-to-peer crowd sourced community support with deep learning artificial intelligence (AI) to better manage diabetes.

She also has created and launched a new mobile health improvement app that is already used by more than 6,000 people to manage allergies, find a doctor, is used for predictive analytics for eating habits, and reminders at the time of eating.

"Prevention is key for managing illness like diabetes, but it's just as important that people can gain the information and support," says Trivedi.

"Right now, because of some challenges in my immigration status, while I have the technical support to build the app, I need funding to help with its launch because I am unable to work. The only way to get this app off the ground is through investors willing to support this important work," adds Trivedi.

She wrote heavily about precision medicine in April 2104, received a job offer in 2014 with Harvard Medical to create a cancer vaccine, artificial protein. President Obama in the 2015 State of Union Address, launched precision medicine initiative. Trivedi has been unable to take the Harvard position because of immigration denials and challenges. While at General Electric, Trivedi's labor certificate for immigration was approved as "a person of exceptional ability" EB2 category. GE, however, didn't file the next step so she could work in the U.S.

After leaving GE, with the Harvard medical job offer and her entrepreneurial start-up, Trivedi filed for immigration under "a person of extra-ordinary ability" EB1 category, which DHS denied. Trivedi has a number of letters of support from professionals associated with her scientific and technical work .Trivedi has a long career as an expert in her field. While at Raindance, Trivedi developed the world's first digital-equivalent to personal computer instrument for genome sequencing used for drug discovery in 2009. Here she was part of a 20 people start up that went on to generate hundreds of millions for revenue. Dr. Jonathan Rothberg, founder of the startup, was awarded National Medal of Technology and Innovation by President Obama and made $700 million selling the sister company to Life Technology. Trivedi did not make any money from the sale of the company.

She has made major significant contributions in extraordinary ability and national interest while working at Fortune 10/50 corporations, successful entrepreneurial startups. Only individuals with both exceptional technical ability as well as persistence and commitment can deliver what Trivedi has in a high-risk environment with do or die start up success.

About OrangeHealth

OrangeHealth provides quality and affordable healthcare tools and services through a software portal and peer to peer network. For more information***************END of Press release

## 24  EXHIBITS

340.   Plaintiff realleges, reasserts, and incorporates by reference the facts and Allegations, evidence stated in these EXHIBITS into this complaint.

|   |   | page |
|---|---|---|
| 1 | TIMELINE of events, facts, procedural history | 1 |
| 2 | **Savings provision under Mass. G.L.c. 260, § 32 ; judge Kelley , Saris and first circuit judges have corruptly denied those** | 11 |
| 3 | **SEC.gov cybersecurity rulemaking & Trivedi's comment** | 16 |
| 4 | Background at GE | 26 |

| 5 | EEOC right to sue NOTICE issued in 2021-considering TRIVEDI CHARGE TIMELY | 33 |
|---|---|---|
| 6 | GE's 2 page response to EEOC charge in 2021 | 34 |
| 7 | 2012 Email by Trivedi At GE; ActiveX controls were built without SECURITY update . ActiveX control were required to be built using Visual Studio C++ 2005 or higher and it was June 2012—It shows GE used old, out of date, STONEAGED cybersecurity components. | 36 |
| 8 | my email to Ur Jaddou, USCIS director nominee on May 27, 2021 and within 10 hours, Judge Saris issues 3 lines order to dismiss my case. | 38 |
| 8A | Trivedi emailed arbitration award to Foley & Manfield  that day she received it | 44 |
| 9 | First circuit July filed 2022 - FOR CISA.gov alerts in June 2022 & district court January 2020 | 48 |
| 10 | **ALL other exhibits numbered  10.1 ,10.2 etc** | **54** |
| 11 | When Res Judicata doesn't apply | 65 |
| 12 | Move, Inc. v. Citigroup Global Markets, Inc., - The court of appeals panel held that the plaintiff's motion was not untimely because the Federal Arbitration Act is subject to equitable tolling. | 69 |
| 13 | GE attorney EMAIL -declining public arbitrator Peter David  of Wisconsin workforce development – because arbitration RECORD would become PUBLIC | 71 |
| 14 | **Trivedi's reply to GE response brief for ARB–**<br>**Jack' s magic -- Part II (Dec. 26, 2005) -GE earning management -Was the unit blind-sided or was it straining to deliver the double-digit earnings growth Welch always expected? Was anything illegal done? –**<br>Since 2002, GE has been subject of manufactured earning | 72 |
| 15 | Email- to and from-  Ernst & Young HR investigation about my Ex husband..While Fragomen was the same lawfirm for Ernst & Young when they did my H4 in 2004 ..and domestic violence email was sent to Jenny Scharger in 2013 when GE terminated & withdrew H1. & more..<br>District court has entire history in ECF 143 – First circuit opening brief appendix also has details.<br>On a side note..Michael Rapoport –then WSJ journalist & I were going to have phone talk about my ex sleeping on top of his mom – in 2019—I had told Mike that EY keeping my EX as a BAIT to get GE as an AUDITOR as GE was dumping KPMG after 100 years – and next day he was let go by WSJ…**at that time Mike had written WSJ article about GE's $23 billion charge –which later became GE's $200 million settlement in Dec. 2020 with SEC.gov** | 106 |
| 16 | **June 2021 first circuit filings** –about - FDA approved total 100( 50th in 2014 &  50 more monoclonal antibody from 2015- Trivedi's Harvard medical job offer  in 2014 to work on synthetic protein  - monoclonal antibody – which was part of all filings.& Trivedi MIT vlab event on immunotherapy | 112 |

This release is from FDA.gov - GE's InsiteEXC ongoing till 2022

# Cybersecurity Vulnerabilities in Certain GE Healthcare Clinical Information Central Stations and Telemetry Servers: Safety Communication

## Date Issued: January 23, 2020

The U.S. Food and Drug Administration (FDA) is raising awareness among health care providers and facility staff that cybersecurity vulnerabilities in certain GE Healthcare Clinical Information Central Stations and Telemetry Servers may introduce risks to patients while being monitored.

These devices are used mostly in health care facilities for displaying information, such as the physiologic parameters of a patient (such as temperature, heartbeat, blood pressure), and monitoring patient status from a central location in a facility, such as a nurse's workstation. To date, the FDA is not aware of any adverse events related to these vulnerabilities. Learn more about these vulnerabilities

On November 12, 2019, GE Healthcare issued an "Urgent Medical Device Correction" letter informing consumers of security vulnerabilities for certain GE Healthcare Clinical Information Central Stations and Telemetry Servers, instructions for risk mitigation, and where to find the software updates or patches when they become available.  The following table provides information on the specific versions of the devices that have these security vulnerabilities.

| DEVICE | SOFTWARE VERSION | RECALL INFORMATION |
|---|---|---|
| ApexPro Telemetry Server and CARESCAPE Telemetry Server | 4.2 and earlier | ApexPro (https://www.accessdata.fda.gov/scripts /cdrh/cfdocs/cfRES /res.cfm?id=178163), CARESCAPE (https://www.accessdata.fda.gov /scripts/cdrh/cfdocs/cfres /res.cfm?id=178167) |
| CARESCAPE Central Station (CSCS) version 1 | 1.x | CARESCAPE (https://www.accessdata.fda.gov /scripts/cdrh/cfdocs/cfres /res.cfm?id=178167) |

Top ()

CIC Pro Clinical Information Center        4.x, 5.x                    Central Information Center (CIC)
Central Station version 1                                             (https://www.accessdata.fda.gov
                                                                     /scripts/cdrh/cfdocs/cfRES
                                                                     /res.cfm?id=178165)

**Recommendations for Health Care Providers**

- Work with health care facility staff to determine if a medical device used by a patients may be affected and how to reduce associated risk.

**Recommendations for Health Care Facility Staff (including, Information Technology and Cybersecurity Staff)**

- GE Healthcare will be issuing a software patch to address the vulnerabilities and will notify affected customers to deploy them when the patches are ready. Information about the patches will be posted on the GE Healthcare product security portal (https://securityupdate.gehealthcare.com/) ⬀ (http://www.fda.gov/about-fda/website-policies/website-disclaimer).

- The risk posed by the vulnerabilities can be reduced by segregating the network connecting the patient monitors with the GE Healthcare Clinical Information Central Stations and Telemetry Servers from the rest of the hospital network, as described in the GE Healthcare documentation for these devices.

- Use firewalls, segregated networks, virtual private networks, network monitors, or other technologies that minimize the risk of remote or local network attacks.

**Recommendations for Patients and Caregivers**

- Talk with your health care provider if you have any concerns. The FDA is not aware of any adverse events related to this vulnerability.

**Cybersecurity Vulnerabilities**

A security firm has identified several vulnerabilities in certain GE Healthcare Clinical Information Central Stations and Telemetry Servers, that may allow an attacker to remotely take control of the medical device and to silence alarms, generate false alarms and interfere with alarms of patient monitors connected to these devices.

Health care providers use GE Clinical Information Central Stations and Telemetry Servers to collect and display data from multiple patient monitoring devices. The data includes physiological status (such as temperature, heartbeat, blood pressure), patient demographic

or other nonmedical information.

These vulnerabilities might allow an attack to happen undetected and without user interaction. Because an attack may be interpreted by the affected device as normal network communications, it may remain invisible to existing security measures.

For more information about these vulnerabilities see:

- Department of Homeland Security Cybersecurity Infrastructure Security Advisory (https://www.us-cert.gov/ics/advisories/icsma-20-023-01)
- GE Healthcare Guidance on the Cybersecurity vulnerability (https://www.gehealthcare.com/security) ⧉ (http://www.fda.gov/about-fda/website-policies/website-disclaimer)

**FDA Actions**

The FDA takes reports of cybersecurity vulnerabilities in medical devices seriously and will continue to work with GE Healthcare as the firm develops software patches to correct these vulnerabilities as soon as possible. The FDA will continue to assess new information concerning the vulnerabilities and will keep the public informed if significant new information becomes available. Read more about medical device cybersecurity (https://www.fda.gov/medical-devices/digital-health/cybersecurity)

**Reporting Problems with Your Device**

If you think you had a problem with your device or a device your patient uses, the FDA encourages you to report the problem through the MedWatch Voluntary Reporting Form (https://www.accessdata.fda.gov/scripts/medwatch/index.cfm?action=reporting.home).

Health care personnel employed by facilities that are subject to the FDA's user facility reporting requirements should follow the reporting procedures established by their facilities.

**Questions?**

If you have questions, email the Division of Industry and Consumer Education (DICE) at DICE@FDA.HHS.GOV (mailto:DICE@FDA.HHS.GOV) or call 800-638-2041  or 301-796-7100 .