UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MADHURI TRIVEDI,<br><br>                 Plaintiff,<br><br>        -against-<br><br>GENERAL ELECTRIC COMPANY, *et al.*,<br><br>                 Defendants. | 22-CV-10630 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in Boston, Massachusetts, brought this *pro se* action, invoking numerous federal statutes, including Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17.[1] Plaintiff alleged that her former employer, General Electric Company ("General Electric"), headquartered in Boston, Massachusetts, discriminated and retaliated against her based on her gender and national origin, and wrongfully terminated her employment. Plaintiff also asserted broader claims regarding General Electric, including, *inter alia*, violations of the Securities Exchange Act of 1934, whistleblower retaliation under the Dodd-Frank Act, violations of whistleblower protections under the Sarbanes-Oxley Act, Massachusetts common law and statutory claims, and Wisconsin law claims, many regarding matters she alleges were also related to her termination from General Electric. Further claims were asserted against federal employees, including judges. Because Plaintiff referenced material events occurring in Boston, Massachusetts, where she was employed and where General Electric

---

[1] Plaintiff filed this action on December 14, 2022. On October 3, 2022, Plaintiff filed an action in this court against the same Defendants, asserting the same claims, and by order dated October 5, 2022, the Court transferred that action to the United States District Court for the District of Massachusetts. *See Trivedi v. General Electric Co.*, ECF 1:22-CV-8453, 4 (S.D.N.Y. Oct. 5, 2022).

is headquartered, and did not specify locations (other than Wisconsin, where she was also employed by General Electric) relevant to the other claims, the Court found that venue was not properly laid in this district and transferred Plaintiff's case to the United States District Court for the District of Massachusetts.[2]

Because this is the second time that Plaintiff attempted to litigate these claims in this court, see Trivedi v. General Electric Co., ECF 1:22-CV-8453, 4 (S.D.N.Y. Oct. 5, 2022) (transferring action to the District of Massachusetts), the Court's December 19, 2022, order also warned Plaintiff that, pursuant to 28 U.S.C. § 1651, further duplicative or frivolous litigation in this court would result in an order barring Plaintiff from filing new actions in this court without prior permission. (ECF No. 6.)

On the same date that the Court transferred Plaintiff's action to the District of Massachusetts, Plaintiff filed a "Motion for conference call and hearing with Judge." (ECF No. 5.) On December 21, 2022, Plaintiff also filed a letter motion requesting that the Court: (1) "assign this case either randomly to another judge or to judge Jesse Furman, Judge Katherine"; (2) "reconsider transfer"; and (3) "have a conference call (I filed one motion already yesterday)." (ECF No. 7.) On December 21, 2022, Plaintiff sent several emails and placed several calls to chambers.

---

[2] The Court notes that Plaintiff's broader claims were raised in a prior action that she filed in the District of Massachusetts, see Trivedi v. General Electric Co., 19-CV-11862 (D. Mass. May 27, 2021) (dismissing case against all defendants and denying Plaintiff's motion for preliminary injunction), and in the October 3, 2022, action filed in this court that was transferred to the District of Massachusetts, see Trivedi v. General Electric Co., No. 22-CV-11746 (D. Mass. Dec. 12, 2022) (report and recommendation recommending dismissal of the complaint in its entirety with prejudice.)

## DISCUSSION

Because venue for Plaintiff's claims is improper in this court, and the action has been transferred to the District of Massachusetts (*see* ECF No. 6), the Court denies Plaintiff's motions for reassignment and a conference call as moot and also denies the request for reconsideration. Any further motions or applications that Plaintiff wishes to make must be made in the District of Massachusetts.

The Court directs Plaintiff not to contact chambers. The Court advises Plaintiff that she must contact the court's Pro Se Intake Unit at (212) 805-0175, should she have any procedural questions about her case.[3]

## CONCLUSION

Plaintiff's pending motions (ECF Nos. 5, 7) are denied.

Plaintiff is advised not to contact chambers. Plaintiff may call the court's Pro Se Intake Unit at (212) 805-0175, should she need procedural advice or have any procedural questions about her case.

Plaintiff remains warned that further duplicative or frivolous litigation in this court will result in an order barring Plaintiff from filing new actions in this court without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[3] The employees of this court are not permitted to provide any legal advice.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 21, 2022
New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge