UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADHURI TRIVEDI,

                        Plaintiff,

         -against-

GENERAL ELECTRIC COMPANY, *et al.*,

                      Defendants.

22-CV-10630 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff filed this action *pro se*. On December 19, 2022, the Court transferred Plaintiff's action to the United States District Court for the District of Massachusetts. (ECF No. 6.) On December 22, 2022, Plaintiff filed a letter motion requesting the undersigned's recusal. (ECF No. 9.) On December 28, 2022, Plaintiff filed a second motion requesting the undersigned's recusal. (ECF No. 11.) The Court has jurisdiction to consider Plaintiff's motions because the motions were filed before the District of Massachusetts received the transferred action.[1]

## MOTION FOR RECUSAL

        A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

---

[1] On January 10, 2023, this action was received by the District of Massachusetts and assigned case number 23-CV-10067. By order dated March 29, 2023, the Honorable Lance E. Walker, of that court, dismissed Plaintiff's case. *See Trivedi v. Gen. Elec. Co.*, No. 23-CV-10067 (LEW) (D. Mass. Mar. 29, 2023), *appeal pending*, No. 23-1309.

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (1994).

Here, Plaintiff asserts that the Court's order, transferring Plaintiff's action to the District of Massachusetts is "illegal and is OBSTRUCTION OF JUSTICE."[2] (ECF No. 9 at 1.) She asserts further that "I had thought highly of SDNY court judges – but am very shocked . . . that they are also shady and dishonest." (ECF No. 11 at 2.) Plaintiff alleges, "This is not proper. Thinking to play games because I am Pro se . . . this whole *hit show MUST END." (*Id.*)

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Instead, her filings show that her dissatisfaction lies with the Court's ruling. Accordingly, the appropriate remedy for her concerns lies in the appeals process to the United States Court of Appeals. *See Liteky*, 510 U.S. at 555 (noting that "[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal").

---

[2] The Court quotes the complaint verbatim. All spelling, punctuation and grammar are as in the original.

As there are no grounds requiring the undersigned to recuse herself from this action, the Court denies Plaintiff's motion seeking the undersigned's recusal.

## CONCLUSION

Plaintiff's motions for recusal (ECF Nos. 9, 11) are denied. All other matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 18, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge